UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Terves LLC, ) | |
| ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| vs. ) | |
| ) | |
| Yueyang Aerospace New Materials Co. ) | |
| Ltd. et al., ) | |
| ) | |
| Defendants. ) | |

**Report of Parties' Planning Meeting**
**Under Fed. R. Civ. P. 26(f) and L.R. 16.3(b)**

Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b), a meeting was held on November 5, 2019, and was attended by:

<u>Matthew J. Cavanagh</u> counsel for plaintiff <u>Terves LLC</u>; and

<u>Jordan Sigale and Evan Talley</u> counsel for defendants <u>Ecometal Inc. and Nick Yuan.</u>

2. The parties exchanged the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order on <u>November 19, 2019</u>.

3. The parties recommend the following track: <u>Standard</u>.

4. The parties' positions with regard to ADR:

{8473810: }

<u>The parties do not believe that ADR would be helpful at this time. Depending on what happens during fact discovery, the parties may be open to ADR later in the case</u>

5. The parties <u>do not consent</u> to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

<u>The parties intend to seek discovery on at least the following subjects: patent infringement liability and willfulness, non-infringement, patent invalidity and enforceability, and damages. The parties either have served or intend to serve written discovery requests (e.g., requests for production of documents, interrogatories, and requests for admission). The parties intend to offer expert witnesses at least on infringement, non-infringement, invalidity, and damages.</u>

<u>The parties intend to take third-party discovery by subpoena, and Terves has already started that process. The parties intend to take depositions of fact and expert witnesses.</u>

<u>The nature, extent, and subjects of discovery, as listed above, are preliminary only. As such, the scope of discovery may change as the case and</u>

<u>discovery proceed. The parties will abide by the Federal Rules of Civil Procedure and any applicable Local Rule with respect to limitations on discovery.</u>

(b) The parties have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to the Northern District Ohio Local Rules) and are negotiating slight modifications, and they have agreed to provide by December 18, 2019, the disclosures required by Paragraph 2 of Appendix K.

(c) Non-Expert Discovery cut-off date: <u>Because this case is governed by this Court's Local Patent Rules, the fact discovery cutoff should be 30 days after the Court's claim construction ruling. Attached as Appendix A is a table of Local Patent Rule deadlines that track the Court's Local Patent Rule deadlines as agreed to by the parties.</u>

(d) Initial Expert Report (for issues on which a party bears the burden of proof) due date: <u>Per L.P.R. 5.1, 60 days after Claim Construction Ruling by Court.</u>

Rebuttal Expert Report due date: <u>30 days after initial expert reports.</u>

Expert Discovery cut-off date: <u>100 days after Claim Construction Ruling.</u>

7. Recommended dispositive motion date: <u>10 days after end of expert discovery per Local Patent Rule 6.1.</u>

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: <u>February 10, 2020</u>.

9. Recommended date for a Status Hearing: <u>May 15, 2020</u>.

10. Other matters for the attention of the Court: <u>Because the parties anticipate that confidential and competitively-sensitive information will be exchanged in discovery, the parties are negotiating a stipulated protective order. Defendant Yueyang Aerospace New Materials Co. is a Chinese company. Plaintiff Terves LLC has initiated service of Yueyang under the Hague Convention. Service of process through the Hague Convention typically takes 1-2 years.</u>

| | |
|---|---|
| Dated: November 19, 2019 | Respectfully submitted, |

  s/ Matthew J. Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Terves LLC*

/s/ *Jordan A. Sigale*
Jordan A. Sigale (admitted *pro hac vice*)
Illinois ARDC No. 6210047
**DUNLAP CODDING PC**
225 West Washington St., Ste. 2200
Chicago, IL 60606
Telephone: (312) 651-6744
E-mail: jsigale@dunlapcodding.com

-and-

Evan W. Talley, OK Bar # 22923
(admitted *pro hac vice*)
**DUNLAP CODDING PC**
609 W. Sheridan Avenue1
Oklahoma City, OK 73102
Telephone:    (405) 607-8600
E-mail: etalley@dunlapcodding.com

-and-

Steven J. Forbes (OH 0042410)
**NORCHI FORBES LLC**
Commerce Park IV
23240 Chagrin Blvd., Ste. 210
Telephone:    (216) 514-9500
E-mail: sforbes@norchilaw.com

*Counsel for Defendants Ecometal, Inc. and Nick Yuan*

## Appendix A
### (Table of Local Patent Rule Deadlines)

| EVENT | PROPOSED DEADLINE | LOCAL PATENT RULE |
|---|---|---|
| Initial Infringement Contentions and Accompanying Document Production | 10/30/2019 | LPR 3.1-3.2 |
| Initial Noninfringement Contentions and Accompanying Document Production | 12/9/2019 | LPR 3.3-3.4 |
| Invalidity and Unenforceability Contentions and Accompanying Document Production | 1/6/2020 | LPR 3.5-3.6 |
| Validity and Enforceability Contentions | 1/27/2020 | LPR 3.7 |
| Final Infringement Contentions | 15 days after the Court's Claim Construction ruling | LPR 3.10(b) |
| Final Noninfringement, Invalidity and Unenforceability Contentions | 30 days after the Court's Claim Construction ruling | LPR 3.10(c) |
| Final Validity and Enforceability Contentions | 45 days after the Court's Claim Construction ruling | LPR 3.10(d) |
| Exchange of Proposed Terms for Construction | 1/31/2020 | LPR 4.1(a) |
| Exchange of Final List of Proposed Terms for Construction | 2/19/2020 | LPR 4.1(c) |
| Exchange of Preliminary Claim Constructions and Evidence | 3/5/2020 | LPR 4.2(a)-(b) |
| Exchange of Final Claim Constructions | 4/27/2020 (per LPR 4.2(c), 5 days after completion of expert claim construction) | LPR 4.2(c) |
| Identification of Claim Construction Experts and service of report | 3/20/2020 | LPR 4.3(a) |
| Identification of Rebuttal Claim Construction Experts and service of report | 4/6/2020 | LPR 4.3(b) |
| Completion of Expert Depositions | 4/21/2020 | LPR 4.3(c) |
| Contemporaneous Opening Claim Construction Briefs | 5/12/2020 | LPR 4.4(a) |
| Advice of Counsel |  | LPR 4.8 |
| Contemporaneous Responsive Claim Construction Briefs | 6/11/2020 | LPR 4.4(b) |
| Joint Claim Construction and Prehearing Statement | 6/16/2010 | LPR 4.5 |

{8457633:2 }

| EVENT | PROPOSED DEADLINE | LOCAL PATENT RULE |
|---|---|---|
| Claim Construction Hearing | TBD (per LPR 4.6, 30 days following submission of responsive claim construction briefs, subject to the convenience of the Court's calendar) | LPR 4.6 |
| Close of fact discovery | 30 days after Court's Claim Construction Ruling | LPR 4.7 |
| Initial Expert DIsclosures | 60 days after Court's Claim Construction Rule | LPR 5.1(b) |
| Rebuttal expert disclsoures | 30 days after Initial Expert Disclosures | LPR 5.1(c) |
| Expert deposition deadline | 40 days after Rebuttal Expert DIsclosures | LPR 5.2 |
| End of expert discovery | TBD | |