# UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Terves LLC, | ) |
|               Plaintiff, | ) Case No. 1:19-cv-1611 </br> ) </br> ) JUDGE DONALD C. NUGENT |
| vs. | ) |
| Yueyang Aerospace New Materials Co., Ltd., | ) |
|   and | ) |
| Ecometal Inc., | ) |
|   and | ) |
| Nick Yuan, | ) |
|               Defendants. | ) |

**DEFENDANTS ECOMETAL, INC. AND NICK YUAN'S**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL [DKT. NO. 22]**

Defendants Ecometal, Inc. and Nick Yuan (collectively "the Ecometal Defendants"), respond to Terves LLC's Motion to Compel further discovery, and request that the Motion to Compel be either denied or stricken and the Ecometal Defendants be awarded their fees and costs for Terves's failure to comply with L.R. 37.1.

## ARGUMENT AND AUTHORITY

**a. Terves's Motion to Compel should be stricken because it fails to comply with the requirements of L.R. 37.1**

Local Rule 37.1(a) states:

>  (a) In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.

1

>(1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.
>
>(2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.
>
>(3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
>
>(4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the judicial Officer, who may schedule a hearing on the motion to compel.

Thus, L.R. 37.1(a) contains at least four requirements: (1) "sincere, good faith efforts" to resolve the dispute; (2) certification to the Court of those "sincere, good faith efforts"; (3) potential telephone conference with the Judicial Officer; (4) letters to the Judicial Officer outlining the Parties' respective positions; (5) legal memoranda in support and in opposition to the requested discovery; and (6) hearing. At most, Terves complied with one of those requirements.

Terves's motion to compel recognizes L.R. 37.1,[1] but insists that Terves "complied with its obligation to try and resolve the discovery dispute without Court action under Fed. R. Civ. P. 37 and L.R. 37.1." [Dkt. No. 22-1, at p. 4]. The only requirement of 37.1 for which the Motion to Compel details Terves's potential compliance is that it made a "sincere, good faith effort" to resolve the dispute. While the Ecometal Defendants disagree that Terves engaged in sincere, good faith efforts before filing its motion to compel, even taking that representation at face value, Terves's motion to compel is still completely devoid of the certification required by L.R. 37.1(a)(1). The Motion to Compel does include one certification, but only a certification that the case is on the standard track and the memorandum in support of the motion to compel complies

---

[1] Yet, it appears to confuse L.R. 37.1 and L.R. 37.2. See Dkt. No. 22-1 at fn. 3.

with the 15-page limit. *See* [Dkt. No. 22-1, at L.R. 7.1(f) Certification]. Because of the absence of the L.R. 37.1(a)(1) certification alone, the Motion to Compel should be stricken, and the Ecometal Defendants awarded their fees and costs for having to respond to the Motion to Compel.

With respect to the other requirements of L.R. 37.1, following what is becoming a disturbing pattern in this case, Terves's stated position is essentially that those requirements do not apply to Terves. It goes so far as to argue that—

> While the Local Rule 37.2 (*sic*) contemplates the possibility of a telephonic conference and letters to the Court, the Court's chambers advised the undersigned on December 23 that procedurally, if efforts between the parties to resolve the dispute were unsuccessful, then Terves should raise the issue with the Court by moving for relief on the docket.

The applicable local rule does not just "contemplate" the possibility of a telephonic conference and letters to the Court; those *are explicit requirements of the local rule*. The undersigned is not aware of any alternative procedure – including chambers rules or otherwise -- established by this Court to govern discovery disputes. Taking Terves's counsel's statement for face value that its communications with chambers on December 23 went exactly as stated in the footnote, it is difficult to fathom that "sincere, good faith efforts" would not have included Terves's counsel informing counsel for the Ecometal Defendants following its conference with chambers that this Court thought a procedure than that required by L.R. 37.1 to be the appropriate course.

Terves's counsel certainly had the opportunity to apprise the Ecometal Defendants of that conversation with chambers, as, **that very same day**, counsel exchanged multiple communications regarding discovery matters. First, counsel exchanged ESI Disclosures. (Exhibit A). Terves's counsel submitted its ESI Disclosures after 9:00 p.m. EST, well after it would have conferred with the Court. *Id.* Also on December 23rd, Terves's counsel responded to an email from the undersigned that requested that Terves identify "the third-party lab/consultant/expert who Terves

3

has retained/will retain to conduct an analysis of the samples and their execution of the Acknowledgement of the PO and Agreement to Be Bound." (Exhibit B). Terves's counsel responded to that email that it was still working to identify the third-party lab to conduct the testing, *id.*, but notably failed to inform Ecometal's counsel of its conversation with the Court of the same day. Tellingly, the Motion to Compel does not even mention those exchanges between counsel on December 23rd. Perhaps that is why Terves's counsel was not willing to include an L.R. 37.1 certification with Terves's Motion.

