UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terves LLC, | ) | |
| | ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, | ) | |
| | ) | Judge Donald C. Nugent |
| vs. | ) | |
| | ) | |
| Yueyang Aerospace New Materials Co. Ltd. | ) | Jury Trial Demanded |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

### Second Amended Complaint

For its second amended complaint against defendants Yueyang Aerospace New Materials Co. Ltd., Ecometal Inc., and Nick Yuan (collectively, the "Defendants"), plaintiff Terves LLC ("Terves") states:

### Summary of Case

1.      Terves is a Euclid, Ohio, company that has researched, developed, and patented unique and valuable magnesium-based, dissolvable materials for constructing drilling tools for the oil and gas industry. Making tools out of dissolvable materials allows drillers to leave their tools in underground wells to dissolve and avoids the substantial cost and time of having to retrieve the tools from miles below ground.

2.      Terves owns multiple patents to its dissolvable cast magnesium inventions, including the three patents that it asserts here: U.S. Patent No. 9,903,010 (the "'010 patent"), U.S. Patent No. 10,329,653 (the "'653 patent"), and U.S. Patent No. 10,689,740 (the "'740 patent") collectively the "Terves Patents," which are attached as Exhibits A, B, and C, respectively.

{8975710: }

3.      Defendants are working together to manufacture in China, and then import and sell in the U.S., dissolvable cast magnesium materials that infringe the Terves' patents.

4.      Defendants are able to grossly undercut Terves' prices for dissolvable cast magnesium because Defendants: (a) have reverse-engineered and copied Terves' formulation, so they have no R&D costs to recoup; and (b) are benefiting from the low labor costs, low materials costs, and government subsidies in China.

5.      By importing lower-price, foreign-made, copycat materials, Defendants are severely damaging the Terves' business by causing it to lose customers, sales, and market share and to suffer price erosion.

6.      Because the cast magnesium materials imported into the U.S. by the Defendants, and their method of manufacture, are patented by Terves, Defendants' activities constitute patent infringement.

7.      Terves sues to save its business, to stop Defendants' infringement, and to obtain monetary relief.

## The Parties

8.      Terves is a Nevada limited liability company with a principal place of business in Euclid, Ohio.

9.      Yueyang Aerospace New Materials Co. Ltd. ("Yueyang") is a Chinese company that does business in the U.S. and imports and sells products, including the infringing magnesium materials, in the U.S. According to Yueyang's website

(en.yhalloy.com), its factory address is Jingming RD, Junshan Industrial Zone, Yueyang City, 414005, Hunan, China.

10. Ecometal Inc. ("Ecometal") is a Canadian business corporation that does business in the U.S. and imports and sells products, including the infringing magnesium materials, in the U.S. According to Ecometal's website (ecometalinc.ca), its address is 35 Owl Ridge Drive, Richmond Hill, Ontario L4S 1P8, Canada. This address also is the private residence of Nick Yuan. Mr. Yuan operates his Ecometal business from his residence.

11. Nick Yuan is an individual who resides at 35 Owl Ridge Drive, Richmond Hill, Ontario L4S 1P8, Canada. He owns and operates Ecometal Inc., and he is a principal, and upon information and belief a shareholder, of Yueyang. Mr. Yuan regularly holds himself out in the marketplace and to customers as the "Ecometal" company, and he holds himself out as a representative and principal of Yueyang.

### Jurisdiction and Venue

12. This Court has subject matter jurisdiction over Terves' claims under 28 U.S.C. §§ 1331 and 1338(a) because they arise under federal law and, more specifically, under the U.S. Patent Act, 35 U.S.C. § 1 *et seq*.

13. This Court has personal jurisdiction over Defendants at least because, among other things, they do business in Ohio; have willfully infringed Terves' Patents and intentionally caused tortious harm to Terves in Ohio; have solicited business in Ohio and have offered to sell goods and services in Ohio and to Ohio residents and businesses; and

upon information and belief, have actually sold goods and services in Ohio and to Ohio residents and businesses, including infringing products.

14. Venue is proper under 28 U.S.C. § 1931 at least because Defendants are subject to personal jurisdiction in this district under Ohio law and, therefore, reside in this district according to federal law.

## Relevant Facts

### I. Terves' Rights

15. Terves is a technology leader in the development, engineering, manufacture, and sale of engineered products for the oil and gas industry.

16. At their research facility in Euclid, Ohio, Terves' metallurgists and material scientists have made breakthrough inventions in the oil and gas industry.

