UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terves LLC, | ) | |
| | ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, | ) | |
| | ) | Judge Donald C. Nugent |
| vs. | ) | |
| | ) | |
| Yueyang Aerospace New Materials Co. | ) | |
| Ltd. et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Terves' Supplemental Memorandum to its Motion for Preliminary Injunction**

**I.    Procedural History**

On May 1, 2020, Terves moved for a preliminary injunction ("PI") based on overwhelming evidence that Ecometal Inc. is infringing several claims of Terves' '653 patent. (ECF #30, 31.)

On June 23, 2020, Terves' U.S. Patent No. 10,689,740 (the "'740 patent") issued. (ECF #44-3.)

On July 23, 2020, the Court granted Terves leave to file a second amended complaint to add the '740 patent. (ECF #43.)

Terves filed the second amended complaint on July 24, 2020. (ECF #44.)

**II.    Law and Argument**

**A.    Legal Standard**

As stated in Terves' original PI motion (ECF #30, 31-1), the Court considers the following four factors when deciding whether to issue a preliminary injunction: (1) likelihood of success on the merits, (2) likelihood of irreparable harm to the patent owner

without preliminary relief, (3) the balance of equities between the parties, and (4) the public interest. *Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 629 (Fed. Cir. 2015).

**B.    Ecometal's infringement of the '740 patent further
strengthens Terves' likelihood of success on the merits.**

Dr. Swanger's attached report confirms that the seven different grades of Ecometal material that are defined as "Infringing Grades" in Terves' original PI motion also infringe claims 19, 20, 23, 24, 27, 35, 52, 53, 55, 76, 79, and 80 of the '740 patent (the "'740 Infringed Claims").[1] Dr. Swanger's testing, analysis, and opinions confirm that Terves has a strong likelihood of succeeding in proving that Ecometal infringes the '740 patent.

**C.    The other three preliminary injunction factors
continue to favor an injunction for the same reasons as before.**

Terves adding the '740 patent to the case does not affect the other three preliminary injunction factors. This is because the Ecometal materials that infringe the '740 patent are the very same Ecometal materials that infringe the '653 patent, and the parties are the same. Thus, for all of the same reasons that Ecometal's continuing infringement of the '653 patent threatens irreparable harm against Terves, its infringement of the '740 patent does so as well. Similarly, the balance of the equities and the public interest favor enjoining Ecometal's infringement of the '740 patent for the same reasons they do as to the '653 patent.

---

[1] Although Ecometal infringes other claims of the '740 patent, Terves focuses on these 12 claims to simplify matters for the preliminary injunction phase. Terves reserves its right to assert infringement of the other claims in the '740 patent (as well as the claims asserted here) at summary judgment, trial, and all other stages of the case.

III.     **Conclusion**

Ecometal's infringement of the '740 patent further strengthens the reasons for granting a preliminary injunction. The Court should grant Terves' motion and issue the proposed preliminary injunction order attached hereto.

Respectfully submitted,

Dated:  August 7, 2020

_  s/ Matthew J. Cavanagh_____
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Terves LLC*