UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Terves LLC, ) | |
| ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| vs. ) | |
| ) | |
| Yueyang Aerospace New Materials Co. ) Ltd. et al. | |
| ) | |
| ) | |
| Defendants. ) | |

**Terves' Reply to Defendants' Response to Terves' Supplement
to its Motion for Preliminary Injunction or, Alternatively,
<u>Terves' Renewed Motion for Preliminary Injunction</u>**

Defendant Ecometal Inc.'s and Nick Yuan's (collectively, "Ecometal's") response (ECF #51) to Terves' Supplement to its Motion for Preliminary Injunction or, Alternatively, Terves' Renewed Motion for Preliminary Injunction (ECF #47) ("Terves' supplement") is an attempt to complicate things and delay a ruling on Terves' preliminary injunction motion. The Court should reject it accordingly.

<u>**Argument in Reply**</u>

Ecometal urges this Court to hold Terves' preliminary injunction motion "in abeyance until the outstanding pleadings are substantively answered and the Parties discuss potential claim construction issues." (Response 3, ECF #51.) Ecometal offers no legal or factual basis for doing this. If, as Ecometal contends, it has viable inequitable conduct counterclaims, then it should argue those defenses in its opposition to Terves' supplement. Indeed, Terves served Ecometal more than a year ago on the '653 patent infringement claim, and the facts that Ecometal now claims are the epiphany for its

{9047308:2 }

inequitable conduct counterclaims were publicly available and known that entire time. If Ecometal believes that a defense that it failed to raise for more than a year now is its centerpiece defense to Terves' preliminary injunction motion, then it should file a supplemental opposition and explain that defense (as well as how Ecometal went from not raising it at all to now claiming that it is an important defense).

Whether Terves denies Ecometal's inequitable conduct defenses in an answer or moves to dismiss them under Rule 12(b)(6), Ecometal would still need to argue those defenses and offer supporting evidence in its brief in opposition to an injunction. Thus, there is no good reason need to wait for Terves' response to Ecometal's counterclaim. The pleading and preliminary injunction phases can and should proceed in parallel and Ecometal can explain its defenses in response to Terves' supplement to its preliminary injunction motion.

As to claim construction, there is no need to hold up the preliminary injunction proceeding for formal claim construction on the '740 patent. Terves has moved for preliminary injunction on just 12 of the 103 claims in the '740 patent. Because the '740 patent is related to the '653 patent—the patent on which Terves originally moved for preliminary injunction—they share many of the same claim terms, such as "in situ precipitate," "composite," and "additive material," which have already been fully briefed in claim construction proceedings on the '653 patent. In fact, Ecometal has _not_ identified a single new term in the '740 patent that requires construction. If Ecometal believes that claim construction of a new term in the '740 patent supports a particular argument against preliminary injunction, then Ecometal should argue that in its opposition brief.

There is no law (and Ecometal cites no law) that requires the Court to go through months of formal claim construction proceedings before a preliminary injunction motion can proceed. Indeed, the Federal Circuit recognizes that district courts often make preliminary claim construction rulings for deciding preliminary injunction motions before a more robust claim construction proceeding occurs. *See SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1291 (Fed. Cir. 2005) ("the trial court is free to revisit an initial claim construction adopted for preliminary injunction") (citing *Gilette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1375 (Fed. Cir. 2005)). This is the best approach for this dispute; Ecometal should simply argue any relevant claim construction issues in its opposition brief.

## Conclusion

The Court should deny Ecometal's request to hold Terves' motion in abeyance and order Ecometal to file a supplemental brief in response to Terves' preliminary injunction supplement within 14 days. That brief may, if Ecometal chooses, argue: (a) why Ecometal's inequitable conduct defenses weigh against an injunction, and (b) what claim construction issues on the '740 patent are relevant to Terves' preliminary injunction motion, how Ecometal contends those terms should be construed, and how those proposed constructions affect the infringement or patent validity issues raised by Terves' motion and supplement.

This Court's Local Rules allow 30 days to oppose a motion for preliminary injunction. (*See* L.R. 7.1(d).) Since Terves filed its supplement on August 7, allowing Ecometal 14 days from the time this Court enters a scheduling order should provide more

than the 30 days allowed by Local Rule. This should be more than enough time for Ecometal to respond to the substance of Terves' supplement.

                                                Respectfully submitted,

Dated: August 24, 2020                s/ Matthew J. Cavanagh
                                                David B. Cupar (OH 0071622)
                                                Matthew J. Cavanagh (OH 0079522)
                                                McDonald Hopkins LLC
                                                600 Superior Avenue, East, Ste. 2100
                                                Cleveland, Ohio 44114
                                                t 216.348.5400 │ f 216.348.5474
                                                dcupar@mcdonaldhopkins.com
                                                mcavanagh@mcdonaldhopkins.com

                                                *Counsel for Terves LLC*