UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Terves LLC, ) | |
| ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| vs. ) | |
| ) | |
| Yueyang Aerospace New Materials Co. ) Ltd. et al. | |
| ) | |
| ) | |
| Defendants. ) | |

**Terves' Motion to Extend Deadline to**
**Move, Plead, or Otherwise Respond to Ecometal's Counterclaims**

In accordance with Federal Rule of Civil Procedure 6(b)(1)(A), Terves LLC moves to extend the current August 28, 2020 deadline to move, plead, or otherwise respond to Ecometal Inc.'s and Nick Yuan's (collectively, "Ecometal's") Counterclaims (ECF #49) by 30 days, until September 28, 2020. This is Terves' first request for an extension of this deadline. The good cause for this request is that Terves needs additional time to research the law, research the facts, determine the best strategy for responding to the Counterclaims, and draft a cogent response (either an answer or motion to dismiss).

**I.   Background**

On July 15, 2019, Terves sued on the '653 and '010 patents. (ECF #1.) Terves amended its complaint on October 25, 2019, with more detailed allegations to overcome Ecometal's motion to dismiss. (ECF #13.) Ecometal answered the first amended complaint, did not assert any counterclaims, and did not assert inequitable conduct as a counterclaim or affirmative defense against the '653 or '010 patents. (*See* ECF #17.)

{9061059: }

On May 1, 2020, Terves moved for a preliminary injunction on the '653 patent. (ECF #31.) Ecometal opposed the injunction motion on July 2, 2020. (ECF #40.)

On July 24, 2020, Terves filed its second amended complaint to add the newly-issued '740 patent. (ECF #44.)

On August 7, 2020, Ecometal filed an answer and, for the first time, asserted counterclaims and the inequitable conduct defense against Terves. (ECF #49.) More specifically, Ecometal pleaded counterclaims for: (a) declaratory judgment of inequitable conduct on the '653 patent, (b) declaratory judgment of inequitable conduct on the '010 patent, and (c) declaratory judgment of inequitable conduct on the '740 patent. Ecometal alleges that Terves' inventors and patent counsel purposely did not disclose certain documents to the U.S. Patent Office during prosecution of the patents with deceptive intent. (ECF #49.) Terves denies the allegations and will either answer the Counterclaims with denials or move to dismiss under Rule 12(b)(6).

Per Fed. R. Civ. P. 12(a)(1)(B), Terves' response to the Counterclaims is due 21 days after service, *i.e.*, by August 28, 2020. Terves seeks a 30-day extension of that deadline. Ecometal opposes.

II. <u>**Law and Argument**</u>

Under Fed. R. Civ. P. 6(b)(1)(A), the Court may extend a pleading deadline "for good cause." The good cause for this extension is that Terves has a genuine need for more time to research the law, research the facts, determine the best strategy for responding to Ecometal's counterclaims, and draft a cogent response (either an answer or motion to dismiss).

Ecometal's Counterclaims are lengthy and dense: they contain 80 paragraphs and 20 pages (much of which contains single-spaced block text). The Counterclaims cite a variety of laws, including 37 C.F.R. § 1.56, 37 C.F.R. § 1.98, MPEP 2001.06(c), MPEP 2001.06(a); identify at least four different individual witnesses; describe and quote from Office Actions on patents in the U.S. and in China; contain lengthy characterizations by Ecometal about what happened during patent prosecution of all three patents; and recite various Ecometal theories about what the law requires with respect to patent prosecution.

To evaluate all of this requires more than the 21 days allowed by the Federal Rules, especially because it requires Terves' counsel to study *Thereasense, Inc. v. Beckton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) and caselaw subsequent to that landmark Federal Circuit decision that raised the bar to prove inequitable conduct. Terves' need for more time is further heightened by the continuing disruptions caused by the COVID-19 pandemic, which include changes to work schedules, limited access to the office, challenges with young children who are returning to school (virtually and in-person), and having to work remotely from home.

Granting this extension will not prejudice Ecometal or delay the case. Indeed, Ecometal delayed for a year asserting an inequitable conduct defense against the '653 and '010 patents. The facts alleged by Ecometal under its Counterclaims were publicly known <u>before</u> Terves sued, so Ecometal used Terves amending its complaint as a serendipitous opportunity to belatedly raise defenses that it had waived a year ago. Because Ecometal delayed bringing its Counterclaims for a year, a 30-day extension of Terves' deadline should not pose a genuine problem for Ecometal.

Ecometal says it opposes an extension because it believes that Terves' motion for preliminary injunction should be "held in abeyance" until the pleadings close.[1] The Court should reject this argument for two reasons. First, Ecometal's theory that the injunction motion should wait is legally unsupported and makes no sense. Terves' injunction motion and the pleadings can and should proceed in parallel, as they do in other cases. Whether Terves denies inequitable conduct Counterclaims in an answer or moves to dismiss them, it would not change Ecometal's need to submit argument and evidence on those defenses in opposition to the preliminary injunction motion. This is especially so because inequitable conduct is an affirmative defense that Ecometal double-pleaded as Counterclaims (*See* Answer to 2d Am. Compl., Affirmative Defense #6 & Countercl., ECF #49.) As pleaded affirmative defenses (to which no responsive pleading is required), Ecometal may argue them in opposition to Terves' injunction motion regardless of how Terves responds to the Counterclaims.

Second, Ecometal's opposition to this extension request is not justified by its "hold in abeyance" argument. Whether Ecometal is right or wrong about sequencing the injunction motion and pleadings, it should not affect whether Terves obtains an extension. If Ecometal is wrong and things can proceed in parallel, then an extension would not delay Terves' preliminary injunction motion. If Ecometal is right, then an extension of a pleading deadline would only prejudice Terves by potentially delaying its injunction motion. Either way, Ecometal would suffer no prejudice by an extension.

---

[1] The email chain between counsel for the parties discussing this extension request is attached as Exhibit A.

{9061059: }　　　　　　　　　　　　　　　4

This is Terves' first request for an extension of this deadline. The request is not made to delay or for any improper purpose, but rather is made due to a genuine need for additional time.

### III. **Conclusion**

For the foregoing reasons, the Court should grant Terves until September 28, 2020, to move, plead, or otherwise respond to Ecometal's Counterclaims (ECF #49.)

Respectfully submitted,

Dated: August 28, 2020

   s/ Matthew J. Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Terves LLC*

{9061059: } 5