UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Terves LLC, ) | |
| ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| vs. ) | |
| ) | |
| Yueyang Aerospace New Materials Co. ) Ltd. et al. | |
| ) | |
| ) | |
| Defendants. ) | |

**Terves' Reply Brief in Support of
<u>Motion for Evidentiary Hearing on Preliminary Injunction Motion (ECF #55)</u>**

Defendants Ecometal Inc. and Nick Yuan (collectively, "Ecometal") oppose a preliminary injunction hearing in October 2020, or any time in the near future. (*See* Ecometal Opp. ("Opp."), ECF #56.) According to Ecometal, The Court should pause Terves' injunction motion because "Terves has taken no depositions, filed no reply memorandum, nor have the Ecometal Defendants been given the opportunity to supplement their opposition since the[e] July 23rd status conference." (Opp. at 2.) Ecometal also complains there are open questions as to whether the "preliminary injunction was properly supplemented and whether the court can proceed on the supplemental PI motion before the operative pleadings are set." (Opp. at 3.) Terves replies to each of those arguments below.

    1.    <u>Depositions</u>. The irreparable harm that Ecometal's infringement is inflicting is so great that Terves is willing to forego depositions to speed up the process, with the understanding that it will have an opportunity to cross-examine any Ecometal witness at

{9090323: }

hearing. While Terves would like to take pre-hearing depositions, due to Ecometal's infringement, time and money are luxuries that Terves cannot afford right now.

2. <u>Terves' Reply Brief</u>. There is no need to wait for Terves to file a reply before a hearing is set. As to the '653 patent (the patent on which Terves originally moved for an injunction), Terves will have time to address Ecometal's opposition arguments on the '653 patent prior to hearing, at hearing, or, if the Court permits, in post-hearing briefing. As to the '740 patent (the patent on which Terves supplemented its motion), Ecometal has not filed an opposition brief on the merits of the '740 patent, so there is nothing for Terves to reply to at this time.

3. <u>Ecometal's Opportunity to Respond</u>. As to Ecometal's claim that it has not "been given the opportunity to supplement their opposition since the July 23rd status conference" (Opp. at 2), that is false. Terves filed its supplement over one month ago, on August 7, 2020 (ECF #47). That supplement offered no new evidence, except for Dr. Swanger's opinion that his past testing also proves infringement of the '740 patent. So Ecometal has had over a month to submit evidence, briefing, and legal argument in response to Terves adding the '740 patent to its injunction motion.

Ecometal has not requested a second deposition of Dr. Swanger regarding the '740 patent, and Ecometal previously deposed him about the '653 patent and on his testing of Ecometal's products (the same testing on which he bases his '740 patent opinion). Ecometal apparently has done nothing since Terves' August 7 filing, and wants to continue coasting until an October 1, 2020 status conference. When the Court set the October 1 status conference, however, the understanding was that everything would be

done by then, not that Ecometal could sit idle until then and only begin responding to Terves' '740 patent injunction submission <u>after</u> the October 1 hearing. If it was the latter, then the Court would have set a conference 30 days out or less. The Court should reject Ecometal's attempt to further delay this case.

4. <u>Proprietary of Supplementing with '740 Patent</u>. Ecometal's claim that it is unclear whether Terves' supplement was proper is bogus. Ecometal already has agreed, ***explicitly in fact***, that it was proper for Terves to supplement is preliminary injunction motion with the '740 patent. In its August 19, 2020 response to Terves' supplement, Ecometal stated: "the Ecometal Defendants do not object to Terves' request to supplement its preliminary injunction motion …" (Resp. at 2, ECF #51.)

5. <u>Status of Pleadings</u>. Ecometal's assertion that Terves must respond to its inequitable conduct counterclaims before the preliminary injunction motion may proceed is unsupported by law, and hence Ecometal cited no law to support that argument. There is no legal or practical reason why Terves' injunction motion cannot proceed concurrently with the pleadings.

For these reasons, Terves respectfully asks that the Court set Terves' motion for preliminary injunction for hearing in October 2020 or as soon as practicable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  September 11, 2020 |   s/ Matthew J. Cavanagh<br>David B. Cupar (OH 0071622)<br>Matthew J. Cavanagh (OH 0079522)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 │ f 216.348.5474<br>dcupar@mcdonaldhopkins.com<br>mcavanagh@mcdonaldhopkins.com<br><br>*Counsel for Terves LLC* |