UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Terves LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. **1:19-cv-1611** |
| | ) | |
| vs. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| Yueyang Aerospace New Materials Co., Ltd., | ) | |
| and | ) | |
| Ecometal Inc., | ) | |
| and | ) | |
| Nick Yuan, | ) | |
| Defendants. | ) | |

**DEFENDANTS ECOMETAL, INC. AND NICK YUAN'S
REQUEST FOR CLARIFICATION ON PRELIMINARY
INJUNCTION PROCEEDINGS AND BRIEFING ON SUPPLEMENT**

Pursuant to the status conference conducted on October 1, 2020, Defendants Ecometal, Inc. and Nick Yuan (collectively "Ecometal"), request clarification on the preliminary injunction proceeding and briefing schedule on Plaintiff's supplement to their motion for preliminary injunction.

Terves filed a motion for preliminary injunction on April 30 [Dkt. No. 29], and filed a corrected version thereof on May 1, 2020 [Dkt. No. 301. Although Terves's original complaint alleged infringement of U.S. Patent Nos. 9,903.010 and 10,329,653, its PI Motion was solely based on Ecometal's alleged infringement of 10 claims (2 independent and 8 dependent claims) of the '653 Patent. As the disputed claim terms contained in the claims asserted in the original PI Motion from the '653 patent were already the subject of the parties' claim construction briefing due to be

1

completed on August 12, 2020 (before the Parties contemplated the briefing would be complete on Terves's PI Motion), the Ecometal Defendants agreed on a preliminary-injunction-related briefing schedule that allowed Ecometal time to depose Terves's infringement expert and then set Ecometal's PI-response deadline as July 2, 2020 and set Terves's reply deadline for two weeks following Terves's completion of PI-related discovery. Ecometal timely submitted their response in opposition to Terves's PI Motion on July 2, 2020. [Dkt. No. 40].

On July 20, 2020, counsel for Terves notified the undersigned that Terves intended to seek leave to amend its complaint and to amend/supplement its PI Motion to assert a new patent, U.S. Patent No. 10,689,740. All counsel met with the Court on July 23, 2020 to discuss, amongst other things, Terves's request for leave to amend its complaint to allege infringement of the '740 Patent and possible supplementation of Terves's already-pending PI Motion. On that telephonic conference, Ecometal consented to Terves amending its complaint to add the '740 Patent, but expressed that it did not know whether supplementation of the pending PI Motion to add a new patent and ground for infringement was procedurally proper, particularly given that Ecometal had already filed its response to Terves's original, still-pending PI Motion. The Court's minutes explicitly noted that Plaintiff's filing of an amended complaint might mean that Plaintiff needed to file a whole new motion for preliminary injunction:

> Telephonic status held w/ all counsel participating — There is a pending Motion for a Preliminary Injunction w/ response filed — Terves still needs to file a Reply, but needs to take several depositions as well as bring a new Patent (740) into this case by filing an Amended Complaint and Supplement Motion for Preliminary Injunction
> (P) granted leave to file an Amended Complaint to add the 740 Patent
> Status set 10/1/20 @ 9:00AM
> (P) may need to file an amended Preliminary Injunction motion due to filing Amended Complaint. If so, original Preliminary Injunction motion would be mooted.
> All counsel notified of this ORDER
>
> /s/ Donald C. Nugent 7/23/20
> United States District Judge
>
> Length of Proceeding: 30 Min

[Dkt. No. 43]. While not specifically reflected in the Court's minutes, the undersigned's recollection is that the Court asked Terves to provide authority for whether or not it would need to file a new PI Motion after amending its complaint to add a whole new patent to the case. The Court's minutes further stated that Terves was still anticipating conducting PI-related discovery and filing a reply in support of their motion. *Id.*

Terves subsequently filed a Second Amended Complaint [Dkt. No. 44].

