UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Terves LLC, | ) | |
|---|---|---|
| | ) | Case No. <u>1:19-cv-1611</u> |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| Yueyang Aerospace New Materials Co., Ltd., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Ecometal Inc., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Nick Yuan, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS ECOMETAL, INC. AND NICK YUAN'S REPLY IN SUPPORT OF REQUEST FOR CLARIFICATION ON PRELIMINARY INJUNCTION PROCEEDINGS AND BRIEFING ON SUPPLEMENT

Defendants Ecometal, Inc. and Nick Yuan (collectively "Ecometal"), reply in support of their request for clarification on the preliminary injunction proceeding and briefing schedule on Plaintiff's supplement to their motion for preliminary injunction.

First, at today's status conference, Ecometal did mention a need to depose Dr. Swanger over his opinions regarding Ecometal's alleged infringement of the '740 Patent.

Second, there was no need to take that supplemental deposition of Dr. Swanger unless and until the Court determined that the allegations of infringement of certain claims of the '740 Patent would be included in Terves's presently-pending motion for permanent injunction.

Third, Dr. Swanger's supplemental report over Eceomtal's alleged infringement of the '740 Patent offers alleged testing results and an opinion that the accused Ecometal products meet

1

a claim term, i.e. "a plurality of particles of said in situ precipitate having a size of no more than 50 µm," that does not appear in the '653 Patent and, thus, was not included as part of Dr. Swanger's infringement opinion contained in his original report submitted in support of Terves's PI Motion. Thus, the need for a supplemental deposition of Dr. Swanger.

Fourth, Ecometal stated that it "is prepared—and has been prepared—to conduct a supplemental deposition of Dr. Swanger and to submit a supplemental brief within the 14 days (suggested as appropriate by Terves), but has refrained from doing so awaiting an order from the Court." [Dkt. No. 59, p. 5]. Again, Ecometal was not going to expend resources deposing Dr. Swanger and preparing a supplemental brief over a patent that the Court had not determined was going to be included in the pending PI Motion proceeding. As a sign that it is not delaying these proceedings, Ecometal has agreed to complete those tasks on the 14-day schedule proposed by Terves in its August 24, 2020 filing.

Dated: October 1, 2020

Respectfully submitted,

/s/ *Evan W. Talley*
Evan W. Talley, OK Bar # 22923
(admitted *pro hac vice*)
**DUNLAP CODDING PC**
609 W. Sheridan Avenue
Oklahoma City, OK 73102
Telephone: (405) 607-8600
E-mail: etalley@dunlapcodding.com

-and-

/s/ *Jordan A. Sigale*
Jordan A. Sigale (admitted *pro hac vice*)
Illinois ARDC No. 6210047
**DUNLAP CODDING PC**
225 West Washington St., Ste. 2200
Chicago, IL 60606
Telephone: (312) 651-6744
E-mail: jsigale@dunlapcodding.com

-and-

Steven J. Forbes (OH 0042410)
**NORCHI FORBES LLC**
Commerce Park IV
23240 Chagrin Blvd., Ste. 210
Cleveland, OH 44122
Telephone:     (216) 514-9500
E-mail: sforbes@norchilaw.com

***ATTORNEYS FOR DEFENDANTS
NICK YUAN AND ECOMETAL INC.***

# **CERTIFICATE OF SERVICE**

I certify that on October 1, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew J. Cavanaugh
David B. Cupar
Andrew Gordon-Seifert

/s/ *Evan W. Talley*
Evan W. Talley