# Exhibit A

Trials@uspto.gov  Paper 9
571-272-7822  Date: March 1, 2021

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

ECOMETAL INC.,
Petitioner,

v.

TERVES, LLC,
Patent Owner.

_____

IPR2020-01620
Patent 10,329,653 B2

_____

Before JO-ANNE M. KOKOSKI, JON B. TORNQUIST, and
AVELYN M. ROSS *Administrative Patent Judges.*

ROSS, *Administrative Patent Judge*.

DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314, 37 C.F.R. § 42.4*

IPR2020-01620
Patent 10,329,653 B2

## I. BACKGROUND

Ecometal Inc. ("Petitioner") filed a Petition (Paper 1, "Pet.") requesting an *inter partes* review of claims 1, 4, 5, 7, 8, 11, 12, 13, 25, 29, 33, 37, 41, 43, 45, 49, 55, 69–71, 73, and 74 of United States Patent No. 10,329,653 B2 (Ex. 1001, "the '653 patent"). Terves, LLC ("Patent Owner") filed a Preliminary Response (Paper 5, "Prelim. Resp.") to the Petition. With authorization, Petitioner subsequently filed a Reply (Paper 7, "Reply") and Patent Owner filed a Sur-reply (Paper 11, "Sur-reply") addressing whether review of the Petition is barred by 35 U.S.C. § 315(b).

We have authority to determine whether to institute an *inter partes* review. 35 U.S.C. § 314 (2018); 37 C.F.R. § 42.4(a) (2019). The standard for institution is set forth in 35 U.S.C. § 314(a), which provides that an *inter partes* review may not be instituted "unless the Director determines . . . there is a reasonable likelihood that the petitioner would prevail with respect to at least [one] of the claims challenged in the petition." Moreover, pursuant to 35 U.S.C. § 315(b), "[a]n *inter partes* review may not be instituted if the petition requesting the proceeding is filed more than [one] year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent."

After considering the parties' arguments and evidence, and for the reasons set forth below, we determine that the Petition was filed more than one year after the date on which Petitioner was served with a complaint alleging infringement of the '653 patent. Accordingly, the Petition is *denied*.

IPR2020-01620
Patent 10,329,653 B2

### A. Real Parties in Interest

Petitioner identifies Ecometal Inc., Mr. Nick Yuan, Magnesium Machine, LLC, Magnesium Materials, LLC, and Magnesium Holdings, LLC as real parties in interest. Pet. 1.

Patent Owner identifies Terves, LLC as a real party in interest. Paper 8, 1.

### B. Related Matter

Both parties identify *Terves, LLC v. Yueyang Aerospace New Materials Co. Ltd. et al.*, Case No. 1:19-cv-1611-DCN (N.D. Ohio) as a related matter ("the district court litigation"). Paper 8, 1; Pet. 1. Although neither party identifies *Ecometal v. Terves*, IPR2020-01621 as a related matter, we observe that it involves the same parties and the challenged patent is similarly asserted in the district court litigation.

### C. The '653 Patent

The '653 patent is directed to a "novel magnesium composite for use as a dissolvable component in oil drilling." Ex. 1001, 1:13–14. According to the '653 patent, it is important to control the dissolution of certain down hole well components that are used as "non-drillable completion tools, such as sleeves, frac balls, hydraulic actuating tooling, and the like." *Id.* at 1:18–21.

> In one non-limiting embodiment, the present invention is directed to a ball or other tool component in a well drilling or completion operation such as, but not limited to, a component that is seated in a hydraulic operation that can be dissolved away after use so that no drilling or removal of the component is necessary. Tubes, valves, valve components, plugs, frac balls, and other shapes and components can also be formed of the novel magnesium composite of the present invention.

3

IPR2020-01620
Patent 10,329,653 B2

*Id.* at 1:53–61. The novel magnesium composite includes at least 50 wt. % magnesium but less than about 99.5 wt. % magnesium. *Id.* at 15:60–63. One or more additives may be added to the magnesium, which "can be selected and used in quantities so that galvanically-active intermetallic or insoluble precipitates form in the magnesium or magnesium alloy while the magnesium or magnesium alloy is in a molten state and/or during the cooling of the melt." *Id.* at 15:66–16:4. The '653 patent explains that through this process, "a specific galvanic corrosion rate in the entire magnesium composite and/or along the grain boundaries of the magnesium composite" can be achieved. *Id.* at 16:16–19.

