IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERVES LLC, ) | CASE NO.: 1:19 CV 1611 |
| ) | |
| Plaintifft, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| YUEYANG AEROSPACE NEW ) | |
| MATERIALS CO., LTD., et al., ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendants. ) | |

This case is currently before the Court on Plaintiff, Terves LLC's Motion to Dismiss Inequitable Conduct Counterclaims and Strike Affirmative Defense No. 6. (ECF # 69). Defendants Ecometal Inc. and Nick Yuan filed a brief in Opposition to the motion (ECF # 80), and Terves LLC ("Terves") filed a Reply Brief in support of its motion. (ECF #82). The matter is now fully briefed and ready for disposition. Having reviewed the briefs and fully analyzed the law applicable in this case, the Court finds that Terves' Motion to Dismiss the Counterclaims and Strike the Ecometal Defendants' Sixth Affirmative Defense should be DENIED.

## STANDARD OF REVIEW

Dismissal on a Rule 12(b)(6) motion is appropriate only if "the factual allegations contained in the complaint, accepted as true, do not show that the pleader is entitled to relief." *Hill v. Mr. Money Finance Co. & First Citizens Banc Corp.*, 309 Fed. Appx. 950, 955 (6th Cir. 2009). On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. A plaintiff must have pled enough facts to state a claim for relief that is plausible on its face. *See Iqbal, Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Plaintiffs must "plead . . . factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct

alleged." *Amini*, 259 F.3d at 502 (quoting *Iqbal*, 129 S.Ct. at 1949). The court "need not accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 689. Merely pleading facts that permit the court to infer misconduct is insufficient. *See Iqbal*, 129 S.Ct. at 1950. However, the Court need not decide whether the complaining party will prevail in the matter but only whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A court also has the authority to strike an insufficient affirmative defense pursuant to Fed. R. Civ. P. 12(f). "[I]nequitable conduct counterclaims and affirmative defenses of inequitable conduct rise or fall together." *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 16-CV-3529, 2016 WL 5871501, at *3. Therefore, if the inequitable conduct counterclaims are dismissed, the Court may also strike the corresponding affirmative defense.

### FACTS and PROCEDURAL HISTORY[1]

Terves is a developer and manufacturer of engineered materials used in oil and gas drilling. It has three patents, the '010 Patent, the '653 Patent, and the '740 Patent, which involve fully dissolvable magnesium materials used to manufacture frac balls and frac plugs. Ecometal is a Canadian company that sources metals and alloys. Nick Yuan is the CEO of Ecometal. Ecometal sells dissolvable magnesium to at least one client. Terves asserts that Ecometal's sale

---

[1] The facts as stated in this Memorandum and Order are taken from Counter-Plaintiffs' Counterclaim and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Counter-Plaintiffs. Undisputed facts have also been taken from the Complaint and the Report and Recommendation on the Motion for Preliminary Injunction in order to provide context.

of dissolvable magnesium infringes the three Patents listed above. In October of 2013, a Chinese Patent, Publication No. CN 103343271 A to Xiao, *et al.* (the "Xiao Patent") was issued for dissolvable magnesium with materials added to increase corrosiveness/dissolution rate. The Ecometal Defendants claim that the Xiao Patent pre-dated Terves' Patents and disclosed every element of the '653 and '740 Patent claims at issue in this case.

Terves filed suit against Yueyang Aerospace New Materials Co. Ltd. ("Yueyang"), Ecometal Inc. ("Ecometal"), and Nick Yuan alleging violations of two patents, U.S Patent No. 9,903,010 ("the '10 Patent") and U.S. Patent No. 10, 329, 653 ("the '653 Patent"). (ECF #1). Defendants Ecometal and Nick Yuan (collectively "the Ecometal Defendants") filed a Motion to Dismiss, and Terves, in response filed a First Amended Complaint. (ECF #13).[2] Terves subsequently filed a Second Amended Complaint, adding a claim for infringement of a third patent, U.S. Patent No. 10,689,740 ("the '740 Patent"). (ECF #44). The Ecometal Defendants Answered the Second Amended Complaint, asserting several Affirmative Defenses, including one for Inequitable Conduct (Affirmative Defense Six), and three Counterclaims for Unenforceability, one for each of the three subject Patents ("the '10 Patent; the '653 Patent; and, the '740 Patent). (ECF #49). This Answer was later amended, but the Counterclaims and Affirmative Defense Number Six remained. (ECF #66). In response to the Ecometal Defendants' Counterclaims, Terves filed the Instant Motion to Dismiss. (ECF #69). The Motion to Dismiss seeks to dismiss all three Counterclaims, as well as Affirmative Defense Number Six.

