# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Terves LLC, | ) |
|     Plaintiff, | ) Case No. 1:19-cv-1611-DCN |
| | ) |
| | ) Judge Donald C. Nugent |
| v. | ) |
| | ) |
| Yueyang Aerospace New Materials Co. Ltd. et al., | ) |
| | ) |
|     Defendants. | ) |

### Terves' Opposition to Ecometals' Motion to Stay (ECF # 108)

Defendants Ecometal Inc. and Nick Yuan (collectively, "Ecometal") move to stay this entire case to try and avoid trial merely because they petitioned for *ex parte* reexamination of one of the two patents remaining in this case. The Court should deny the motion for at least five important reasons, and for other reasons explained in this brief.

First, Ecometal has merely <u>requested</u> an *ex parte* reexamination. Because the USPTO has not yet decided whether to reexamine U.S. Patent No. 10,329,653 (the "'653 patent"), Ecometal's motion is premature.

Second, it is too late to stay this case. The case is two years old, fact discovery closed one month ago, expert reports are due in a week, and (by operation of Local Patent Rule 6.2) trial should occur in February 2022 (years before an *ex parte* reexamination and subsequent appeals would end). Ecometal's delay is not justified because it could have filed the petition at least two years ago, or earlier because Ecometal admits that it knew about Terves' patents by at least 2018. Instead, Ecometal chose to vigorously litigate in court for two years.

{9730749:2}  1

Third, even if reexamination is granted, Ecometal's petition only challenges one of the two patents. Because it does not challenge Terves' U.S. Patent No. 10,689,740 (the "'740 patent"), the reexamination cannot possibly resolve this case or simplify anything as to the '740 patent. Because trial must occur no matter what happens in reexamination, the Court should not grant Ecometal's request to delay that inevitable trial for years while it continues to infringe.

Fourth, while courts sometimes stay cases pending *inter partes* review ("IPR"), their reasoning does not apply to *ex parte* reexaminations because: (a) the statutory estoppel that bars an IPR petitioner from rearguing invalidity in court does not apply to reexamination, and (b) IPRs must be decided within one year, whereas reexaminations have no time limits and can go on indefinitely for years.

Fifth, a stay would cause significant prejudice to Terves. As Terves demonstrated in its preliminary injunction motion, the Chinese materials that Ecometal is importing into the U.S. infringe Terves' '653 and '740 patents and are offered at a fraction of Terves' prices, which is causing lost sales, price erosion, and irreparable harm to Terves. While this Court denied Terves' injunction motion without prejudice, the facts have changed since then in a way that should cause the Court to grant a permanent injunction after trial.[1]

---

[1] Specifically, Ecometal avoided the injunction by arguing that it only sold to one customer (MMP in Oklahoma), and MMP had only sold to one specific customer (a confidential customer that we will call "Customer X"). Because Customer X never bought from Terves, Ecometal argued its sales could not have caused any irreparable harm to Terves. Since then, however, Customer X stopped buying from MMP and now buys the patented materials exclusively from Terves. This proves that Customer X could have and would have been a Terves' customer, but for Ecometal's infringement, and supplies the causal link that the Court found was lacking when it denied Terves' original injunction motion.

{9730749:2} 2

**Background**

I. **This Case**

Terves sued on July 15, 2019. (ECF #1.)

Since then, the parties engaged in significant fact discovery: they exchanged thousands of pages of documents, issued subpoenas to third-parties, and conducted twelve depositions.[2]

Ecometal's customer, MMP, filed a frivolous spinoff trade secret lawsuit against Terves and the undersigned law firm, McDonald Hopkins LLC, over a subpoena response provided to Terves in this case. That case was hotly contested and involved an *ex parte* seizure of Terves' digital equipment, an evidentiary hearing, dispositive motion practice, a sanctions order, and multiple appeals by MMP. (Case 1:19-cv-02818; 6th Cir. Appeal Nos. 20-3397, 20-3779, 20-3998.)

The parties litigated Terves' preliminary injunction motion to decision, including exchanging expert opinions on infringement and invalidity, submitting briefing, and deposing each other's experts. (ECF #30-31, 40-42, 47, 51-52, 55-57, 59-61, 64-65.)

The parties have completed all of the patent disclosure requirements under this Court's Local Patent Rules, including the exchange of final infringement/non-infringement and final invalidity/validity contentions.

---

[2] The parties have deposed 10 separate witnesses. Ecometal deposed Terves' expert, Dr. Lee Swanger, and its President, Andy Sherman, twice.

{9730749:2}  3

The parties briefed claim construction, they argued at a *Markman* hearing, and the Court issued its claim construction ruling almost four months ago, on March 29, 2021. (ECF #89.)

