IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terves LLC, | ) | |
| | ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, | ) | |
| | ) | Judge Donald C. Nugent |
| v. | ) | |
| | ) | |
| Yueyang Aerospace New Materials Co. Ltd. et al., | ) ) ) | **Memorandum in Support of Terves' Motion to Strike Ecometal's Motion to Compel** |
| Defendants. | ) | |

## I. Introduction

Ecometal has filed an exceedingly dense, 20-page motion to compel. The Court should strike this motion and not require Terves to respond for two separate reasons: (i) Ecometal's motion is based solely on inequitable conduct, an unenforceability defense that it dropped by omitting it from its final invalidity and unenforceability contentions; and (ii) Ecometal filed its motion one month after the deadline to file motions to compel and never sought leave to extend that deadline.[1]

## II. Procedural Background

Fact discovery ended on June 28, 2021. (ECF #92.)

---

[1] If the Court denies this motion to strike, then Terves requests leave to respond to the merits of Ecometal's motion to compel within two weeks of the denial. Terves proceeds in this manner rather than opposing on the merits now because it will be very expensive and distracting to respond to the substance of that 20-page motion that should never have been filed and should not be considered on two separate grounds. Before Terves makes that significant investment, which will also distract its attorneys from the other significant pretrial tasks that Terves faces (*e.g.*, expert rebuttals, expert depositions, summary judgment motions) it asks the Court to resolve the threshold question of whether the motion should be considered at all.

{9767774:3}  1

On July 6, 2021, after a one-week extension of the deadline, Ecometal served its final invalidity and unenforceability contentions, required by Local Patent Rule 3.10. (ECF #112-4.) Nowhere in Ecometal's final invalidity and unenforceability contentions did Ecometal even mention an inequitable conduct defense. Ecometal knew that its contentions had to include an inequitable conduct defense with specifics about that defense if it wanted to keep it in the case because it mentioned that it might assert inequitable conduct in its *initial* unenforceability contentions and then omitted any reference to that defense in its final contentions. (ECF #112-2, PageID #7033-34; ECF #112-4.)

Motions to compel were due by July 8, 2021. L.R. 37.1(b). Ecometal filed no motion to compel or motion for extension, even though the meet-and-confer process was definitively over by that time. Ecometal and Terves discussed the privilege issues underlying this motion back at the end of June (*see* 6/29/21 email from M. Cavanagh to E. White, att'd as Ex. A), and they concluded the meet-and-confer process before the motion to compel deadline, on July 6, 2021 (7/6/21 email from M. Cavanagh to E. White, att'd as Ex. B).

Then Ecometal went silent for one month until Terves asked Ecometal to formally withdraw its abandoned inequitable conduct claim. (8/4/21 email from M. Cavanagh to M. High, att'd as Ex. C.) Spurred by this notice, Ecometal attempted to resurrect its inequitable conduct defense by asking out-of-the-blue questions about the privilege log produced over a month earlier. (8/4/21 email from E. White to M. Cavanagh, att'd as Ex. D.)

On August 6, 2021, Ecometal filed its untimely motion to compel, which relates solely to Ecometal's abandoned inequitable conduct defense. (ECF #115, PageID #7977-79.)

### III. Law and Argument

#### A. Ecometal may not assert unenforceability theories not disclosed in its final invalidity and unenforceability contentions.

If a defendant seeks to proceed with an inequitable conduct defense, Local Patent Rule 3.10(c) requires it to say so in its final invalidity and unenforceability contentions and to also identify specific details about that defense as set forth in LPR 3.5. Specifically, LPR 3.5(e) requires the defendant to detail: (i) the "grounds for any charge that any of the asserted claims are unenforceable for inequitable conduct"; (ii) "identification of any information alleged to have been withheld, misstated, or otherwise misrepresented"; (iii) "the basis for claiming such information was material to patentability"; and (iv) "the basis for claiming that the patentee withheld, misstated, or misrepresented such information with the requisite intent." Ecometal's final invalidity and unenforceability contentions do not contain any reference to inequitable conduct (*see* Ecometal's Final Invalidity and Unenforceability Contentions, ECF #112-4), let alone the critical details required by LPR 3.5(e), and accordingly Ecometal dropped the defense. Yet the totality of its motion to compel goes only to the inequitable conduct defense. (ECF #115, PageID #7977-79.)

As Terves explained in its prior motion to strike, omitting disclosures from final invalidity contentions requires exclusion. (ECF #112-1, PageID #7022-25 (citing law).) The same is true with inequitable conduct defenses omitted from final unenforceability contentions. *See, e.g., Genentech, Inc. v. Trustees of Univ. of Penn.*, 2011 WL 4965638, at *1–2 (N.D. Cal. 2011) (denying leave to amend unenforceability contentions to add inequitable conduct claim in the absence of diligence); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 4944514, at *2–3 (E.D. Tex. 2015) (finding waived invalidity theories not raised

in final invalidity and unenforceability contentions); *Finjan, Inc. v. Sophos, Inc.*, 2016 WL 2988834, at *7–10 (N.D. Cal. 2016) (same); *WCM Indus., Inc. v. IPS Corp.*, No. 2:13-CV-02019-JPM, 2015 WL 5821639, at *10 (W.D. Tenn. Oct. 5, 2015) (barring assertion of unenforceability theory based on noncompliance with LPR 3.5). By dropping inequitable conduct and basing its motion to compel solely on inequitable conduct, this Court should strike the motion on this basis alone.

