UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Terves LLC, ) | |
| ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| v. ) | |
| ) | |
| Yueyang Aerospace New Materials Co. Ltd. ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**Terves' Reply in Support of Its
Motion to Strike, in Part, the Report of Dr. Dana Medlin**

Ecometal's response expressly concedes a key point: its expert, Dr. Dana Medlin, introduces brand new invalidity theories and completely new prior art that were <u>not</u> in Ecometal's final invalidity contentions. In fact, Ecometal does not dispute that it never disclosed these theories *at all* prior to its expert's report. As a matter of well-established law, an expert cannot offer new invalidity opinions that were not disclosed in final invalidity contentions. Despite 18 pages of response, Ecometal ignores that the rules do not allow this. A mountain of case law supports Terves on this point.

Ecometal's response poses a fundamental question: do the local patent rules matter? Ecometal's answer is that they don't. Rather, to Ecometal, they are merely suggestions that do not limit in any way what invalidity theories Ecometal can assert. If true, then why require contentions at all? And why call them "final" contentions? Ecometal never answers that, although its disregard for the rules shows why we have them in the first place.

{9795694:4 }

By violating the rules, Ecometal is unleashing chaos on the docket, causing four motions in the last month.[1] This forces Terves to respond to Ecometal's rule-breaking side show, rather than focusing on expert depositions, rebuttal reports, summary judgment motions, and the other work that the case schedule contemplates at this stage. The Court should not let Ecometal's blatant violations go unchecked because it's unfair, prejudicial, costly, distracting, and will only get worse as the parties prepare for trial.

The Court should strike the portions of Dr. Medlin's report that introduce new invalidity theories and new prior art that were not in Ecometal's final invalidity contentions.

I. **The Court should ignore Ecometal's irrelevant 13-page diatribe regarding Terves' final infringement contentions.**

Ecometal spends nearly 13 pages of its brief complaining about Terves' final infringement contentions. (Opp. at 1-13.) This is irrelevant and incorrect. *Terves'* infringement contentions have no bearing on whether *Ecometal* may ignore its final invalidity contentions and sneak new invalidity theories into the case through the back door of its expert's report.

Ironically, however, Ecometal's argument supports Terves' motion to strike rather than discrediting it. It complains that Terves' expert "goes into far more detail about alleged

---

[1] In fact, Terves was preparing a fifth motion because Ecometal violated the Court's order to certify on the docket that it has completed the discovery production compelled by Court order. By the Court's Order (ECF #113) Ecometal was required to "submit written certification that it has produced all responsive discoverable documentation" 7 days after the order, which was issued August 6. Therefore, written certification was due August 13. Viewing Court orders as optional, Ecometal informally provided certification to Terves via letter on August 19, 6 days past the deadline. It still has not filed this certification with the Court as it was ordered to do.

{9795694:4} 2

infringement than Terves' [Amended] Infringement Contentions." (*See, e.g.*, Opp. at 11.) But Terves complied with the requirements of the Local Patent Rules and provided the information required by LPR 3.10 for final infringement contentions. Terves' expert Dr. Lee Swanger did not assert any new infringement theories and stayed within the confines of Terves' final infringement contentions as the Local Patent Rules require. The fact that Ecometal did not move to strike Dr. Swanger's opinions confirms that he stayed in bounds. Nothing in the Local Patent Rules prevents an expert from providing more context or details to the theories properly disclosed in final infringement contentions, and Ecometal has not cited to anything to the contrary. Terves' issue is not that Dr. Medlin added "details" to Ecometal's final invalidity contentions; he added brand new invalidity theories and eight new prior art references.

Moreover, Ecometal complaining that Dr. Swanger provided "far more detail" is farcical because it has had the reports of Dr. Swanger with those details, produced during the preliminary injunction phase, for well over a year. Those reports discussed the composition of specific Ecometal products, the methods for dissolution rates under ASTM standards, testing procedures, etc. (*See, e.g.*, April 28, 2020 Declaration of Dr. Lee Swanger, ECF #29-8 (filed under seal).) Terves expressly incorporated Dr. Swanger's preliminary injunction opinions into its final infringement contentions, stating "[a]dditional bases for Terves' infringement positions on certain claims can be found in the previously produced expert reports of Dr. Lee Swanger, incorporated here in their entirety." (*See* Terves' Final Infringement Contentions, ECF #121-4 at 3.) Thus, although not required, the final infringement contentions include the very "details" that Ecometal falsely alleges are absent.

