UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERVES LLC, | ) | |
| Plaintiff, | ) | Case No.    1:19-CV-1611 |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| YUEYANG AEROSPACE NEW | ) | |
| MATERIALS CO., LTD., *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

This matter is before the court on the Ecometal Defendants' Motion to Stay Pending Patent

Reexamination. (ECF #100).   Plaintiff filed an Opposition to the motion. (ECF #108).  Defendants

subsequently filed a Notice indicating that the United States Patent and Trademark Office

("USPTO") has granted Defendants' reexamination request.  (ECF #114).  Plaintiffs filed a

Supplemental Reply addressing this Notice, and Defendants file a Reply to the Supplemental

Opposition.  (ECF # 116, 118).  After briefing was complete, the parties noticed discrepancies in the

USPTO's  reexamination order and confirmed, contrary to the parties preliminary understanding, that

the USPTO has granted reexamination of all requested claims in the '653 patent, including those that

are in question in this litigation.  (ECF #122).  There is no review pending for the '740 patent.   This

issue is now ready for disposition.

Courts have inherent power to stay proceedings, particularly to allow USPTO review.  *See,*

*e.g., Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Ethicon,*

*Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  In making a determination on whether to

stay proceedings pending a review by the USPTO, the Court should consider the totality of the circumstances, including but not limited to what stage the proceedings are in; whether a stay would simplify the issues and trial of the case; and, whether a stay would unduly prejudice the non-moving party. *See, e.g., Procter & Gamble Co. v. Team Techs., Inc.*, Case No. 1:12 CV 552, 2013 U.S. Dist. LEXIS 128949, at *4-5 (S.D. Ohio Sept. 10, 2013); PDS Elecs., Inc. v. Hi-Z Antennas, No. 5:10-CV-02806, 2011 WL 1097745 , at *1 (N.D. Ohio, Mar. 22, 2011).   Although stays may be liberally granted for review when the factors favor the moving party, "a court must tread carefully in granting a stay," because "a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

This case was originally filed in July of 2019.  Defendants filed a Motion to Dismiss, which the parties agreed was rendered moot by the filing of a First Amended Complaint.  Discovery was originally scheduled to be completed by July 1, 2020.  A Second Amended Complaint was permitted, and was filed on July 24, 2020.  Defendants filed an Answer and Counterclaim on August 7, 2020.  Plaintiff also filed a Motion for Preliminary Injunction, which was heard by the Magistrate; and, the Court adopted the Magistrate's recommendation to deny the preliminary injunction.  The claim construction hearing was held in February of 2021, and, following additional discussions and construction agreements between the parties, a final Order on claim construction was issued on March 29, 2021.  The parties sought and received extensions on the remaining deadlines agreeing to a final contention due date of June 21, 2021, and deadline for the filing of dispositive motions of October 18, 2021.  Since proposing these new dates, Plaintiff has filed a motion to compel further discovery, a motion to strike, in part, one of Defendant's expert reports, and a motion to stay its

rebuttal pending ruling on the motion to strike. Defendant, in turn, has filed the instant Motion for stay. All this indicates that this case is the final stages of litigation. Fact discovery is complete, expert reports are underway, and the parties should be prepared to begin dispositive motion briefing shortly. Further, some expert discovery was completed in connection with the evidentiary hearing on the Motion for Preliminary Injunction. A trial date, though yet to be scheduled could feasibly be set at the very beginning of 2022. Contrary to Defendant's assertion, this case is not in its "early stages," but rather is entering into its final phases.

A final decision by the USPTO could potentially reduce the scope of the 78 claims within the '653 patent, and have some bearing on the validity of Ecometal's defenses, but would not resolve all of them, nor would it have any bearing on the claims asserted under the '742 patent. Further, unlike in a IPR proceeding, there is no statutory estoppel barring the rearguing of validity in court, regardless of the reexamination results. Therefore, this factor is at best neutral in the analysis or weighs slightly in favor of denying the request for stay.

Finally, the reexamination process is likely to be lengthy, and any extended delay in the determination of this case would be prejudicial to the Plaintiffs. Unlike IPR proceedings, an ex parte reexamination has no set deadlines. According to the USPTO's filing data, the average length of such proceedings is over two years, and following decision is still subject to administrative appeal, and eventually appeal to the Federal Circuit. Including appeals, a final decision based on reexamination can take more than four years. (ECF #108, PageID 6999). A delay of this length is inherently prejudicial when the accused infringer is a direct competitor of the accuser.

As outline above, the relevant factors weigh against granting a stay in these circumstances. Defendants' motion is, therefore, DENIED. The case will proceed as previously scheduled.

- 3 -

Dispositive motions remain due October 18, 2021.  A status is set for September 16, 2021 at 9:00

a.m.. IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date: August 25, 2021

- 4 -