Even after filing the Motion to Compel, Terves's counsel doubled-down on its failure to comply with L.R. 37.1. Within an hour of Terves's filing of this Motion to Compel, the undersigned inquired as to Terves's "reasons for circumventing LR 37.1's procedures for discovery disputes and jumping straight to a motion to compel." (Exhibit C). Terves's counsel responded, insisting that it "did not circumvent any procedures" and that the "issues are well past ripe for a motion to compel." (Exhibit D). The undersigned then pointed out that L.R. 37.1 contains several requirements that must be met before a motion to compel and brief can be filed and asked that the motion to compel be withdrawn until those requirements are met. (Exhibit E).

Terves's blatant contravention of the local discovery rules must not go unpunished. Terves has shown a propensity to ignore this Court's Local Rules. Terves served third-party subpoenas without first notifying opposing counsel, in contravention of Fed. R. Civ. P. 45; it failed to apprise opposing counsel that a certain third party had produced documents in response to a subpoena (until the undersigned inquired whether documents had been produced); Terves's counsel forwarded confidential third-party documents to its client in contravention of Local Patent Rule 2.2; and now, Terves leapfrogged nearly every requirement of L.R. 37.1 to file a premature motion

to compel . For this behavior, the Court should strike Terves's Motion to Compel and the Ecometal Defendants awarded their fees and costs for responding to this motion.

### b. If not stricken, Terves's Motion to Compel is moot because of the current status of the Ecometal Defendants' discovery responses and document production.

As of the filing of this response, the Ecometal Defendants have produced approximately 5,000 pages of documents, including purchase orders, bills of ladings, and invoices with suppliers and customers; supplemented their interrogatory responses to include specific, element-by-element compositions of the Accused Instrumentalities; and continued to make arrangements with Terves's counsel to facilitate production of samples of the Accused Instrumentalities to Terves's third-party consultants. The Ecometal Defendants continue their efforts to obtain information and documents from their manufacturers to more fully respond to Terves's interrogatories. In short, this Motion to Compel is moot. To the extent Terves claimed to be concerned the Ecometal Defendants' discovery efforts will cease if this motion is mooted, the parties will be before this Court on February 28, 2020 for a scheduled status conference. [Dkt. No. 20]. Accordingly, Terves's Motion to Compel should be denied because the Ecometal Defendants have already provided the information and documents Terves seeks through this Motion.

## CONCLUSION

Terves's Motion to Compel should be stricken because it failed to comply with **any** of the requirements of L.R. 37.1. The Ecometal Defendants should also be granted their fees and costs for Terves's failure to comply with those requirements. If not stricken, the Motion to Compel should be denied as moot. Accordingly, the Court should strike or deny Terves's Motion to Compel.

|  |  |
|---|---|
| Dated: January 10, 2020 | Respectfully submitted, |

/s/ *Evan W. Talley*
Evan W. Talley, OK Bar # 22923
(admitted *pro hac vice*)
**DUNLAP CODDING PC**
609 W. Sheridan Avenue
Oklahoma City, OK  73102
Telephone:     (405) 607-8600
E-mail: etalley@dunlapcodding.com

-and-

/s/ *Jordan A. Sigale*
Jordan A. Sigale (admitted *pro hac vice*)
Illinois ARDC No. 6210047
**DUNLAP CODDING PC**
225 West Washington St., Ste. 2200
Chicago, IL 60606
Telephone: (312) 651-6744
E-mail: jsigale@dunlapcodding.com

-and-

Steven J. Forbes (OH 0042410)
**NORCHI FORBES LLC**
Commerce Park IV
23240 Chagrin Blvd., Ste. 210
Cleveland, OH 44122
Telephone:     (216) 514-9500
E-mail: sforbes@norchilaw.com

***ATTORNEYS FOR DEFENDANTS
NICK YUAN AND ECOMETAL INC.***

**CERTIFICATE OF SERVICE**

      I certify that on January 10, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew J. Cavanaugh
David B. Cupar

                                                /s/ *Evan W. Talley*
                                                Evan W. Talley