17. Most relevant here, Terves is the leader in developing dissolvable materials for making drilling tools, such as frac balls, frac plugs, and other components used in oil and gas well completion and production.

18. Some of Terves' most important inventions are new ways to melt, mix, and cast magnesium to construct dissolvable drilling tools that provide improved control over dissolution rates and increased strength and reliability.

19. Dissolvable drilling tools can be left miles below ground after drilling is done and then dissolved by, for example, injecting a potassium chloride solution into the well. This results in a large time and money savings because the driller need not run a retrieval line miles below the ground to fish out the drilling tools. Thus, there is high demand by the industry for effective dissolvable tooling.

20.     Recognizing Terves' unique and useful inventions, the United States Patent and Trademark Office has issued numerous patents to Terves, including the Terves Patents.

21.     The '010 patent issued on February 27, 2018, is owned exclusively by Terves, and is directed to methods for casting magnesium and controlling its dissolution properties.

22.     The '653 patent issued on June 25, 2019, is owned exclusively by Terves, and is directed to dissolvable magnesium composites.

23.     The '740 patent issued on June 23, 2020, is owned exclusively by Terves, and is directed to dissolvable magnesium composites.

24.     Terves' patented magnesium materials are a breakthrough in the drilling industry. Terves' cast materials achieve better strength and ductility qualities than powder-based dissolvable materials. They offer better control over dissolution rates that allow for quicker dissolution to bring the well to a production state more quickly.

25.     Terves makes and sells materials that are: (a) covered by the '653 and '740 patents, and (b) made by methods claimed by the '010 patent.

## II.    **Defendants' Wrongful Acts**

### A.      **Defendants' Conspiracy to Infringe**

26.     Defendants have agreed and conspired to work together, and are working together, to import, sell, offer to sell, and/or use in the U.S. dissolvable cast magnesium materials that are manufactured by the processes recited in one or more claims of the '010 patent and that have compositions covered by one or more claims of the '653 and '740

patents. Collectively, these dissolvable cast magnesium materials imported by the Defendants are the "Infringing Materials."

27.     The shared goal of the Defendants is simple: make money by infringing and copying Terves' materials, sell them at lower prices, and take business from Terves and others in the market.

28.     The agreement between Yueyang, Ecometal, and Nick Yuan is that Yueyang will manufacture the infringing material and ship it to the U.S., while Mr. Yuan—individually and through his Ecometal business—arranges business deals for the materials to be brought into the U.S., machined into drilling tools or other components, and then sold and resold in chains of distribution to end user drilling companies.

29.     Yueyang is a Chinese business that owns a production facility in Yueyang, China.

30.     Yueyang's China facility includes a furnace and Vertical Direct Chill (VDC) casting machinery.

31.     At its China facility, Yueyang manufactures the Infringing Materials by heating and melting magnesium and magnesium alloys, mixing additives to the melted magnesium and magnesium alloys, and cooling the melted (or partially melted) material in its VDC caster.

32.     Together with Nick Yuan and Ecometal, Yueyang then imports the Infringing Materials into the U.S. where they are machined into drilling tools, such as frac plus and frac balls, and sold through chains of distribution to companies that use the Infringing Materials to drill oil and gas wells.

33.     Yueyang imports, sells, and offers to sell the Infringing Materials in the U.S., either directly or through partners, such as Ecometal and Yuan.

34.     Ecometal is a sole proprietorship, where Mr. Yuan is the sole employee, executive, and manager of Ecometal. He operates and controls every aspect of the business, and he executes all of Ecometal's business activities.

35.     Mr. Yuan alone controls the Ecometal business and performs and directs all of the company's actions, including making all management decisions, deciding what materials to purchase, what business deals to enter into, and what materials to import into the U.S., what prices to charge, and who to buy from and sell to.

36.     By virtue of his ownership of Yueyang and his principal role within the organization, Mr. Yuan has control and influence over Yueyang, and he has used that control and influence to direct Yueyang to manufacture the Infringing Products and then to import, sell, and offer to sell those products in the U.S.

37.     Mr. Yuan has been actively soliciting businesses in the U.S., on behalf of himself, Ecometal, and Yueyang, to have businesses purchase, sell, machine, and/or distribute the Infringing Materials in the U.S.

38.     Among the various U.S. companies and individuals that Defendants work with to distribute and sell Infringing Materials is a Colorado-based company called "Protek Systems LLC."