On August 7, 2020, Terves filed what it styled as a "supplement" to its PI Motion, which did not address or provide any authority whatsoever about the effect of the new complaint and new grounds for infringement on a pending and already responded-to PI-Motion. [Dkt. No. 47]. Terves's PI Motion "Supplement" asserted 12 new patent claims (1 independent and 11 dependent)

3

from the newly added patent, supported by a two-and-half page memo, 11-page expert report (directed solely to the '740 Patent) and 11 pages of charts purporting to provide an element-by-element analysis of infringement.

On August 7, 2020, the Ecometal Defendants timely answered Terves's Second Amended Complaint (including its allegations of infringement under the newly asserted '740 Patent) and asserted new counterclaims of inequitable conduct against the '740, '010 and '653 Patents. [Dkt. No. 49].

On August 19, 2020, Ecometal responded to the PI Motion "Supplement" stating that:

> [T]he Ecometal Defendants do not object to Terves's request to supplement its preliminary injunction motion nor to Terves's supplemental briefing and expert affidavit (already attached to Terves's Motion). However, in response to Terves's supplemental addition of a whole new patent to the PI Motion (and the case), **the Ecometal Defendants request permission to file a supplemental opposition** to address Terves's new infringement claims under the '740 Patent (for which the Parties have not briefed, let alone even discussed any potential claim construction issues).

[Dkt. No. 51, pp. 2 (emphasis added)]. Terves replied on August 24, 2020. In the conclusion to that reply Terves specifically asks the Court to "order Ecometal to file a supplemental brief within 14 days . . . . Since Terves filed its supplement on August 7, allowing Ecometal 14 days from the time this Court enters a scheduling order should provide more than the 30 days allowed by Local Rule." [Dkt. No. 52, pp. 3–4]. The Court has yet to issue the Scheduling Order requested by Terves on its supplemental PI motion.

On September 4, 2020, Terves moved for an evidentiary hearing on its PI Motion [Dkt. No. 55], even though the Court had not entered the Scheduling Order requested by Terves, Terves had conducted no further discovery, nor filed any reply addressing Ecometal's opposition to the original PI Motion. Ecometal responded to Plaintiff's request for evidentiary hearing by stating that the PI Motion was not ripe because of the procedural issues laid out above. [Dkt. No. 56].

4

While Terves is certainly entitled to forgo conducting discovery or filing any reply, Ecometal is still waiting for the permission it requested from the Court (and Terves agreed should be ordered) to file opposition papers directed to the '740 Patent—in addition to the opposition papers the Ecometal Defendants had already filed on Terves's PI Motion. Ecometal is prepared—and has been prepared—to conduct a supplemental deposition of Dr. Swanger and to submit a supplemental brief within the 14 days (suggested as appropriate by Terves), but has refrained from doing so awaiting an order from the Court.

Dated: October 1, 2020

Respectfully submitted,

/s/ *Evan W. Talley*
Evan W. Talley, OK Bar # 22923
(admitted *pro hac vice*)
**DUNLAP CODDING PC**
609 W. Sheridan Avenue
Oklahoma City, OK 73102
Telephone: (405) 607-8600
E-mail: etalley@dunlapcodding.com

-and-

/s/ *Jordan A. Sigale*
Jordan A. Sigale (admitted *pro hac vice*)
Illinois ARDC No. 6210047
**DUNLAP CODDING PC**
225 West Washington St., Ste. 2200
Chicago, IL 60606
Telephone: (312) 651-6744
E-mail: jsigale@dunlapcodding.com

-and-

Steven J. Forbes (OH 0042410)
**NORCHI FORBES LLC**
Commerce Park IV
23240 Chagrin Blvd., Ste. 210
Cleveland, OH 44122
Telephone: (216) 514-9500
E-mail: sforbes@norchilaw.com

***ATTORNEYS FOR DEFENDANTS
NICK YUAN AND ECOMETAL INC.***

# CERTIFICATE OF SERVICE

I certify that on October 1, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew J. Cavanaugh
David B. Cupar
Andrew Gordon-Seifert

/s/ *Evan W. Talley*
Evan W. Talley