### D. Illustrative Claim

Claim 1 is illustrative of the challenged claims and is reproduced below:

> 1. A magnesium composite that includes in situ precipitation of galvanically-active intermetallic phases to enable controlled dissolution of said magnesium composite, said magnesium composite comprising a mixture of magnesium or a magnesium alloy and an additive material, said additive material having a greater melting point temperature than a solidus temperature of said magnesium, said additive material constituting about 0.05 wt. %–45 wt. % of said mixture, said additive material forming precipitant in said magnesium composite, said additive material includes one or more metals selected from the group consisting of copper, nickel, iron, and cobalt, said magnesium composite has a dissolution rate of at least 5 mg/cm2/hr. in 3 wt. % KCI water mixture at 90° C.

Ex. 1001, 18:57–19:3.

### E. Prior Art and Asserted Grounds

Petitioner asserts that claims 1, 4, 5, 7, 8, 11, 12, 13, 25, 29, 33, 37, 41, 43, 45, 49, 55, 69–71, 73, and 74 of the '653 patent would have been unpatentable on the following grounds:

4

IPR2020-01620
Patent 10,329,653 B2

| Claims Challenged | 35 U.S.C. § | Reference(s)/Basis |
|---|---|---|
| 1, 4, 5, 11, 29, 37, 41, 43, 45, 49, 69, 70, 73 | 102 | Xiao[1] |
| 8, 25, 33, 55, 74 | 102 or 103 | Xiao |
| 7, 12, 13, 71 | 103 | Xiao, Hassan[2] |

## II. ANALYSIS

### A. *Factual Background*

The general facts of this case are not disputed by the parties. On July 15, 2019, Terves, LLC filed a complaint in the United States District Court for the Northern District of Ohio ("district court") alleging infringement of the '653 patent and naming Ecometal Inc. and Nick Yuan as defendants. Ex. 2001. On July 16, 2019, the clerk of the district court issued a signed summons to Ecometal Inc. (Petitioner) and Nick Yuan (real party in interest for Petitioner) bearing the seal of the district court. Exs. 2002, 2003.

Ecometal Inc. and Nick Yuan are, respectively, a foreign corporation and an individual located in Canada. Pet. 1. On July 17, 2019, counsel for Patent Owner sent letters to the Ministry of the Attorney General of Ontario, Canada, requesting service of process of Ecometal Inc. and Mr. Yuan pursuant to the Hague Convention. Exs. 2004, 2006. These letters indicate that Patent Owner sought service of process of the complaint (with Exhibits A–B) and the Summons. *Id.*

---

[1] CN 103343271A, published October 9, 2013 (Ex. 1004). Petitioner however provides citations to the certified translation of Xiao (Ex. 1006).
[2] Hassan, S.F., Gupta, M. Development of high strength magnesium based composites using elemental nickel particulates as reinforcement. *Journal of Materials Science* 37, 2467–2474 (2002) (Ex. 1007).

5

IPR2020-01620
Patent 10,329,653 B2

      Exhibit 2005 is a signed Request for Service Abroad of Judicial or Extrajudicial Documents and requests service of Ecometal Inc. at "35 Owl Ridge Drive, Richmond Hill, Ontario L4S 1P8, Canada." Ex. 2005. The list of documents requested to be served were the "Complaint and Exhibits A–B" and "Summons in a Civil Action." *Id.* Exhibit 2007 is a signed Request for Service Abroad of Judicial or Extrajudicial Documents and requests service on Nick Yuan at "35 Owl Ridge Drive, Richmond Hill, Ontario L4S 1P8, Canada." Ex. 2007. The list of documents requested to be served were the "Complaint and Exhibits A–B" and "Summons in a Civil Action." *Id.*

      Exhibits 2010 and 2011 are Certificates attesting that on August 13, 2019, service of documents was made on Nick Yuan[3] at "35 Owl Ridge Dr., Richmond Hill," pursuant to Articles 5 and 6 of the Hague Convention. Exs. 2010, 2011. In both Certificates, under the section "Documents Returned," the signatory indicated "See Attached." *Id.*

      On August 30, 2019, counsel for Petitioner asked Patent Owner's counsel by email "whether you intend to file an Affidavit of Service for Ecometal and Yuan as you did with Thompson Aluminum in that case. If not, I'd like to know what your records say re when and how service was effected." Ex. 1011, 2. On September 3, 2019, Patent Owner agreed to extend the deadline for filing defendants' answer and noted it was agreeing to a shortened extension for defendants to raise objections under Federal Rules of Civil Procedure 12(b)(4) and (b)(5) "because, with Canadian defendants, we need to know if defendants' contest service sooner rather than later." *Id.* at 1.