The Counterclaims allege that Terves engaged in inequitable conduct by failing to provide the United States Patent and Trademark Office with a complete English translation of

---

[2]To date, Defendant Yueyang has not made an appearance in this case.

the Xiao Patent when it submitted its Information Disclosure Statement identifying potentially relevant prior art in connection with its Patent Applications for the '010 and '653 Patents. The Ecometal Defendants also allege that Terves failed to provide any version of the Xiao Patent to the Patent Office during prosecution of the '740 Patent application, and that it failed to disclose the invalidity claims raised in this litigation during the '740 Patent prosecution. Although the Xiao Patent was disclosed in all applications, Ecometal asserts that Terves violated its duty of candor and good faith by intentionally withholding the full English translation in order to obfuscate relevant and material information and prior art with the intent of deceiving the USPTO.

## ANALYSIS

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bar enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011)(*en banc*). In order to prove inequitable conduct based on failure to disclose information, a defendant must show that the patent applicant (1) failed to disclose a material reference; and (2) had a specific intent to deceive the USPTO. *Id.* at 1290. In order to properly present this defense, the pleadings must include sufficient allegations of underlying facts from which a court may infer that these two factors can be met. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009). Materiality is proven by establishing that one or more claims within the patent would not have issued if the applicant had disclosed the withheld information. *Therasense* at 1291. Intent to deceive requires the defendant to show that the applicant "knew of the reference, knew it was material, and made a deliberate decision to withhold it." *Id.* at 1290.

Terves argues that a defendant must show that an intent to deceive is the only reasonable inference to be drawn from the evidence in order to prove its defense. However, this is not the post-*Therasense* pleading standard, but rather a restatement of the clear and convincing standard, which is the ultimate burden of proof. *See, Delano Farms Co. v. California Table Grape Comm'n,* 655 F.3d 1337; *Front Row Technologies, LLC v. NBA Media Ventures, LLC,* 163 F. Supp. 3d 938, 991 (D.N.M. 2016); s*ee also, Oracle Corp. V. DrugLogic, Inc.,* 807 F.Supp. 2d 885, 900 (N.D. Cal. 2011); *Cf. Exergen* at 1329. In accordance with the standards of Fed. R. Civ. P. 9(b), the general pleading standard for inequitable conduct is one of particularity, including identification of the who, what, when, where, and how of the alleged misrepresentation. *Exergen* at 1329.

Accepting as true the factual allegations in the Counterclaims, the Ecometal Defendants have sufficiently pled inequitable conduct. The Counterclaims identify the specific information allegedly withheld from the USPTO, who withheld the information, when and where it should have been presented, and how that information would be relevant and material to the issuance of the subject Patents. In particular, the Counterclaims allege that Terves' patent attorney argued to the USPTO that an element disclosed in the full English translation of the Xiao Patent, but not in the abstract provided to the USPTO, did not exist in the prior art. Whether or not this is true is of no import at this early stage of the proceedings. Although the Counterclaims do not specifically identify every specific claim that could have been affected, they do sufficiently identify the substance of the claims at issue such that they could be identified by the parties in future proceedings. Under the dismissal standards, the Court is bound to accept the factual allegation within the Counterclaims as true. The Counterclaims also allege knowledge of the

withheld information and its materiality, and that the withholding was deliberate, and had the intent of obfuscation and/or deceit. The factual allegations in the Counterclaim are sufficiently particular to meet the requirements of Fed. R. Civ. P. 9(b).

Terves argues that the Counterclaims do not state a claim for inequitable conduct because they acknowledge that it provided a full copy of the Xiao Patent to the USPTO, albeit in Chinese. The "duty of candor" requires an applicant to refrain from submitting partial translations or concise summaries of foreign language prior art if it knows this "will misdirect the examiner's attention from the reference's relevant teaching." *Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd.*, 204 F.3d 1368, 1377-78 (Fed. Cir. 2000). As set forth above, the Counterclaims allege that the abstract translation along with Terves' representations to the USPTO misrepresented the full breadth of the relevant prior art in the Xiao Patent.

The remaining arguments for dismissal of Inequitable Counterclaims also fail at this stage of the litigation. Terves' arguments contradict the allegations in the Counter-claims, and would require the Court to make a determination on disputed facts. Their position, therefore, is not tenable at the Motion to Dismiss stage of litigation. In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). For these reasons, the Motion to Dismiss Inequitable Counterclaims is not well taken. Because Terves' argument for striking Affirmative Defense Number Six is fully reliant on its assumption that the Inequitable Conduct Counterclaims should be dismissed, the Motion to Strike is also not well taken.

## CONCLUSION

For the reasons set forth above, Terves' Motion to Dismiss Inequitable Counterclaims and to Strike Affirmative Defenses is DENIED. (ECF #69). IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

Date: March 12, 2021