Dispositive motions are due on October 18, 2021. (ECF #90, 91, 92; *see also* L.P.R. 6.1.), with responses due on November 16, 2021 (L.R. 7.1(d)) and replies due on December 1, 2021 (L.R. 7.1(e)). Trial should begin no later than February 14, 2022. (*See* L.P.R. 6.2).[3]

## II. Ecometal's USPTO Efforts

Almost one year ago, on September 11, 2020, Ecometal filed two IPR petitions challenging Terves' U.S. Patent No. 9,903,010 (the "'010 patent") and the '653 patent. The USPTO denied both petitions as untimely. (*See* ECF #84.)

On July 6, 2021, Ecometal requested *ex parte* reexamination of the '653 patent and moved for a stay that same day. (ECF #100.) The USPTO has not yet ruled on Ecometal's request. Ecometal's request relies primarily on a Chinese patent called "Xiao." Ecometal has known about Xiao since this case started because Terves' patents cite it on their face as prior art.

Neither Ecometal's failed IPR petitions nor its request for *ex parte* reexamination challenge Terves' '740 patent.

---

[3] L.P.R. 6.2 states that trial "shall be conducted within seventy five (75) days after the filing date of the last dispositive motion brief." Dispositive motions are due by October 18, 2021, (ECF #92); responses must be filed within 30 days, by November 17, 2021, (L.R. 7.1(d); and replies must be filed within 14 days, by December 1, 2021, (L.R. 7.1(e). 75 days after the last brief's filing, December 1, 2021, is February 14, 2022.

{9730749:2} 4

**Law and Argument**

I. **The Court should deny Ecometal defendants' request as premature.**

A motion to stay based on a party's mere request for *ex parte* reexamination or a mere petition for IPR is premature and should be denied. *See Lincoln Elec. Co. v. Seabery Soluciones, S.L.*, No. 1:15-CV-1575, 2016 WL 6909072 (N.D. Ohio June 17, 2016) (Nugent, J.) (denying stay motion as premature because USPTO had not yet ruled on IPR petition); *see also Norgren Automation Solution, LLC v. PHD, Inc.*, No. 14-cv-13400, 2015 WL 1245942, at *1 (E.D. Mich. Mar. 18, 2015) ("the Court agrees with Plaintiff that the instant motion has been brought prematurely. Defendant's request for reexamination has not been granted. As such, a stay at this juncture would be without justification.") (citing similar decisions); *Summit 6 LLC v. HTC Corp.*, No. 7:14-CV-00014-O, 2015 WL 12763627, at *2 (N.D. Tex. May 8, 2015) ("the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review") (citing cases).

Because Ecometal has only *requested* reexamination, the Court should deny the motion as premature.

II. **The Court should deny a stay regardless of whether reexamination occurs.**

Even if the USPTO grants reexamination, the Court should still deny a stay based on the relevant factors weighing strongly against a stay.

    A. **Law governing stay requests.**

Stay requests are evaluated on a case-by-case basis, in light of the following three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage

to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Lincoln Electric Co. v. Seabery Soluciones, S.L.*, No. 1:15-cv-1575, 2017 WL 159132, at *1 (N.D. Ohio Jan. 13, 2017) (Nugent, J.). "A court has discretion to stay proceedings a part of its inherent power to manage its docket, but 'a court must tread carefully in granting a stay,' because 'a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

## B. The late stage of this case weighs against a stay.

Courts deny motions to stay when fact discovery is closed or near its end or after a claim construction ruling has issued. *See, e.g. Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-2061-H (BGS), 2015 WL 12843919, at *3 (S.D. Cal. Oct. 5, 2015) (denying stay where court issued claim construction order, fact discovery closed, and expert discovery would close shortly); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (denying stay where reexamination request for all asserted patents was submitted over two years after litigation began and fact discovery was nearly complete); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 663 (E.D. Tex. 2005) (denying stay where parties had already produced hundreds of thousands of pages of documents, would complete discovery in the next month, and had fully briefed and argued the claim construction issues).

In contrast, stays are most often granted when cases are truly in their early stages, *e.g.*, when discovery just commenced, no depositions occurred, and no claim construction

hearing was held. *See, e.g.*, *Lincoln Electric*, 2017 WL 159132, at *1 (staying litigation where discovery had just begun, no significant discovery was produced, no claim construction hearing had occurred, and no dispositive motion deadline was set); *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Illinois*, No. 1:10CV01370, 2013 WL 1662952, at *5 (N.D. Ohio Apr. 17, 2013) (staying litigation where no documents had been produced, no depositions had been noticed, no expert reports had been exchanged, and no subpoenas had been served); *Nutech Ventures v. Norman Noble, Inc.*, No. 1:12CV2326, 2013 WL 8703825, at *3 (N.D. Ohio May 30, 2013) (staying litigation where no claim construction hearing date had even been set and minimal discovery had taken place).