Ecometal has no good reason for asserting these tardy theories to the unfair prejudice of Terves, which explains why Ecometal never sought leave to amend its final invalidity and unenforceability contentions under LPR 3.10(e). Such unfair prejudice would include requiring Terves to: (i) broadly re-open discovery to resolve the complicated, important attorney-client issues raised by Ecometal; (ii) simultaneously research, brief, and incur thousands in legal fees to respond; (iii) find and hire a rebuttal expert mere days before the deadline for rebuttal expert disclosures; (iv) delay the case as Ecometal would need to serve new contentions, and Terves would need to amend its validity and enforceability contentions to respond; (v) delay ongoing expert discovery and preparation of summary judgment motions; and (vi) delay further Terves' ability to enforce its patents.

The Court should bar Ecometal's attempt to evade the Local Patent Rules and to add further chaos and delay to the case, and the Court should strike the motion to compel.

### B.  Ecometal may not file a motion to compel more than ten days after fact discovery closes.

Separately, the Court should strike the motion to compel because it was filed one month after the deadline to file such a motion. It is undisputed that Ecometal's motion is untimely. Local Rule 37.1(b) states unequivocally: "No discovery dispute shall be brought

to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date." Fact discovery ended on June 28, 2021 and any motions to compel were due by July 8, 2021. As such, Ecometal's motion is over a month too late.

This Court regularly denies untimely motions to compel when they fail to comply with Local Rule 37.1(b). *See Balsley v. LFP, Inc.*, No. 1:08 CV 491, 2010 WL 11561883, at *2 (N.D. Ohio Jan. 26, 2010) (collecting cases denying attempts to raise discovery-related disputes beyond the 10-day time limit); *see also Salem v. City of Akron*, No. 5:18CV1754, 2020 WL 1233953, at *4 (N.D. Ohio Mar. 13, 2020) (same).

To extend the motion deadline after it has passed, Ecometal would need to show excusable neglect. *See* Fed. Civ. R. 6(b)(1)(B); *Kohn v. Glenmede Tr. Co.*, No. 1:19-CV-1352, 2019 WL 7372320, at *8 (N.D. Ohio Dec. 31, 2019). Although Ecometal seemingly acknowledges that its motion must fail unless it proves excusable neglect, its lame excuses never come close to satisfying that standard. (ECF #115, PageID #7977.)

First, ongoing depositions did not prevent Ecometal from timely moving to compel. Brian Turung's deposition took place *before* the discovery deadline—on June 22, 2021. (ECF #115, PageID #7983.) Ecometal admits that it had a definitive answer on privilege issues from Terves and still had two days to raise a motion to compel or move for extension, but that it plainly chose not to do so. (ECF #115, PageID #7977.) Importantly, Terves was able to abide by the Local Rules and timely file its motion to compel despite enduring these same circumstances. (ECF #101.) As to the privilege log, Terves had already complied with a prior meet-and-confer and provided a replacement privilege log by June 29, 2021—

Ecometal waited until August 4, 2021 to address new issues not previously raised regarding the replacement log (Ex. D). Ecometal provides *no* excuse for its delay and tried to sweep it under the rug by not providing this Court with any dates for its conduct. (ECF #115, PageID #7986.)

Second, Ecometal is represented by **seven** attorneys. While Ecometal focuses on attorney Ed White's schedule, it gives no reason why all six *other* Ecometal attorneys were foreclosed from moving to compel (Ex. A). Regardless, courts agree that the "busy lawyer" defense fails to establish excusable neglect. *See Rucci v. Mahoning Cty.*, No. 4:11CV873, 2011 WL 5105812, at *4 (N.D. Ohio Oct. 26, 2011) (citing cases); *see also see also Gregg v. SBC/Ameritech*, No. 2:02-cv-980, 2005 WL 1514114, at *8 (S.D. Ohio June 24, 2005) ("No party can selectively ignore a court's deadlines . . . . To permit any party to do so would . . . carve away at respect for the Court (and its deadlines) . . . ."); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 594 (7th Cir. 2012) ("[C]ourts have an interest in keeping litigation moving forward and [] maintaining respect for set deadlines is essential to achieving that goal.").

Notably, Ecometal did not request an extension of the Rule 37.1(b) deadline, nor did it move for leave to file a motion to compel to try and show excusable neglect under Fed. Civ. R. 6(b)(1)(B). Thus, the Court should strike Ecometal's motion on the separate ground that it is untimely.

IV.  **Conclusion**

For these reasons, the Court should strike Ecometal's motion to compel and bar all future attempts by Ecometal to resurrect inequitable conduct.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  August 12, 2021 |   s/ Matthew J. Cavanagh<br>David B. Cupar (OH 0071622)<br>Matthew J. Cavanagh (OH 0079522)<br>Andrew D. Gordon-Seifert (OH 0092499)<br>Lidia C. Mowad (OH 0097973)<br>M<small>C</small>D<small>ONALD</small> H<small>OPKINS</small> LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 \| f 216.348.5474<br>dcupar@mcdonaldhopkins.com<br>mcavanagh@mcdonaldhopkins.com<br>agordon-seifert@mcdonaldhopkins.com<br>lmowad@mcdonaldhopkins.com<br><br>*Counsel for Terves LLC* |