The Court should reject this false and irrelevant argument.

## II. Ecometal ignores the voluminous case law that supports Terves' motion.

Ecometal argues that Terves "provides no or inapposite citations" to support its position. (Opp. at 13.) That is false. Terves' opening motion to strike provided a string cite of cases where courts have done precisely what Terves is asking the Court to do here: strike portions of an expert's invalidity report attempting to rely on brand new invalidity theories and prior art not disclosed in final invalidity contentions. *See, e.g., Medline Indus., Inc. v. C.R. Bard, Inc.*, 511 F. Supp. 3d 883 (N.D. Ill. 2021) (striking references to prior art not disclosed in final invalidity contentions); *Avnet, Inc. v. Motio, Inc.*, No. 12 C 2100, 2016 WL 3365430, at *3–7 (N.D. Ill. June 15, 2016) (same); *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 3655302, at *3 (E.D. Tex. Mar. 21, 2016) ("in the absence of any disclosure at all [prior to the expert report], these references must be excluded"); *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2013 WL 2384249, at *3 (N.D. Ill. May 29, 2013) (same and noting that "[t]o allow an expert to go beyond [final invalidity contentions] would render them useless"); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *1–2 (N.D. Cal. Sept. 17, 2012) (striking expert's references to previously undisclosed prior art and noting other courts' rejections of "attempts to elude patent local rules"). Terves could have cited several others, but chose not to in the interest of judicial economy. Courts universally agree that parties cannot introduce new invalidity theories through expert reports. That is not merely the majority rule, it is the only rule.

Ecometal does not even attempt to address <u>any</u> of these cases cited by Terves. In fact, Ecometal does not cite a single case where an expert was permitted to introduce new invalidity theories or prior art not previously disclosed in final invalidity contentions. Rather, Ecometal misrepresents Terves' citations to <u>other cases</u> standing for <u>other propositions</u> and states that those cases do not support Terves' argument. Of course they don't—that was never the intention of citing them. The Court should reject this willful mischaracterization.

Specifically, Ecometal analyzes *O2Micro*, *Fast Felt*, and *Wimo Labs* and states that these do not stand for the proposition that an expert may not add additional invalidity theories and prior art. (*See* Opp. at 13-15.) Terves agrees; they don't stand for that because it cited them for a different proposition—that following local rules is important and there are consequences for failing to do so.

Terves cited to *O2Micro* for the proposition that local patent rules are intended to to "provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). *O2 Micro* also explains that interpretation of local patent rules is governed by Federal Circuit law, the rules "are essentially a series of case management orders," and, as a result, as under Fed. R. Civ. P 16(f) and 37(b)(2), the penalty for not following them is exclusion of arguments or evidence not disclosed in accordance with those rules. *Id*. at 1363-64.

Terves cited to *Fast Felt* for the proposition that the purpose of the Local Patent Rules is the "orderly processing of claims" and, further, provided it as an example where failure to follow the rules had the consequences of having new theories stricken. *Fast Felt Corp. v. Owens Corning Roofing & Asphalt, LLC*, No. 3:14 CV 803, 2017 WL 4876789, at *1 (N.D. Ohio July 26, 2017).

Finally, Terves cited to *Wimo Labs* because it provided insight into why courts have local patent rules in the first place: to "avoid[ ] trial by ambush, stratagem, or evasion" and, just as importantly, are "not intended to create or tolerate clever loopholes." *Wimo Labs LLC v. Polyconcept N.A, Inc.*, 358 F. Supp. 3d 761, 762–63 (N.D. Ill. 2019).

The fact that that Ecometal had to resort to misleading tactics and couldn't find a single case to the contrary shows the strength of the authority Terves cited. The Court should follow the universally-accepted law that experts cannot introduce new invalidity theories and prior art that were not in the final invalidity contentions.

### III. Ecometal has not shown good cause for introducing new prior art and invalidity theories.

Finally, Ecometal, in the alternative, asks that it be given leave to amend its invalidity contentions. (Opp. at 16.) Besides the fact that a response in opposition to a motion is not the appropriate place to move for relief, Ecometal does not even try to meet the requirements of LPR 3.10(e) to amend its final invalidity contentions.