39.     Protek buys or arranges purchases of Infringing Material from the Defendants and distributes or resells them to others in the U.S., and Protect otherwise

assists and partners with Mr. Yuan and Ecometal to arrange the sale and resale of the Infringing Materials in the U.S.

40. Magnesium Machine, LLC, which does business as "MMP," is an Oklahoma company in Chickasa, Oklahoma, that also assists and partners with Defendants to import, distribute, and resell the Infringing Materials in the U.S.

41. Among other things, MMP further processes and machines the Infringing Materials to make them more market-ready for downstream buyers and resellers.

42. Defendants, MMP, and Protek partner to import the Infringing Materials into the U.S., and to make profit at each stage in the distribution chain from Yueyang to end users.

43. Among other things, Ecometal and Mr. Yuan are ordering or purchasing Infringing Material from Yueyang and directing that it be shipped into the U.S. or facilitating the ordering or purchasing of that material from Yueyang.

44. Import Bills of Lading confirm that Ecometal is involved in the importing of Infringing Material. For example, the Import Bill of Lading attached as Exhibit D shows that 18 cartons of Magnesium alloy extruded round bars were imported from China into the U.S. on February 3, 2019. Upon information and belief, those round bars are Infringing Materials that were manufactured by Yueyang and extruded in China by a third-party or affiliate of Yueyang before shipment.

45. The Bill of Lading identifies "MMP Ecometal" as the Consignee and provides an address in Chickasa, Oklahoma. This document further shows that Ecometal and MMP are working together to import Infringing Material into the U.S.

46.     In 2015, MMP and Protek were attempting to reverse engineer Terves' dissolvable cast magnesium material that was displacing Protek and MMP's carbon fiber composite frac balls.

47.     Upon information and belief, Protek and MMP persisted in trying to reverse engineer Terves' materials and ultimately found individuals or businesses willing to analyze Terves' material, instructed them to reverse engineer it, and then Proteck and MMP used the results of the reverse engineering work to provide specifications or other instructions to Ecometal, Yuan, and Yueyang for each to manufacture or otherwise obtain dissolvable cast magnesium material identical to Terves' patented materials.

48.     Upon information and belief, Ecometal, Yuan, and Yueyang used and continue to use information reverse engineered from Terves' materials to manufacture or otherwise obtain the dissolvable cast magnesium that it imports and sells in the U.S.

**B.     Terves proves infringement**

49.     Since the filing of its original complaint in this action, Terves obtained samples of the Infringing Material from Ecometal.

50.     Terves tested the infringing material and confirmed that it infringes one or more claims of the '653 and '010 patent. Prior to filing the lawsuit, Terves had attempted to obtain or purchase dissolvable cast magnesium from Ecometal for testing to dispositively prove that the material infringes, but Ecometal refused to sell or otherwise provide the material to Terves.

51.     The Infringing Material itself is not available for purchase in the U.S. to the public. Rather, Defendants distribute and sell the Infringing Material in the U.S. only

through specific channels of distribution that are selected and controlled by Defendants and by others downstream from the Defendants.

52.     The specifications, instructions, or formulations used by Defendants to manufacture the Infringing Material are not publicly available and are kept secret by the Defendants.

53.     Terves has issued document subpoenas in this action to third-parties in the downstream chain of distribution that likely have possession of evidence of the Infringing Materials' compositions and methods of manufacture. So far, the third-parties have resisted the subpoenas and refused to turn over formula information or any cast magnesium samples for testing. Thus, this information can only be obtained by compelling it through this Court's discovery power.

54.     Importation records maintained by U.S. Customs show that Yueyang and Ecometal have imported over 190 tons of dissolvable cast magnesium that that was shipped to Magnesium Machine LLC (dba "MMP") in Oklahoma. MMP machines and processes those materials to create dissolvable drilling tools that are sold and/or distributed downstream to drilling companies.

55.     Terves' market intelligence reports that Yueyang has shipped an additional 100 tons of dissolvable magnesium by ship into the U.S. as recently as September 2019.

56.     Terves has obtained samples of dissolvable cast magnesium that originated from China from U.S. resellers. Terves' testing of those samples confirmed that their compositions were covered by one or more claims of the '653 patent and they were manufactured by the methods recited by one or more claims of the '010 patent. Based on

Terves' industry and market knowledge, Yueyang is the most likely source of the material that Terves obtained and that tested positive for infringement of both Terves' patents.

57.     Any further efforts to obtain access to Yueyang's China facility, to records showing how the Infringing Materials are manufactured, or to the Infringing Materials themselves would be futile without the use of this Court's discovery authority to compel disclosure of the information, documents, and things.