---

[3] Mr. Yuan is the president of Ecometal. Prelim. Resp. 1. Petitioner does not contest that service of the complaint upon Mr. Yuan was sufficient to demonstrate service upon Ecometal. *See generally* Pet., Reply.

6

IPR2020-01620
Patent 10,329,653 B2

On September 3, 2019, Petitioner filed its unopposed motion for an extension of time to answer or otherwise respond to the complaint. Ex. 1010. In this motion, Petitioner requested an extension of up to seven days "to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(4)–(5) for insufficient process and/or insufficient service of process" and "an extension of time of up to thirty (30) days . . . within which to answer or otherwise respond . . . to the Complaint." *Id.* at 1.

On October 4, 2019 (the date on which the 30-day extension expired), Petitioner filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Ex. 2013. Petitioner did not, however, move to dismiss the complaint for insufficient process or service of process under Fed. R. Civ. P. 12(b)(4)–(5) by September 11, 2019 (the expiration of the agreed-upon seven day extension for filing such a motion). Ex. 2013. Nor did Petitioner raise any defense based on alleged insufficient process or service of process in its October 4, 2019 responsive pleading, or in its later-filed Answer. Exs. 2014, 2015.

About ten months later, on August 11, 2020, counsel for Petitioner again requested affidavits of service from Patent Owner. Ex. 1011, 5. On August 21, 2020, Patent Owner's counsel provided photocopies of the certificates of service for Mr. Yuan and Ecometal. *Id.* On September 11, 2020, Petitioner filed this Petition. Pet. 66; Paper 3 (Notice of Filing Date).

*B. Analysis*

As noted above, the Petition was filed on September 11, 2020. Pet. 66; Paper 3. Thus, the Petition is barred under 35 U.S.C. § 315(b) if Petitioner was properly served with a complaint alleging infringement of the '653 patent prior to September 11, 2019.

7

IPR2020-01620
Patent 10,329,653 B2

### 1. The Parties' Arguments

Petitioner admitted in its Answer to the district court complaint that it was "served with an original complaint . . . in or around August 2019" (Ex. 2015, 14 (¶ 58)) and further admits in the Petition that Ecometal and Mr. Yuan "were delivered a copy of the Summons and Complaint at Mr. Yuan's residence in Ontario, Canada on August 13, 2019." Pet. 1–2. Petitioner contends, however, that both Petitioner and Mr. Yuan "immediately disputed that service was proper" and "requested proof of service and supporting documentation from Patent Owner." *Id.* at 2. According to Petitioner, Patent Owner never provided the requested proof, did not "file any proof of service with the district court," and never actually "challenged Petitioner's belief that service was insufficient." *Id.* at 2. "Ultimately," however, "to move the Related Litigation forward, on September 11, 2019, Petitioner and Mr. Yuan decided to waive their challenge to Patent Owner's improper service." *Id.* Petitioner identifies this date as the "operative service date under 35 U.S.C. § 315(b)." *Id.* at 3 (citing *Game & Tech. Co. v. Wargaming Grp. Ltd.*, 942 F.3d 1343 (Fed. Cir. 2019)).

Patent Owner contends that the service Certificates "issued by the Canadian Ministry of the Attorney General" "unequivocally" demonstrate that Ecometal and Mr. Yuan were properly served with the complaint in accordance with the Hague Convention on August 13, 2019. Prelim. Resp. 2–3 (citing Exs. 2010, 2011). Patent Owner further contends that Petitioner has waived any challenge to the sufficiency of process by failing to file a timely motion under Rules 12(b)(4) or (b)(5) of the Federal Rules of Civil Procedure. *Id.* at 5, 11–12 (citing Fed. R. Civ. P. 12(h)(1)). Finally, Patent Owner contends that Petitioner's decision to not file a motion to

8

IPR2020-01620
Patent 10,329,653 B2

dismiss by September 11, 2019, challenging the sufficiency of service of process is not a waiver of service under Fed. R. Civ. P. 4(d), and that Petitioner's argument to the contrary conflates two distinct concepts—waiver of Rule 12(b)(4) and (5) defenses and waiver of service of process under Rule 4(d). *Id.* at 11–12. According to Patent Owner, Rule 4(d) invokes a specific process in which a plaintiff formally requests that a defendant waive service of a summons, which process and rule is irrelevant here because defendants and Petitioner were *actually* served on August 13, 2019 under other applicable provisions of Rule 4. Sur-reply 6.