To try and align itself with cases where stays were granted, Ecometal makes the peculiar assertion that the "case is still in the early stages of litigation." (Mot. at 9, ECF #100 at PageID #6583.) While the case may feel fresh and new for Ecometal's new attorneys, the rest of us know it is nearing its end. The case has gone on for over two years; fact discovery ended one month ago; the parties exchanged thousands of documents; 12 depositions have occurred; a preliminary injunction motion was litigated to decision; the parties exchanged expert reports on infringement/non-infringement and invalidity/validity and deposed each side's expert as part of the injunction phase; the Court issued a claim construction order in March; all final infringement/non-infringement and invalidity/validity contentions have been exchanged; expert disclosures are due in a week; dispositive motions are due in October, and trial should occur in February 2022 per L.P.R. 6.2.

The case is most definitely not in its "early stages." Terves has spent significant legal fees to get the case this far and deserves an opportunity for trial in February.

Ecometal has no excuse for its two-year delay. Terves' patents cite the Xiao reference (which Ecometal's reexamination request relies upon) as prior art on their face. So Ecometal could have requested reexamination when Terves first sued in July 2019, or even earlier because it admits to knowing of Terves' patents by at least 2018 and knew its products risked infringement. *See Norgren*, 2015 WL 1245942, at *2 (denying stay where defendant "could have filed a request for reexamination some time ago"). Instead of seeking reexamination and a stay early in the case—before large investments by the parties and Court occurred—Ecometal has chosen to fiercely litigate the case for two years. *See Endotach, LLC v. Cook Medical Inc.*, No. 1:13-cv-01135-LJM-DKL, 2014 WL 852831, at *4 (S.D. Ind. Mar. 5, 2014) (denying stay where defendant could have sought IPR early in case, "chose not to do so," and "participated in this proceeding and aggressively challenged [patent owner] at every turn.").

The late stage of this case weighs against a stay.

### C. A stay would unduly prejudice Terves.

A stay would unduly prejudice Terves because it will last years and Terves is being significantly and irreparably harmed by Ecometal's ongoing infringement, such that getting a timely trial is critical for Terves to survive, to avoid further price erosion, and to maintain market share.

Any delay of this litigation with respect to the '740 patent is entirely undue. Ecometal has not requested reexamination of the '740 patent and thus cannot justify a complete stay of litigation. Notably, Ecometal does not attempt to justify (or even mention) the impact of this broad-reaching request on the '740 patent—simply because they cannot.

*See Endotach*, 2014 WL 852831, at *4 (denying stay because the IPR did not challenge "another patent at issue" and "§ 112 invalidity" defenses would not be addressed); *see also RR Donnelley & Sons Co. v. Xerox Corp.*, No. 12-cv-6198, 2013 WL 6645472, at *3 (N.D. Ill. Dec. 16, 2013) (denying stay were "the accused infringer sought review of only some of the patents-in-suit" and citing cases).

As to the '653 patent, unlike an IPR proceeding, which must end within one year by statute, an *ex parte* reexamination has no firm schedule deadlines, and can drag on for several years if reexamination is granted. *See Brixham Solutions Ltd. v. Juniper Networks, Inc.*, Civ. No. 13-cv-616-JCS, 2014 WL 1677991, at *1-2 (N.D. Cal. Apr. 28, 2014) (citing one-year requirement in favor of stay pending IPR). The average length of an ex parte reexamination is over two years, *see* USPTO, Ex Parte Reexamination Filing Data – September 30, 2020, accessible at https://www.uspto.gov/sites/default/files/documents/ ex_parte_historical_stats_roll_up_21Q1.pdf (updated March 2021). This delay is lengthened by a probable appeal to the PTAB, lasting an additional 12 months (USPTO, PTAB Boardside Chat, Feb. 18, 2021, accessible at https://www.uspto.gov/sites/default/files/documents/ boardside_chat_20210218_one_year_fasttrack_postappeal.pdf) and then to the Federal Circuit, lasting an additional 17 months (Wells, Kelly, and Palletier, Federal Circuit Appeals from the PTAB and ITC, Feb. 3, 2021, accessible at https://www.jdsupra.com/legalnews/ federal-circuit-appeals-from-the-ptab-8911675/).

Thus, as a district court has observed in denying a stay: "the average pendency of reexamination proceedings is just over two years, and an appeal, available as of right,

extends the time to just over four years." *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, No. JKB-09-2657, 2011 WL 836673, at *3 (D. Md. Mar. 3, 2011).