LPR 3.10(e) requires a party to show three things in order to obtain leave to amend from the Court: (1) that there is good cause to amend the contentions; (2) that there is an absence of unfair prejudice; and (3) that the amendment is "made in timely fashion following discovery of the basis for such amendment." L.P.R. 3.10(e). Ecometal makes no

attempt to argue that any of these requirements are present because it knows it cannot meet the standard.

Instead, Ecometal invents its own standard and claims a right to amend because it would be otherwise prejudiced by not "having [its] expert report available for trial." (Opp. at 16.) Ecometal's argument is irrelevant and incorrect. LPR 3.10(e) does not consider prejudice to Ecometal based on the consequences of its own choices in this litigation because that is not "unfair"—and, moreover, it is unfair prejudice to *Terves* that matters.

Further, Terves' motion does not seek to strike Dr. Medlin's report in its entirety, and only seeks to strike the portions that go beyond the theories in its invalidity contentions. (Terves' Motion to Strike, ECF #112 (listing paragraphs the Court should strike).) So Terves' motion, if granted, would not bar Medlin from offering invalidity theories at trial; it would just confine him to the invalidity theories that his paying client, Ecometal, has asserted, which is exactly what the Local Patent Rules require.

Ecometal also has not shown *good cause* to amend. As detailed in its motion to strike, Ecometal has made no effort to explain why only now, after two years of litigation, it seeks to rely on new prior art references ranging from seven to 80 years old—evidence that Ecometal either knew about and withheld in order to sandbag or simply didn't look for until after the deadline passed. (ECF #112-1 at 8-9.) Neither of these reasons are good cause to amend. Worse yet is that Ecometal retained Dr. Medlin over a year ago to provide invalidity opinions at the preliminary injunction stage. So he's not new to this case, the patents, or prior art, and thus there is no good excuse for these 11th hour antics.

Further, Ecometal appears to argue "no harm, no foul" because Terves has 30 days to address its eight pieces of new prior art and three new invalidity theories. That is not true. Instead of focusing on the tasks that the schedule requires during this period—expert discovery, rebuttal reports, and dispositive motions—Ecometal has forced Terves to turn its attention to Ecometal's violation the Local Patent Rules. That failure has created considerable confusion about what exactly Terves' expert would need to address and has necessitated multiple motions—this motion and a motion to extend deadlines—to ensure that Terves has a fair chance to respond.

To allow Ecometal to proceed with its new invalidity theories would be to make this unfair prejudice an established exception to the Local Patent Rules and would signal that the Local Patent Rules are of no matter and have no force. Moreover, Ecometal's ignoring the preclusive effect of final invalidity contentions, if left undisciplined, would prejudice the Court's authority and the importance of the Local Patent Rules. *Wong v. Regents of the Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("[d]isruption to the schedule of the court and other parties in that manner is not harmless.")

Finally, it is unclear for what proposition Ecometal cites *Accord Intellectual Ventures II, LLC v. JP Morgan Chase & Co.*, 2015 WL 3855069 (Opp. at 16), but it cannot be construed to favor Ecometal. There, the court allowed the plaintiff to amend its initial infringement contentions for a seventh time and allowed defendants to strike portions of those amended infringement contentions that included new theories or contentions after the close of the fact discovery deadline. *Id*. As such, this case directly supports Terves' motion.

Without any legal basis for amending, this Court should deny Ecometal's last-minute attempt to change its chosen path.

**IV.  Conclusion**

For these reasons, the Court should grant Terves' motion.

Respectfully submitted,

| | |
|---|---|
| Dated: August 24, 2021 |   s/ Matthew J. Cavanagh<br>David B. Cupar (OH 0071622)<br>Matthew J. Cavanagh (OH 0079522)<br>Andrew D. Gordon-Seifert (OH 0092499)<br>Lidia C. Mowad (OH 0097973)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 │ f 216.348.5474<br>dcupar@mcdonaldhopkins.com<br>mcavanagh@mcdonaldhopkins.com<br>agordon-seifert@mcdonaldhopkins.com<br>lmowad@mcdonaldhopkins.com<br><br>*Counsel for Terves LLC* |