58.     Around October 2018, Terves had business discussions with Mr. Yuan. During those discussions, which did not lead to a consummated business deal, Terves disclosed to Mr. Yuan the existence of the '010 patent. Therefore, Defendants have actual knowledge of the '010 patent, and Defendants are willfully infringing the '010 patent.

59.     The Defendants had actual knowledge of the '653 patent by at least August 2018 when the original complaint in this action was served on Ecometal and Mr. Yuan. Despite that actual knowledge, Defendants continue to commit all of the infringing acts identified in this pleading and, thus, are willfully infringing the '653 patent.

60.     Defendants' willful infringement of the Terves' Patents has caused financial harm to Terves and irreparable harm, which will continue unless an injunction issues.

### Count One
*Infringement of the '010 patent*

61.     Terves incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

62.     Yueyang is using the methods recited in one or more claims of the '010 patent to manufacture Infringing Materials at its Yueyang, China facility.

63.    More specifically, and as a non-limiting example, at its China facility, Yueyang performs each of the steps of claim 1 of the '010 patent by: (a) melting magnesium or magnesium alloy in a furnace (*i.e.*, "heating" it "to a point above its solidus temperature"), (b) adding copper, nickel, cobalt, titanium, or iron as an additive (that constitutes about .05 wt % to 45 wt % of the mixture), where the additive has a higher melting point than the magnesium or alloy, and (c) cooling the magnesium composite, where the composite includes in situ precipitation of galvanically-active intermetallic phases.

64.    The Infringing Materials, therefore, are made by Yueyang by a process patented in the United States.

65.    Yueyang has directly infringed, and is directly infringing, the '010 patent under 35 U.S.C. § 271(g) at least by importing, selling, offering to sell, and/or using the Infringing Materials in the U.S., either itself or in partnership with Ecometal.

66.    Ecometal has directly infringed, and is directly infringing, the '010 patent under 35 U.S.C. § 271(g) at least because: (a) it is importing, selling, offering to sell, and/or using the Infringing Materials in the U.S., and (b) it is controlling, directing, and/or participating with Yueyang to import, sell, offer to sell, and/or use the Infringing Materials in the U.S.

67.    Mr. Yuan has directly infringed, and is directly infringing, the '010 patent under 35 U.S.C. § 271(g) at least because: (a) he is personally importing, selling, offering to sell, and/or using the Infringing Materials in the U.S., and (b) he is controlling,

directing, and/or participating with Ecometal and Yueyang to import, sell, offer to sell, and/or use the Infringing Materials in the U.S.

68.   Mr. Yuan has induced infringement of the '010 patent under 35 U.S.C. § 271(b) at least by actively encouraging Yueyang and Ecometal to commit the direct infringement acts identified above, knowing that the acts he induced would result in direct patent infringement and with specific intent that such infringement occur. Mr. Yuan encouraged Yueyang's infringement at least by directing, controlling, and influencing Yueyang to manufacture, import, and sell the Infringing Materials in the U.S., and Mr. Yuan encouraged Ecometal's infringement at least by directing, controlling, and influencing Ecometal to import and sell the Infringing Materials in the U.S.

69.   Furthermore, Mr. Yuan and Ecometal have induced third-parties, such as MMP, to directly infringe the '010 patent under 35 U.S.C. § 271(g) by arranging business deals with or for MMP according to which MMP machines and further processes the Infringing Materials (i.e., "uses" the materials).

70.   Additionally, he methods used by Yueyang to manufacture the Infringing Materials are presumed to have been made by one or more of the processes claimed by the '010 patent under 35 U.S.C. § 295.

71.   Defendants have knowledge of the '010 patent, know that the Infringing Products were manufactured by the processes recited in one or more claims of the '010 patent, and thus their infringement is and continues to be willful and deliberate.

72.   Terves has been and will continue to be damaged by Defendants' infringement in an amount to be determined at trial.

73. Terves has been suffering irreparable harm due to Defendants' infringement and will continue to suffer irreparable harm unless and until Defendants are enjoined by this Court.

## Count Two
*Infringement of the '653 patent*

74. Terves incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

75. The Infringing Materials are covered by one or more claims of the '653 patent. For example, as to claim 1 of the '653 patent, the magnesium materials that Defendants are importing, selling, offering to sell, and using: (a) contain magnesium or a magnesium alloy, (b) have copper, nickel, cobalt, or iron as an additive (that constitutes about .05 wt % to 45 wt % of the mixture), (c) the additive forms a precipitant in the composite, and (d) the magnesium composite has a dissolution rate of at least 5 mg/cm2/hr. in 3 wt % KCl water mixture at 90° C.