In its Reply, Petitioner argues that, unless service is waived, "proof of service must be made to the court," yet Patent Owner has still not filed any service documents with the district court. Reply 3–4. According to Petitioner, this is similar to the facts in *Macauto U.S.A. v. BOS GmbH & KG*, IPR2012-00004, Paper 18 at 16 (PTAB January 24, 2013), where a patent owner failed to establish a service date by demonstrating that a service waiver or other proof of service was ever filed with the district court. *Id.* at 5.

Petitioner also argues that, even if the materials identified by Patent Owner had been filed with the district court, they would "still fail to prove that service was ever effected in a 'manner prescribed by law.'" *Id.* at 5–6. In particular, Petitioner contends the Certificates of service do not identify who delivered the documents or what was delivered. *Id.* at 6. Petitioner further contends that the additional supporting documentation provided by Patent Owner does not fill in these gaps because, "[a]t most," the documents "support that [Patent Owner's] counsel submitted a request to the Ministry of the Ontario Attorney General on July 17, 2019 (Exs. 2004–2008) and that the Ministry received the request on July 22, 2019 (Ex. 2019)." *Id.*

9

IPR2020-01620
Patent 10,329,653 B2

*2. Analysis*

Under 35 U.S.C. § 315(b), an *inter partes* review may not be instituted if the Petition was filed more than one year after the date that Petitioner was "served with a complaint alleging infringement of the patent." "Served with a complaint alleging infringement" means "presented with a complaint or delivered a complaint in a manner prescribed by law." *GoPro, Inc. v. 360Heros, Inc.*, IPR2018-01754, Paper 38 at 9 (PTAB August 23, 2019) (precedential). Whether a district court complaint was served in a "manner prescribed by law" is generally determined by reference to Rule 4 of the Federal Rules of Civil Procedure. *ipDatatel, LLC v. ICN Acquisition, LLC*, IPR2018-01823, Paper 17 at 14 (PTAB April 17, 2019).

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint" and the plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1); *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). With respect to the form of service, Rule 4(f)(1) states that an individual "may be served at a place not within any judicial district of the United States" "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1).

There is no dispute that Ecometal and Mr. Yuan were served with both a copy of the complaint and the summons on August 13, 2019. Pet. 1. Nor is there any dispute that a signed and dated Certificate attests that documents were personally served on Nick Yuan on August 13, 2019, "in

10

IPR2020-01620
Patent 10,329,653 B2

conformity with" the Hague Convention. Exs. 2005, 2010, 2011. Petitioner does not identify any specific requirements of Rule 4 or the Hague Convention that Patent Owner failed to satisfy, but notes that the Certificates do not provide the printed name of the individual who served the documents on Mr. Yuan or describe in detail what documents were delivered, noting only "see attached." Reply 6. We are directed to no requirement under the Hague Convention, however, that requires the full name of the process server be provided. Indeed, the Certificate has no location for such a name to be inserted, only the individual's signature. *See* Exs. 2010, 2011. Moreover, Petitioner admits that Ecometal and Mr. Yuan were served with a copy of the summons and the complaint on August 13, 2019, the same day the Certificates indicate personal service was affected upon Mr. Yuan pursuant to the Hague Convention. Pet. 1 (admitting that Ecometal and Mr. Yuan "were delivered a copy of the Summons and Complaint at Mr. Yuan's residence in Ontario, Canada on August 13, 2019"). Similarly, in their Answer and Affirmative Defenses filed with the district court on November 8, 2019, Ecometal and Mr. Yuan "admit they were served with an original complaint filed in this action in or around August 2019." Ex. 2015, 14. Thus, we find that Petitioner was served with a complaint alleging infringement of the '653 patent, in a manner prescribed by law, on August 13, 2019.