This lengthy and indefinite delay prejudices Terves. The fact that Terves is now selling to the sole customer that was previously buying Ecometal's imported products confirms, with real-world evidence, that Terves' products compete directly with Ecometal's products. Ecometal's downstream customer, MMP, is now selling to a new customer, so that Ecometal continues to import a significant amount of infringing material at extremely low prices, thus increasing Terves' need for a speedy trial. Courts are reluctant to stay a patent owner's case against a competitor because delaying trial causes significant prejudice to the patent owner. *See A.R. Arena Prod., Inc. v. Grayling Indus., Inc.*, No. 5:11-CV-1911, 2012 WL 2953190, at *4 (N.D. Ohio June 25, 2012), *report and recommendation adopted*, 2012 WL 12892200 (N.D. Ohio Oct. 10, 2012) (denying stay where parties were direct competitors); *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *4 (N.D. Cal. July 28, 2011) (denying stay because "even 'ordinary' competition can justify denial of a stay when that competition is based on alleged infringement has effects that would be difficult to reverse after the fact.").

Terves would be further prejudiced because, when the stay is lifted years from now, the evidence will be stale. Delay prejudices a plaintiff because "witness relocate, documents are lost, and memories fade." *Mike's Train House*, 2011 WL 836673, at *3.

The undue prejudice of a stay to Terves weighs against Ecometal's motion.

D.     **There are not enough simplification possibilities to merit a stay.**

The likelihood of simplification is slim, at best, and does not weigh in favor of a stay.

First, Ecometal has only challenged *one* of the asserted patents, so it cannot possibly simplify the case as to the '740 patent.

Second, Ecometal relies only on a request for *ex parte* reexamination, and not on a petition for IPR. Ecometal did petition for IPR, but its petitions failed, and it missed any opportunity for a stay based on IPR. When courts stay a case pending IPR they do so because, if the IPR fails, the challenger is statutorily estopped from asserting in court any invalidity defense that it raised or could have raised at the IPR. *See Brixham Solutions Ltd. v. Juniper Networks, Inc.*, Civ. No. 13-cv-616-JCS, 2014 WL 1677991, *1 (N.D. Cal. Apr. 28, 2014). So regardless of an IPR outcome, some invalidity issues would be decided in IPR.

The same is not true for *ex parte* reexamination. There will be *no* simplification of issues if reexamination is denied or if one or more claims exit reexamination intact, as Ecometal would not be estopped from asserting invalidity defenses that were raised, or could have been raised, during reexamination. *Mike's Train House,* 2011 WL 836673, at *3. A district court, in denying a stay for reexamination, noted the small chance that reexamination would simplify the invalidity issues: "the most common outcome of PTO reexamination is that most or all of the examined claims are upheld or amended . . . , [so]their validity will still be an issue for this Court to resolve." *Id.*

Thus, the unlikely and speculative *possibility* of some simplification does not justify delaying Terves' right to enforce both of its patents for several years, especially when it has worked so hard to get to this stage. This factor weighs against a stay.

### E. Ecometal's law and arguments fail.

Ecometal does not cite a single case that granted a stay based on a request for reexamination, let alone for a case as advanced as this. Every case that Ecometal cites where a stay was granted, the cases were at a much earlier stage and challenged all of the patents in suit, whereas Ecometal has moved late and does not challenge all the patents in suit: *In re Cygnus Telecomms. Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (staying litigation after *ex parte* reexamination was granted as to both asserted patents and where discovery had not been completed); *Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:08-cv-1365-T-33TBM, 2009 WL 2423095, *1 (M.D. Fla. 2009) (staying litigation after *ex parte* reexamination was granted as to the only asserted patent and where the parties had undertaken "little or no discovery"); *Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*, No. 1:11CV2712, 2013 WL 5566158, at *1 (N.D. Ohio Oct. 8, 2013) (staying litigation after *ex parte* reexamination was granted as to the only asserted patent and where fact discovery was not complete); *EMSAT Advanced v. T-Mobile USA, Inc.*, No. 4:08CV00817, 2011 WL 843205, at *2 (N.D. Ohio Mar. 8, 2011) (staying litigation after IPR concluded against one asserted patent and another IPR was proceeding against the other asserted patent and where fact discovery was ongoing); *GII Acquisition, L.L.C. v. Cybernet Sys. Corp.*, No. 2:13-CV-14890, 2014 WL 4209928 (E.D. Mich. Aug. 26, 2014) (staying litigation after *ex parte* reexamination was granted as to the only asserted patent and where fact discovery had just began).

### III. Conclusion

For these reasons, the Court should deny the motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 20, 2021 | \_s/ Matthew J. Cavanagh\_<br>David B. Cupar (OH 0071622)<br>Matthew J. Cavanagh (OH 0079522)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400  f 216.348.5474<br>dcupar@mcdonaldhopkins.com<br>mcavanagh@mcdonaldhopkins.com<br><br>*Counsel for Terves LLC* |