76. Yueyang has directly infringed the '653 patent under 35 U.S.C. § 271(a) at least by importing, selling, offering to sell, and/or using the Infringing Materials in the U.S.

77. Ecometal has directly infringed, and is directly infringing, the '653 patent under 35 U.S.C. § 271(a) at least because: (a) it is importing, selling, offering to sell, and/or using the Infringing Materials in the U.S., and (b) it is controlling, directing, and/or participating with Yueyang to import, sell, offer to sell, and/or use the Infringing Materials in the U.S.

78.     Mr. Yuan has directly infringed, and is directly infringing, the '653 patent under 35 U.S.C. § 271(a) at least because: (a) he is personally importing, selling, offering to sell, and/or using the Infringing Materials in the U.S., and (b) he is controlling, directing, and/or participating with Ecometal and Yueyang to import, sell, offer to sell, and/or use the Infringing Materials in the U.S.

79.     Yueyang has induced infringement of the '653 patent under 35 U.S.C. § 271(b) at least because, with knowledge of the '653 patent, it has sold and imported the Infringing Material in the U.S. for others (including Protek, MMP, Ecometal, and others in the distribution chain) to use and resell the Infringing Material, which are acts of direct infringement, with specific intent that they do so.

80.     Ecometal has induced infringement of the '653 patent under 35 U.S.C. § 271(b) at least because, with knowledge of the '653 patent, it has sold and imported the Infringing Material in the U.S. for others (including Protek, MMP, and others in the distribution chain) to use and resell the Infringing Material, which are acts of direct infringement, with specific intent that they do so.

81.     Mr. Yuan has induced infringement of the '653 patent under 35 U.S.C. § 271(b) at least by actively encouraging Yueyang and Ecometal to commit the direct infringement acts identified above, knowing that the acts he induced would result in direct patent infringement and with specific intent that such infringement occur. Mr. Yuan encouraged Yueyang's infringement at least by directing, controlling, and influencing Yueyang to manufacture, import, and sell the Infringing Materials in the U.S.,

and Mr. Yuan encouraged Ecometal's infringement at least by directing, controlling, and influencing Ecometal to import and sell the Infringing Materials in the U.S.

82.  Terves has been and will continue to be damaged by Defendants' infringement in an amount to be determined at trial.

83.  Terves has been suffering irreparable harm due to Defendants' infringement and will continue to suffer irreparable harm unless and until Defendants are enjoined by this Court.

### Count Three
*Infringement of the '740 patent*

84.  Terves incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

85.  The Infringing Materials are covered by one or more claims of the '740 patent. For example, as to claim 19 of the '740 patent, the magnesium materials that Defendants are importing, selling, offering to sell, and using: (a) are magnesium cast composites, (b) contain magnesium or a magnesium alloy, (c) have nickel as an additive material that constitutes at least .01 wt. % of the composite, (d) have in site precipitate that includes the nickel, (e) a plurality of particles of in situ precipitate have a size of no more than 50 μm, and (e) the magnesium composite has a dissolution rate of at least 5 mg/cm²/hr. in 3 wt % KCl water mixture at 90° C.

86.  Yueyang has directly infringed the '740 patent under 35 U.S.C. § 271(a) at least by importing, selling, offering to sell, and/or using the Infringing Materials in the U.S.

87.     Ecometal has directly infringed, and is directly infringing, the '740 patent under 35 U.S.C. § 271(a) at least because: (a) it is importing, selling, offering to sell, and/or using the Infringing Materials in the U.S., and (b) it is controlling, directing, and/or participating with Yueyang to import, sell, offer to sell, and/or use the Infringing Materials in the U.S.

88.     Mr. Yuan has directly infringed, and is directly infringing, the '740 patent under 35 U.S.C. § 271(a) at least because: (a) he is personally importing, selling, offering to sell, and/or using the Infringing Materials in the U.S., and (b) he is controlling, directing, and/or participating with Ecometal, and Yueyang to import, sell, offer to sell, and/or use the Infringing Materials in the U.S.

89.     Yueyang has induced infringement of the '740 patent under 35 U.S.C. § 271(b) at least because, with knowledge of the '740 patent, it has sold and imported the Infringing Material in the U.S. for others (including Protek, MMP, Ecometal, and others in the distribution chain) to use and resell the Infringing Material, which are acts of direct infringement, with specific intent that they do so.