As noted by Petitioner, "[u]nless service is waived, proof of service must be made to the court." Reply 3–4 (quoting Fed. R. Civ. P. 4(l)(1)). And even where a defendant admits it was "served" with a complaint, the case may still be dismissed for failure to file a proof of service in a timely manner. *Id.* at 4 (citing *Mann v. Castiel*, 681 F.3d 368, 371–373 (D.C. Cir. 2012)). Failure to file proof of service with the court, however, does not

11

IPR2020-01620
Patent 10,329,653 B2

affect the validity of service; it merely serves as a potential ground for dismissing the district court action pursuant to Rule 4(m). *See Mann*, 681 F.3d at 371, 373; Fed. R. Civ. P 4(l)(3) ("Failure to prove service does not affect the validity of service."); *see also GoPro*, Paper 38 at 14 ("Indeed, a dismissal does not negate the fact that service was made or that service conferred notice of the district court action.").

Petitioner directs our attention to several cases where the effective date of service was either unknown or based on the date a waiver was filed in the district court. Reply 5, 7 (citing *Macauto*, Paper 18 at 16; *ipDatatel*, Paper 17 at 10; *Brinkmann Corp. v. A&J Mfg., LLC*, IPR2015-00056, Paper 10 at 6–7 (PTAB March 23, 2015)). Each of these cases involved whether a waiver under Rule 4(d)(3)–(4) had been properly filed with the district court and, if so, whether the complaint was to be considered served upon the defendant as of the date the waiver and complaint were delivered to the defendant or the date the waiver was filed with the district court. *See Macauto*, Paper 18 at 16 ("Under subdivision (d)(4) of that Rule, to establish a service date the waiver or proof of service must be filed. There is no evidence in the record or otherwise that Patent Owner has done so."); *ipDatatel*, Paper 17 at 15 ("A request made under Fed. R. Civ. P. 4(d) asking a defendant to waive service is not service of process under Fed. R. Civ. P. 4."); *Brinkmann*, Paper 10 at 6–7 (holding that the date a waiver of service is filed with the district court is the date that a petitioner is deemed to have been served). Here, unlike the cases relied upon by Petitioner, Patent Owner is not seeking to establish a service date based on a waiver of service under Rule 4(d) (Prelim. Resp. 11–12), and there is persuasive evidence that Ecometal and Mr. Yuan were personally served with the complaint on

12

IPR2020-01620
Patent 10,329,653 B2

August 13, 2019, pursuant to the Hague Convention.[4] Thus, Patent Owner need not demonstrate that a waiver, or any other proof of service, was filed with the district court in order to establish a date of service for the complaint. *See* Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service.").

Finally, Petitioner argues that despite its best efforts to obtain documentation sufficient to demonstrate whether service was proper, Patent Owner "delayed providing anything relating to service until after the date that [Patent Owner] now contends is the one-year bar date for purposes of § 315(b)." Reply 7. To be sure, Patent Owner's prompt response to Petitioner's requests could have avoided the present situation. But Petitioner knew that it and its real party in interest had been served with the complaint on August 13, 2019, and bore the risk that Patent Owner would subsequently demonstrate that service was proper on that date.

### C. Conclusion

Patent Owner demonstrates sufficiently that both Ecometal and Mr. Yuan were served, pursuant to the Hague Convention, with a complaint alleging infringement of the '653 patent on August 13, 2019. Because the Petition was filed more than one year after this date, the Petition is barred under 35 U.S.C. § 315(b). Accordingly, the Petition is denied.

---

[4] Petitioner's arguments regarding a September 11, 2019, effective service date conflate waiver of service of process under Rule 4(d) and waiver of Rule 12(b)(4) and (5) defenses. In any event, in this case the operative date of service is when Petitioner was personally served with a complaint, not the date it purportedly waived its defense related to service by choosing not to file a motion to dismiss under Rules 12(b)(4) and (5).

13

IPR2020-01620
Patent 10,329,653 B2

## III. ORDER

In consideration of the foregoing, it is hereby:

ORDERED that the Petition is *denied*.

14

IPR2020-01620
Patent 10,329,653 B2

FOR PETITIONER:

Jordan A Sigale
Douglas J. Sorocco
Alyssa N. Grooms
Dunlop Codding, P.C.
jsigale@dunlapcodding.com
dsorocco@dunlapcodding.com
agrooms@dunlapcodding.com

FOR PATENT OWNER:

David B. Cupar
Matthew J. Cavanagh)
Erin Conway
McDonald Hopkins LLC
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
econway@mcdonaldhopkins.com

15