90.     Ecometal has induced infringement of the '740 patent under 35 U.S.C. § 271(b) at least because, with knowledge of the '740 patent, it has sold and imported the Infringing Material in the U.S. for others (including Protek, MMP, and others in the distribution chain) to use and resell the Infringing Material, which are acts of direct infringement, with specific intent that they do so.

91.     Mr. Yuan has induced infringement of the '740 patent under 35 U.S.C. § 271(b) at least by actively encouraging Yueyang and Ecometal to commit the direct

infringement acts identified above, knowing that the acts he induced would result in direct patent infringement and with specific intent that such infringement occur. Mr. Yuan encouraged Yueyang's infringement at least by directing, controlling, and influencing Yueyang to manufacture, import, and sell the Infringing Materials in the U.S., and Mr. Yuan encouraged Ecometal's infringement at least by directing, controlling, and influencing Ecometal to import and sell the Infringing Materials in the U.S.

92.     Furthermore, all Defendants have induced infringement of the '740 patent under 35 U.S.C. § 271(b) and contributed to infringement of the '740 patent under 35 U.S.C. § 271(c) by selling and offering to sell the Infringing Material to downstream customers that use the Infringing Material in, or as part of, a ball, a frac ball, a tube, a plug or other tool component to be used in well drilling or completion operations, with specific intent that they do so, where the Infringing Material is a material part of the invention, the Defendants know the Infringing Material is especially made to be used in such applications, and the Infringing Material is not a staple article or commodity of commerce suitable for substantial noninfringing use.

93.     Terves has been and will continue to be damaged by Defendants' infringement in an amount to be determined at trial.

94.     Terves has been suffering irreparable harm due to Defendants' infringement and will continue to suffer irreparable harm unless and until Defendants are enjoined by this Court.

### **Prayer for Relief**

WHEREFORE, Terves prays for judgment against Defendants as follows:

(A)    A finding that Defendants have each directly infringed one or more claims of the '010 patent under 35 U.S.C. § 271(g).

(B)    A finding that Ecometal and Mr. Yuan have each induced infringement of the '010 patent under 35 U.S.C. § 271(b).

(C)    A finding that Defendants have each directly infringement one or more claims of the '653 patent and '740 patent under 35 U.S.C. § 271(a).

(D)    A finding that Defendants have each induced infringement of one or more claims of the '653 patent and '740 patent under 35 U.S.C. § 271(b).

(E)    A finding that Defendants have each contributed to infringement of one or more claims of the '740 patent under 35 U.S.C. § 271(c).

(F)    Preliminary and permanent injunctive relief enjoining Defendants and their officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others aiding, abetting, or acting in concert or active participation therewith, from: (1) performing any of the methods covered by any of the claims of the '010 patent in the U.S., (2) selling, offering to sell, importing, or using in the U.S. any material manufactured by a method recited in any of the claims of the '010 patent, (3) making, using, selling, offering to sell, or importing in the U.S. any cast magnesium material covered by any of the claims of the '653 patent and '740 patent, or (4) otherwise directly or indirectly infringing the Terves Patents.

(G)    Compensatory damages under 35 U.S.C. § 284.

(H)    Treble damages under 35 U.S.C. § 284.

(I)     An order that Defendants account to Terves for all sales, revenues, and profits derived from their infringing activities and that three times those profits be disgorged and paid to Terves under 35 U.S.C. § 284.

(J)     A finding that Defendants' infringement was willful and exceptional and an award of attorneys' fees and litigation-related expenses under 35 U.S.C. § 285 and the Court's inherent authority.

(K)     Pre-judgment and post-judgment interest.

(L)     Costs of the action.

(M)     Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.


Dated:  July 24, 2020                    s/ Matthew J. Cavanagh
                                  David B. Cupar (OH 0071622)
                                  Matthew J. Cavanagh (OH 0079522)
                                  MCDONALD HOPKINS LLC
                                  600 Superior Avenue, East, Ste. 2100
                                  Cleveland, Ohio 44114
                                  t 216.348.5400 │ f 216.348.5474
                                  dcupar@mcdonaldhopkins.com
                                  mcavanagh@mcdonaldhopkins.com

                                  *Counsel for Terves LLC*

## **Jury Demand**

Plaintiff Terves LLC hereby demands a jury trial for all issues so triable.

   s/ Matthew J. Cavanagh
*Counsel for Terves LLC*