UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terves, LLC, | ) | |
| | ) | Case No. 1:19-cv-01611-DCN |
| Plaintiff, | ) | |
| | ) | Judge Donald C. Nugent |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| Yueyang Aerospace New Materials Co. Ltd. et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Terves' Memorandum in Support of Motion for Summary Judgment**

{9967627: }

## TABLE OF CONTENTS

LIST OF EXHIBITS................................................................................................iii

TABLE OF AUTHORITIES ................................................................................ iv

Statement of Issues .............................................................................................. vii

Summary of Argument ........................................................................................ viii

Statement of Undisputed Facts ............................................................................ 1

I.     Terves Obtains Patents in China and the United States Over Xiao............................ 1

II.    Ecometal Infringes Terves' '653 and '740 Patents. ........................................ 5

III.    Dr. Medlin Did Not Provide Opinions on Inequitable Conduct or Nearly All of Terves' Invalidity Affirmative Defenses. .......................................... 8

ARGUMENT ........................................................................................................ 9

I.     The Court Should Enter Summary Judgment of No Invalidity. ....................................... 9

    A.    Ecometal abandoned its patent-ineligibility (35 U.S.C. § 101) defense. ...................... 10

    B.    Ecometal did not present evidence supporting its §§ 102 or 103 defenses against: (1) '653 Patent claims 2, 3, 9, 14-15, 18-20, 23, 27, 30-31, 34-35, 38-39, 42, 46-47, 50, 52, 54, 56-61, 64, 66-67, 76; (2) '740 Patent claims 3-5, 8-11, 13, 16-17, 20-47, 51-69, 76-103; or (3) the '010 Patent.......................................................................................... 10

    C.    Ecometal did not present evidence supporting its 35 U.S.C. § 112 enablement, indefiniteness, or written description defenses as to the '653 Patent, '740 Patent, or the '010 Patent. ........................................................................................... 11

        1.    35 U.S.C. § 112 legal standard ................................................................ 11

        2.    Dr. Medlin offered no § 112 opinion on non-enablement. ........................................ 12

        3.    Dr. Medlin offered no § 112 opinion on indefiniteness. ......................................... 12

        4.    Dr. Medlin offered no § 112 opinion on lack of written description.......................... 12

**II.    The Court Should Enter Summary Judgment of No Waiver, Laches, Estoppel, or Prosecution Estoppel Defenses**.............................................................. 13

**III.   The Court Should Enter Summary Judgment of No Inequitable Conduct.** .............. 13

    A.    Inequitable conduct legal standard ................................................................ 13

    B.    Doud, Farkas, and Sherman had no knowledge of the references, which negates Ecometal's inequitable conduct claim as a matter of law. ................................................ 14

    C.    Turung did not have an English translation of the Chinese Office Action such that he had no duty to disclose what he did not have. .......................................... 15

    D.    Turung also did not have a full-English translation Xiao such that he had no duty to disclose what he did not have. ......................................................... 15

    E.    Ecometal cannot prove "but-for" materiality. ............................................... 17

    F.    Ecometal cannot prove specific intent to deceive. ........................................ 18

**IV.    The Court should grant summary judgment of patent infringement.** ....................... 19

**CONCLUSION** ............................................................................................................. 20

| Exhibit Number | **LIST OF EXHIBITS** |
|---|---|
| 1 | Excerpts from October 12, 2021 Deposition of Brian Turung (Attorneys' Eyes Only) |
| 2 | Declaration of Lidia C. Mowad, Esq.<br>    Exhibit A: Terves' Chinese Patent CN106460133 |
| 3 | Deposition of Brian Doud (Attorneys' Eyes Only) |
| 4 | Deposition of Nicholas Farkas (Attorneys' Eyes Only) |
| 5 | Excerpts from June 11, 2020 Deposition of Andrew Sherman (Attorneys' Eyes Only) |
| 6 | Excerpts from July 6, 2021 Deposition of Andrew Sherman (Attorneys' Eyes Only) |
| 7 | June 22, 2021 Brian Turung Deposition Exhibit 16 |
| 8 | Dr. Lee Swanger October 1, 2021 Validity and Enforceability Report |
| 9 | Ecometal Inc.'s January 10, 2020 Answers to First Set of Interrogatories (Attorneys' Eyes Only) |
| 10 | Nick Yuan's February 21, 2021 Supplemental Answers to First Set of Interrogatories (Attorneys' Eyes Only) |
| 11 | Dr. Lee Swanger July 27, 2021 Infringement Report (Attorneys' Eyes Only) |
| 12 | Dr. Dana Medlin Aug. 27, 2021 Non-infringement Report (Attorneys' Eyes Only) |
| 13 | Excerpts from Oct. 15, 2021 Deposition of Dr. Dana Medlin (Attorneys' Eyes Only) |
| 14 | Oct. 15, 2021 Deposition of Dr. Medlin Exhibit 709 |
| 15 | Oct. 15, 2021 Deposition of Dr. Medlin Exhibit 712 |
| 16 | Oct. 15, 2021 Deposition of Dr. Medlin Exhibit 713 |
| 17 | Ecometal's Final Invalidity and Unenforceability Contentions |
| 18 | Dr. Dana Medlin July 27, 2021 Invalidity and Unenforceability Report |

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*1st Media, LLC v. Elec. Arts, Inc.*,
    694 F.3d 1367 (Fed. Cir. 2012) ............................................................................................ 18

*Abbott Lab'ys v. TorPharm, Inc.*,
    300 F.3d 1367 (Fed. Cir. 2002) ............................................................................................ 20

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
    265 F.3d 1294 (Fed. Cir. 2001) ............................................................................................ 19

*Alexsam, Inc. v. IDT Corp.*,
    715 F.3d 1336 (Fed. Cir. 2013) ............................................................................................ 10

*Apple Inc. v. Samsung Elecs. Co.*,
    786 F.3d 983 (Fed. Cir. 2015), *rev'd and remanded on other grounds*, 137 S.
    Ct. 429 (2016) ...................................................................................................................... 11

*Astrazeneca Pharms. LP v. Teva Pharms. USA, Inc.*,
    583 F.3d 766 (Fed. Cir. 2009) .............................................................................................. 13

*Comair Rotron, Inc. v. Matsushita Elec. Corp. of Am.*,
    31 F.3d 1177 (Fed. Cir. 1994) .............................................................................................. 19

*Dig. Control Inc. v. Charles Mach. Works*,
    437 F.3d 1309 (Fed. Cir. 2006) ............................................................................................ 17

*Digital Control Inc. v. McLaughlin Mfg. Co.*,
    242 F. Supp. 2d 1000 (W.D. Wash. 2002) .......................................................................... 12

*Fiskars, Inc. v. Hunt Mfg. Co.*,
    221 F.3d 1318 (Fed. Cir. 2000) ............................................................................................ 19

*Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*,
    60 F.3d 770 (Fed. Cir. 1995) ................................................................................................ 13

*Hyatt v. Dudas*,
    492 F.3d 1365 (Fed. Cir. 2007) ............................................................................................ 12

*Larson Mfg. Co. of S.D. v. Aluminart Prods. Ltd.*,
    559 F.3d 1317 (Fed. Cir. 2009) ............................................................................................ 19

*Life Techs., Inc. v. Clontech Lab'ys, Inc.*,
    224 F.3d 1320 (Fed. Cir. 2000) ...................................................................................... 15, 16

*McGinley v. Franklin Sports, Inc.*,
  262 F.3d 1339 (Fed. Cir. 2001)..................................................................19

*Microsoft Corp. v. I4I Ltd. P'ship*,
  564 U.S. 91, 131 S. Ct. 2238, 180 L. Ed. 2d 131 (2011)...........................9

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
  572 U.S. 898 (2014)....................................................................................11

*Nordberg, Inc. v. Telsmith, Inc.*,
  82 F.3d 394 (Fed. Cir. 1996)......................................................................14

*Optium Corp. v. Emcore Corp.*,
  603 F.3d 1313 (Fed. Cir. 2010)............................................................13, 18

*Panduit Corp. v. Dennison Mfg. Co.*,
  836 F.2d 1329 (Fed. Cir. 1987)..................................................................19

*Paragon Podiatry Lab'y, Inc. v. KLM Lab'ys, Inc.*,
  984 F.2d 1182 (Fed. Cir. 1993)..................................................................14

*Procter & Gamble Co. v. Teva Pharm. USA, Inc.*,
  566 F.3d 989 (Fed. Cir. 2009)......................................................................9

*Regents of the Univ. of Calif. v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed. Cir. 1997)..................................................................17

*Rothman v. Target Corp.*,
  556 F.3d 1310 (Fed. Cir. 2009)............................................................15, 16

*Schumer v. Lab. Computer Sys., Inc.*,
  308 F.3d 1304 (Fed. Cir. 2002)............................................................10, 11

*Shire LLC v. Amneal Pharms., LLC*,
  802 F.3d 1301 (Fed. Cir. 2015)..................................................................10

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
  537 F.3d 1357 (Fed. Cir. 2008)..................................................................18

*Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*,
  665 F.3d 1269 (Fed. Cir. 2012)..................................................................12

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
  550 F.3d 1356 (Fed. Cir. 2008)..................................................................10

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011)............................................10, 14, 15, 16, 17, 18

*TriMed, Inc. v. Stryker Corp.*,
    608 F.3d 1333 (Fed Cir. 2010)................................................................................11

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
    520 U.S. 17, 117 S. Ct. 1040 (1997)....................................................................13

**Statutes**

35 U.S.C. § 101.........................................................................................................10

35 U.S.C. §§ 102, 103.....................................................................................8, 9, 10, 11

35 U.S.C. § 112..............................................................................................11, 12, 13

35 U.S.C. § 282............................................................................................................9

**Other Authorities**

LPR 3.5(d), 3.10......................................................................................................10

## **Statement of Issues**

1.  Whether Terves LLC ("Terves") is entitled to summary judgment on Ecometal Inc.'s and Nick Yuan's (collectively "Ecometal") 35 U.S.C. § 101 patent-ineligibility defense when Ecometal abandoned the defense by not asserting it in its final invalidity contentions and did not produce evidence to support the defense?

2.  Whether Terves is entitled to summary judgment on Ecometal's anticipation (§ 102) and obviousness (§ 103) defenses when Ecometal's expert did not support either defense as to certain patent claims and Ecometal has no other evidence for either defense?

3.  Whether Terves is entitled to summary judgment on Ecometal's indefiniteness, non-enablement, and lack of adequate description (§ 112) defenses when Ecometal's expert did not support either defense as to any patent claim and Ecometal has no other evidence for either defense?

4.  Whether Terves is entitled to summary judgment on Ecometal's inequitable conduct defense when Ecometal cannot establish that the accused individuals had knowledge of or possessed the allegedly withheld references, relevant and non-cumulative prior art was withheld, or there was intent to deceive?

5.  Whether Terves is entitled to summary judgment on Ecometal's waiver, laches, and/or estoppel defense when Ecometal did not produce evidence to support those defenses?

6.  Whether Terves is entitled to summary judgment on Ecometal's prosecution history estoppel defense when Ecometal has did not produce evidence to support the defense?

7.  Whether Terves is entitled to summary judgment of Ecometal's infringement of the '653 and '740 Patents when Terves met its infringement burden as to the asserted patent claims, Ecometal does not dispute infringement or identify any missing claim limitations, and Ecometal's testing matched Terves' testing and thus confirms infringement?

## Summary of Argument

Terves seeks summary judgment on: (1) Ecometal's defenses that lack any supporting evidence or are negated by undisputed evidence; and (2) Terves' infringement claims that Ecometal does not dispute with any genuine issue of material fact.

After over a year of discovery, Ecometal has no evidence to support its § 101 patent-ineligibility, waiver, laches, or estoppel, and prosecution history estoppel defenses. These defenses were factually unsupported from the start, were pleaded as conclusory, boilerplate defenses, and Ecometal abandoned them by not identifying any evidence to support them. The Court should grant summary judgment as to these defenses.

Although Ecometal's expert offered   anticipation and obviousness opinions on some asserted claims, he did not offer any those opinions for all asserted claims. Thus, the Court should enter summary judgment for the unchallenged claims.  Furthermore, Ecometal's expert did not have any indefiniteness, non-enablement, or lack of written description opinion whatsoever as to any claims of the asserted patents. The only legal way for Ecometal to support these defenses through expert evidence, and Ecometal conceded this by offering its expert to opine on invalidity as to some, but not all, claims. The Court should grant summary judgment as to those defenses that are unsupported by admissible evidence.

Ecometal also asserted, only on its belief, that several inventors and the patent attorney committed inequitable conduct because they withheld documents Ecometal believed they had in their possession. The evidence, however, shows that those inventors had no knowledge whatsoever of those allegedly withheld documents. The evidence also shows that the patent attorney never possessed a full-English translation of the allegedly withheld documents, as alleged by Ecometal. Because Ecometal's allegations hung on the requirement that Terves' patent attorney had full

English-translations of two Chinese documents, and because the patent attorney did not possess or have knowledge of those full English-translations, Ecometal's inequitable conduct claims fail as a matter of law.  The Court should grant summary judgment on inequitable conduct for that reason and for other reasons provided  later in this brief.

Similarly, while Ecometal began by denying infringement in its answer, Terves' expert tested Ecometal's materials and confirmed infringement. Ecometal's expert *also* conducted testing that confirmed, rather than disputed, Ecometal's infringement. In fact, Ecometal's expert stopped conducting further testing when his early testing matched Terves' testing because he and the Ecometal lawyers did not want to continue creating the same results that Terves' expert obtained, and further confirm their client's infringement. Ecometal's expert did not disclose that testing in his rebuttal report and kept it secret until his deposition. Unable to criticize the result of infringement, Ecometal's expert report criticizes one aspect of Terves' expert testing that does not create a genuine dispute on the infringement question. Because Terves proved and Ecometal does not dispute infringement, the Court should grant summary judgment as to infringement.

## Statement of Undisputed Facts

### I.     Terves Obtains Patents in China and the United States Over Xiao.

1.     Terves owns U.S. Patent Nos. 9,903,010 (the "'010 Patent"), ECF #44-1, 10,329,653 (the "'653 Patent"), ECF #44-2, and 10,689,740 (the "'740 Patent"), ECF #44-3 (collectively, the "Terves Patents"). (Ecometal Second Amended Answer and Counterclaims ¶ 2, ECF #66, PageID # 5209 (admitting that Terves owns each patent).) [1]

2.     The Terves Patents name Andrew Sherman, Brian Doud, and Nicholas Farkas as the inventors. (ECF #44-1, 44-2, 44-3.) Brian Turung served as patent counsel for Terves before the USPTO. (Oct. 12, 2021 Dep. of Brian Turung, 124:12-14, 126:12-20, Ex. 1.) Terves also used Chinese patent counsel to represent it before the Chinese Patent Office on Chinese patent applications related to the Terves Patents. (Ex. 1, 125:6-9, 196:15-197:6, 204:21-206:5.)

3.     Chinese counsel received an office action from the Chinese Patent Office that cited Chinese Patent CN103343271 ("Xiao") ("Chinese Office Action"). (Ex. 1, 196:15-18.)

4.      (Ex. 1, 195:8-197:6, 202:12-18.) Instead, (Ex. 1, 204:21-206:5.) and Terves obtained a Chinese patent over the teachings set forth in Xiao. (Ex. 1, 204:7-205:10; English Translation of Chinese Office Action (citing Xiao), ECF#40-16; Chinese Response to Chinese Office Action, ECF #40-17; English translation of Chinese Response to Chinese Office Action (responding to Xiao and amending claims to overcome

---

[1] Terves seeks summary judgment of all listed defenses as to all three Terves Patents, and seeks summary judgment of infringement as to only the '653 Patent and '740 Patent. Terves has withdrawn its infringement contentions as to the '010 Patent.

Xiao), ECF #40-18; ECF # 66, PageID #5235-36 (admitting that Terves amended its Chinese patent claims to overcome Xiao); Notice of Grant Patent Right for Invention, ECF #69-6; Declaration of Lidia C. Mowad, Esq., at Ex. A Terves' Chinese Patent CN106460133, Ex. 2.)

5. ███████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████ (Ex. 1, 137:5-12, 227:16-19; 250:20-23; Ecometal Answer, ECF #66, PageID #5236-37 (admitting that Turung submitted a copy of Xiao in native Chinese and an English-translation of the Xiao abstract); English Abstract, ECF #66-6; Native Xiao, ECF #66-7.) The USPTO's Manual of Patent Examination and Procedure states that "[s]ubmission of an English language abstract of a reference, such as one generated by a foreign patent office, may fulfill the requirement for a concise explanation" to satisfy a patent prosecutor's duty of disclosure for non-English patents. M.P.E.P. 609.04(a)(III). Mr. Turung satisfied his legal obligation. *Id.*

6. The USPTO examiner reviewed both Xiao in its native format as well as the English translation of the abstract. (Ex. 1, 137:5-12, 227:16-19; 250:20-23; ECF #44-1, PageID #4292 ("Foreign Patent Documents: "CN 103343271"), ECF #44-2, PageID #4312 (same), ECF #44-3, PageID #4334 (same); References Considered in '653 Patent, ECF #69-7, PageID #5908 (Patent Examiner noting with his initials on each page that he considered Xiao); References Considered in '740 Patent, ECF #71-2, PageID #6027 (same).) Like the Chinese Patent Office, the USPTO issued the Terves Patents over Xiao. (*Id.*; *see also* Ex. 1, 137:5-12, 204:7-205:10.)

7. Ecometal alleged in its counterclaim that the Terves Patents are unenforceable due to inequitable conduct because Doud, Farkas, Sherman, and Turung possessed but wrongfully withheld: (1) a full-English translation of Xiao including translated dissolution rate tables; (2) a

full-English translation of a Chinese Office Action; and (3) Ecometal's 364-page invalidity contentions in this litigation. (ECF #66, PageID #5232-52.)

8. ███████████████████████████████████████████████████

████████████████ (Dep. of Doud, Ex. 3; Dep. of Farkas, Ex. 4; June 11, 2020 Dep. of Sherman, 177:9-182:24, Ex. 5; July 6, 2021 Dep. of Sherman, 246:7-247:16, Ex. 6.)

9. ██████████████████████████████████████████████ (Ex. 1, 186:24-189:16, 194:15-197:6); ████████████████████████████████████

███ (Ex. 1, 186:22-188:21; Turung Dep. Ex. 16, Ex. 7 (partial translation lacking dissolution tables)); ███████████████████████████████ (Ex. 1, 196:20-197:6,, 194:15-197:6).

10. ██████████████████████████████████████████████

████████████████████████████████████ (Ex. 1, 137:5-12, 227:16-19; 250:20-23); ████████████████████████████████████ (Ex. 1, 186:22-188:21, Ex. 7). The machine-translated, partial-English translation of Xiao did not translate into English the dissolution rate tables that Ecometal incorrectly alleged Turung had in this possession and allegedly failed to disclose, but rather substituted the word "image" for the tables:



(Ex. 7.) In contrast, the original Xiao in native Chinese, which Turung did provide to the USPTO, provides the dissolution tables that Ecometal alleged were withheld:

**Table 2: Xiao In ENGLISH discloses Two Columns of Dissolution Rates (shown with the unit g.cm$^{-2}$.h$^{-1}$) dissolved in 3%KCl at 70ºC and 93ºC for the Formulas in Table 1**

**ENGLISH: Dissolution Rate (g.cm$^{-2}$.h$^{-1}$) dissolved in 3%KCl at 70ºC**

**ENGLISH: Dissolution Rate (g.cm$^{-2}$.h$^{-1}$) dissolved in 3%KCl at 93ºC**

**Control 1 and Formulas 1-7 in ENGLISH**

**All Values in ENGLISH**

| | 室温抗拉强度 σ_b (MPa) | 70℃在3%KCl溶液中的分解速率(g.cm$^{-2}$.h$^{-1}$) | 93℃在3%KCl溶液中的分解速率(g.cm$^{-2}$.h$^{-1}$) |
|---|---|---|---|
| 对比例 1 | 232 | 0.00026 | 0.0005 |
| 实施例 1 | 360 | 0.035 | 0.074 |
| 实施例 2 | 385 | 0.015 | 0.045 |
| 实施例 3 | 410 | 0.013 | 0.036 |
| 实施例 4 | 375 | 0.034 | 0.058 |
| 实施例 5 | 392 | 0.025 | 0.048 |
| 实施例 6 | 365 | 0.021 | 0.063 |
| 实施例 7 | 387 | 0.036 | 0.057 |

(ECF #66-7, PageID #5317.) Terves' expert confirmed that a person knowing only English can read the tables from the native Xiao above and understand that the first table identifies the compositions of each of the seven samples and AZ91D, and the second table identifies dissolution rates (g.cm$^{-2}$.h$^{-2}$). (Dr. Swanger Oct. 1, 2021 Validity and Enforceability Report, pp. 9-10, Ex. 8.) Thus, no English translation of those tables was necessary even if Mr. Turung had knowledge of them, which he did not. (Ex. 1, 189:10-16; Ex. 7.)

11.     The screenshot below from Ecometal's counterclaim shows a table that Ecometal's lawyer–not Mr. Turung–obtained:

50.    For example, the full-length Chinese-language version of Xiao provides:

Table 2: Room Temperature Compressive Strength and High Temperature Decomposition Rate of the Cast Alloy of the Present Invention:



(ECF #66, PageID #5244; ECF #40-4, PageID #3544.) Ecometal's lawyers included a declaration from the translator dated June 23, 2020, which further shows that this translation was not from Mr. Turung but rather from Ecometal's lawyers. (ECF #40-4.) While Ecometal's lawyers incorrectly assumed and then alleged Mr. Turung himself had such an English translation of this table, Mr. Turung did not have possession or a copy of this table, and Ecometal has no evidence to the contrary.

## II.    Ecometal Infringes Terves' '653 and '740 Patents.

12.    Ecometal ████████████████████████████████████████

████████████████████████████████████████████████████ (collectively, the "AJM Products"). (Ecometal's Jan. 10, 2020 Answers to First Set of Interrogs., Resp. 1, Ex. 9; Yuan Feb. 21, 2021 Suppl. Answers to First Set of Interrogs., Resp. 1, Ex. 10.)

13.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ (Dr. Swanger July 27, 2021 Infringement Report, Ex. 11.) Based on his testing, ████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████ (*Id.*; Dr. Medlin Aug. 27, 2021 Non-infringement Report, Ex. 12, pp. 5-21.)

14.     Dr. Medlin submitted his final Non-infringement Report to rebut Dr. Swanger's Infringement Report. (Dr. Medlin Aug. 27, 2021 Non-infringement Report, Ex. 12; Oct. 15, 2021 Dep. of Dr. Medlin, 33:4-13, Ex. 13.) Dr. Medlin's report did ***not***: (1) provide a non-infringement opinion, (Ex. 12; Ex. 13, 46:18-59:3); (2) provide the law regarding patent infringement, (Ex. 12; Ex. 13, 51:3-8); (3) disagree with Dr. Swanger's legal standard for infringement, (Ex. 12; Ex. 13, 49:20-51:2, 51:23-52:10); (4) identify which AJM Products do not infringe, (Ex. 12; Ex. 13, 52:19-25, 53:14-54:13); (5) compare the Terves Patents to the AJM Products, (Ex. 12; Ex. 13, 53:1-7); (6) identify any missing claim limitations from the Terves Patents in the AJM Products, (Ex. 12; Ex. 13, 53:8-13); or (7) provide any claim charts (Ex. 12; Ex. 13, 54:14-16). Dr. Medlin did not rebut Dr. Swanger's infringement opinions. (Ex. 13, 54:18-59:3.)

15.     Dr. Medlin's rebuttal report does not identify any testing that he performed. (Ex. 12; Ex. 13, 59:9-61:24, 111:24-112:9.) At deposition, however, Dr. Medlin admitted that he and his technicians performed the same type of testing that Dr. Swanger performed. Dr. Medlin received samples of the accused AJM Products (Ex. 13, 110:7-110:15) and directed his laboratory team, Eurofins EAG Laboratories, to ████████████████████████ (Ex. 13, 110:16-111:15, 116:19-118:8; Medlin Dep. at Exhibit 709, Ex. 14). Dr. Medlin reviewed these results (Ex. 13, 118:3-22) and determined that ██████████████████████████████ ████████████████████████████████ (Ex. 13, 111:16-23, 118:9-119:3.) Dr. Medlin testified that his own test results did not provide him any non-infringement basis. (Ex. 13, 119:4-18.)

16.     Ecometal also directed Dr. Medlin to conduct ███████████████

███████████ which is the same testing performed by Dr. Swanger. (Ex. 13, 112:13-113:1;

Ex. 11.) On May 22, 2020, ████████████████████████████████

████████████████████ (Ex. 13, 113:8-10, 127:7-135:5; Medlin Dep. at Exhibit

712, Ex. 15; Medlin Dep. at Exhibit 713, Ex. 16.) Again, Dr. Medlin testified that he did not

disclose or rely on this testing in his rebuttal report to opine on non-infringement. (Ex. 13, 113:11-

14.)

17.     Ecometal's lawyers and Dr. Medlin decided not to finish the SEM and EDS testing

or test at all for corrosion because ████████████████████████

████████████████ (Ex. 13, 113:2-7.) ████████████

████████████████████████████████████████

████████████████████████████████████████

████████—because they would again confirm Dr. Swanger's results. (Ex. 13, 113:15-23.)

18.     While Dr. Medlin's report criticizes Dr. Swanger's testing (Ex. 12, pp. 2-5), it does

not disclose: (1) any of the testing Dr. Medlin later admitted performing that confirms Dr.

Swanger's testing; or (2) that Dr. Medlin ordered his technicians to stop any further testing because

that additional testing would only show what Dr. Swanger's testing already did. (Ex. 13, 113:15-

23, 134:15-135:5.)

19.     Dr. Medlin did not perform any testing or analysis on the AJM Products that

showed a different result than what Dr. Swanger's testing reached. (Ex. 13, 108:3-11, 111:12-112:

9, 118:18-119:3, 134:15-135:5.)

### III. Dr. Medlin Did Not Provide Opinions on Inequitable Conduct or Nearly All of Terves' Invalidity Affirmative Defenses.

20.    Ecometal claimed that the Terves Patents are: invalid or unenforceable for failure to satisfy the condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112; unenforceable by prosecution history estoppel; and unenforceable by waiver, laches, or equitable estoppel. (Ex. 2.) Ecometal later narrowed its defenses to only 35 U.S.C. §§ 102, 103, and 112. (Ecometal Final Invalidity and Unenforceability Contentions, Ex. 17.)

21.    During claim construction, Dr. Medlin provided to the Court his indefiniteness opinions. (Dr. Medlin Apr. 10, 2020 Decl., ECF #37-3.) Dr. Medlin provided the legal indefiniteness standard (Ex. 17, pp. 5-6), and applied it to the terms he believed were allegedly indefinite. (Ex. 17, pp. 7-19).

22.    The Court rejected Dr. Medlin's indefiniteness opinions, and determined that those claimed terms were not indefinite. (Order, ECF #89.).

23.    Dr. Medlin submitted his final invalidity report in July 2021. (Dr. Medlin July 27, 2021 Invalidity and Unenforceability Report, Ex. 18.) Dr. Medlin testified that both of his reports provided his complete invalidity and unenforceability opinions as written (Ex. 13, 31:23-25, 32:17-24, 36:11-24, 37:19-38, 39:5-15, 105:25-108:18) and that he never supplemented his report (Ex. 13, 32:25-33:3, 38:24-39:4, 39:16-21).

24.    Dr. Medlin _did not opine_ on: (1) inequitable conduct; or (2) the materiality of what Turung allegedly had in his possession but did not disclose to the USPTO. (Ex. 18.)

25.    Dr. Medlin offered no opinions on: (1) patentability (35 U.S.C. § 101); (2) enablement (35 U.S.C. § 112); (3) indefiniteness (35 U.S.C. § 112); or (4) written description (35 U.S.C. § 112). Dr. Medlin did not re-assert his indefiniteness opinions that he provided in his claim construction opinion that the Court rejected. (Ex. 18.) Dr. Medlin did **_not_** identify: (1) the law for

enablement, indefiniteness, or written description (Ex. 18, pp. 11-15 (identifying no law or legal standard for either defense)); (2) enablement, indefiniteness, or written description law (Ex. 18); (3) any analysis under those legal standards necessary for a § 112 opinion (Ex. 18); (4) any of those terms in his report (Ex. 18; Ex. 13, 64:21-65:6 (indefinite), 76:15-77:6 (reasonable certainty), 103:5-104:4 (non-enablement)). Dr. Medlin confirmed that he has no enablement opinion. (Ex. 13, 103:5-104:4.)

26.     Dr. Medlin has _no opinion_ of anticipation (§102) or obviousness (§103) on the following patent claims: (1) '653 Patent: Claims 2, 3, 9, 14-15, 18-20, 23, 27, 30-31, 34-35, 38-39, 42, 46-47, 50, 52, 54, 56-61, 64, 66-67, 76; (2) '740 Patent: Claims 3-5, 8-11, 13, 16-17, 20-47, 51-69, 76-103; and (3) the '010 Patent. (Ex. 18.) Instead, Dr. Medlin only opined on anticipation or obviousness as to the following claims:

'653 Patent Anticipation: Claims 1 (Ex. 18 pp. 49-60, 162-166); 4 (*id.* pp. 60-61); 5 (*id.* pp. 61-63); 29 (*id.* pp. 63-70); 37 (*id.* pp. 70-75); 41 (*id.* pp. 75-82); 43 (*id.* pp. 82-83); 45 (*id.* pp. 83-89); 49 (*id.* pp. 89-96); 69 (*id.* pp. 97-99); 70 (*id.* pp. 99-100);

'653 Patent Obviousness: Claims 7 (*id.* pp. 136-140); 12 (*id.* pp. 140-157); 13 (*id.* pp. 157-159); Claims 25 (*id.* pp. 109-116); 33 (*id.* pp. 116-123); 55 *id.* (pp. 123-124); 74 (*id.* pp. 126-136);

'740 Patent Anticipation: Claims 94 (*id.* pp. 190-193); and

'740 Patent Obviousness: Claims 2 (*id.* pp. 170-175, 183-187); 19 (*id.* pp. 175-179, 187-190); 94 (*id.* pp. 179-182).

## ARGUMENT

### I.     The Court Should Enter Summary Judgment of No Invalidity.

The Terves Patents are presumed valid. *See* 35 U.S.C. § 282; *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009). Ecometal must prove invalidity by clear and convincing evidence. *See Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 131 S. Ct. 2238, 2239, 180 L. Ed. 2d 131 (2011)). Without clear and convincing evidence, the presumption remains, and summary judgment of no invalidity should occur. *See Shire LLC v. Amneal Pharms.,*

*LLC,* 802 F.3d 1301, 1309 (Fed. Cir. 2015) (affirming summary judgment where evidence of invalidity was not clear and convincing).

### A. Ecometal abandoned its patent-ineligibility (35 U.S.C. § 101) defense.

Ecometal alleged that the Terves Patents are invalid under 35 U.S.C. § 101. (Statement of Facts ("SUF"), ¶20.) The Local Patent Rules required Ecometal to assert "[a]ny grounds of invalidity based on 35 U.S.C. § 101" in its final invalidity contentions. LPR 3.5(d), 3.10. Ecometal did not assert this ground (SUF, ¶20), and therefore abandoned any 35 U.S.C. § 101 defense. Further, Ecometal's putative expert, Dr. Dana Medlin, has no patent-ineligibility opinion. (SUF, ¶25.) Ecometal has produced no evidence of patent-ineligibility. Because Ecometal has no evidence as to its § 101 defense, and abandoned it, summary judgment is appropriate as to § 101.

### B. Ecometal did not present evidence supporting its §§ 102 or 103 defenses against: (1) '653 Patent claims 2, 3, 9, 14-15, 18-20, 23, 27, 30-31, 34-35, 38-39, 42, 46-47, 50, 52, 54, 56-61, 64, 66-67, 76; (2) '740 Patent claims 3-5, 8-11, 13, 16-17, 20-47, 51-69, 76-103; or (3) the '010 Patent.

Summary judgment of no invalidity is appropriate when an accused infringer offers no expert testimony of invalidity as to a particular patent claim. *Alexsam, Inc. v. IDT Corp.*, 715 F.3d 1336, 1348 (Fed. Cir. 2013) (affirming judgment of validity where accused infringer did not have expert opinion support of its invalidity theories); *Sundance, Inc. v. DeMonte Fabricating Ltd.,* 550 F.3d 1356, 1365 (Fed. Cir. 2008) (expert testimony required where technology and prior art are complex). Summary judgment is also appropriate when that expert does not come forward with any affirmative evidence to support an invalidity opinion as to a particular patent claim. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288 (Fed. Cir. 2011) (validity defenses are claim specific); *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315–16 (Fed. Cir. 2002) ("testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and

explain in detail how each claim element is disclosed in the prior art reference"); *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1340 (Fed Cir. 2010) (same, as to obviousness). Because both issues are properly evaluated from the perspective of a POSITA,[2] a finding of invalidity *requires supporting testimony* from a qualified expert or competent non-expert witness. *Schumer*, 308 F.3d at 1315–16.

Dr. Medlin provided no anticipation or obviousness opinions as to: (1) '653 Patent claims 2, 3, 9, 14-15, 18-20, 23, 27, 30-31, 34-35, 38-39, 42, 46-47, 50, 52, 54, 56-61, 64, 66-67, 76; (2) '740 Patent claims 3-5, 8-11, 13, 16-17, 20-47, 51-69, 76-103; or (3) the '010 patent. (SUF, ¶26.) Dr. Medlin testified that his report provides his complete opinions, and that he has no supplement. (SUF, ¶23.) Ecometal provided no other expert opinion. *Schumer*, 308 F.3d at 1315–16; *TriMed*, 608 F.3d at 1340. Therefore, the Court should enter summary judgment of no invalidity under §§102 or 103 for those claims that Dr. Medlin does not address.

**C.  Ecometal did not present evidence supporting its 35 U.S.C. § 112 enablement, indefiniteness, or written description defenses as to the '653 Patent, '740 Patent, or the '010 Patent.**

**1.  35 U.S.C. § 112 legal standard**

35 U.S.C. § 112 includes three defenses: indefiniteness, non-enablement, and lack of written description. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 908–13 (2014). Each defense *requires* evidence regarding the perspective of a POSITA at the time the patent was filed. *Id.; see, e.g., Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1002 (Fed. Cir. 2015), *rev'd and remanded on other grounds*, 137 S. Ct. 429 (2016) (affirming definiteness where "patent challenger had failed to adduce any evidence showing that the [POSITA] would lack reasonable certainty in the claim's scope"). Thus, when an expert's opinion provides either no opinion or a

---

[2] POSITA is short for "person having ordinary skill in the art."

conclusory opinion, summary judgment is appropriate. *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1290 (Fed. Cir. 2012) ("conclusory expert assertions do not give rise to a genuine issue of material fact.") Summary judgment is also appropriate where the expert does not apply the §112 opinion to each specific claim limitation. *See Hyatt v. Dudas*, 492 F.3d 1365, 1371 (Fed. Cir. 2007) (accused infringer must address written description for each claim limitation including combination of limitations). Summary judgment is also appropriate when a putative expert asserts only their personal belief without supporting citations or facts. *See Digital Control Inc. v. McLaughlin Mfg. Co.*, 242 F. Supp. 2d 1000, 1007 (W.D. Wash. 2002) (citing *Arthur A. Collins, Inc. v. Northern Telecom Ltd.*, 216 F.3d 1042, 1046 (Fed.Cir.2000)).

### 2. Dr. Medlin offered no § 112 opinion on non-enablement.

In his report, Dr. Medlin offered no expert opinion on non-enablement. Never once in his report does Dr. Medlin: cite or refer to §112; provide the law for enablement; use the term "enablement"; or apply the law of enablement. (SUF, ¶¶20-23, 25.) Dispositively, Dr. Medlin affirmatively testified that he has no opinion on enablement. (SUF, ¶25.) Therefore, summary judgment is appropriate as to this defense.

### 3. Dr. Medlin offered no § 112 opinion on indefiniteness.

Dr. Medlin also offered no expert opinion on indefiniteness. Again, Dr. Medlin did not: cite or refer to § 112; provide the law for indefiniteness; use any terms relating to indefiniteness; or apply the law of indefiniteness. (SUF, ¶¶21-23, 25.) In contrast, Dr. Medlin previously provided indefiniteness opinions in this claim construction report, but the Court rejected those opinions. (SUF, ¶¶21-22.) Therefore, summary judgment as to this defense is appropriate.

### 4. Dr. Medlin offered no § 112 opinion on lack of written description.

Dr. Medlin also offered no expert opinion on lack of written description. Dr. Medlin again did not: cite or refer to § 112; provide the law for written description or reasonable certainty; use

phrases like "lack of written description" or "reasonable certainty"; or apply the law of written description to any of the claims in the Terves Patents. (SUF, ¶¶21-23, 25). Therefore, summary judgment is appropriate.

## II.     The Court Should Enter Summary Judgment of No Waiver, Laches, Estoppel, or Prosecution Estoppel Defenses.

The Court should enter summary judgment on affirmative defenses when an accused infringer possesses no factual support. *See Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770 (Fed. Cir. 1995) (reversing summary judgment finding laches because laches burden was on accused infringer); *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 31–32, 117 S. Ct. 1040, 1050 (1997) (summary judgment of no prosecution history estoppel is appropriate where no change is made to patent claim to overcome objection based on prior art).

Here, Ecometal offered no evidence to support the defenses of waiver, laches, estoppel, or prosecution history estoppel, which it merely pleaded in conclusory fashion in its answer. (ECF #66, PageID #5320.) The Court should grant summary judgment to Terves on these defenses.

## III.    The Court Should Enter Summary Judgment of No Inequitable Conduct.

### A.      Inequitable conduct legal standard

For inequitable conduct, summary judgment is appropriate "[w]hen a party has failed to introduce evidence sufficient to establish the existence of an essential element of that party's case in accordance with the applicable standard of proof." *Optium Corp. v. Emcore Corp.*, 603 F.3d 1313, 1319–20 (Fed. Cir. 2010); *Astrazeneca Pharms. LP v. Teva Pharms. USA, Inc.*, 583 F.3d 766, 777 (Fed. Cir. 2009) (affirming summary judgment of no inequitable conduct when proof element could not be established).

"In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a *known* material reference."

*Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (emphasis added) (citing *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)). If an applicant did not know about a reference, summary judgment of no inequitable conduct is proper. *Id.*

Further, inequitable conduct is an equitable defense that should be decided by the Court, not a jury. *Paragon Podiatry Lab'y, Inc. v. KLM Lab'ys, Inc.*, 984 F.2d 1182 (Fed. Cir. 1993). Thus, summary judgment resolution is also appropriate.

The Court should grant summary judgment of no inequitable conduct on the following grounds: (i) ███████████████████████████████████████; (ii) Turung ████████████████████████████████████████████████████████ ███████████████████████; (iii) none of the allegedly withheld documents are "but-for" material; and (iv) neither the inventors nor Turung had the specific intent to deceive the USPTO.

### B. Doud, Farkas, and Sherman had no knowledge of the references, which negates Ecometal's inequitable conduct claim as a matter of law.

The Court should grant summary judgment of no inequitable conduct when the evidence is insufficient to establish that an inventor or patent attorney had knowledge of an allegedly withheld prior art reference—that the reference was not *known*. *Therasense*, 649 F.3d at 1290; *see also Nordberg, Inc. v. Telsmith, Inc.*, 82 F.3d 394, 397 (Fed. Cir. 1996) (affirming judgment of no inequitable conduct where "the relevant [patentee] employees were unaware of the [prior art reference] during prosecution . . . [Patentee] could not have 'concealed' a prior art reference of which it was unaware"). Logic follows law: because an inventor or patent attorney "could not have 'concealed' a prior art reference of which it was unaware, the district court did not clearly err in finding that [plaintiff] did not conceal the Saunders patent with the intent to mislead the PTO." *Id.*

Ecometal deposed each of the three inventors of the Terves Patents: Doud, Farkas, and Sherman. (SUF, ¶¶2, 8.) Ecometal *never* asked any questions to either Doud or Farkas about their

knowledge of Xiao or the Chinese Office Action cited in Ecometal's inequitable conduct counterclaims. (SUF, ¶8.) ████████████████████████████████████████

████████ (SUF, ¶8.) Therefore, Ecometal has no evidence whatsoever that Doud, Farkas, or Sherman had knowledge of Xiao or the Chinese Office Action. Terves is entitled to summary judgment on inequitable conduct with respect to Doud, Farkas, and Sherman.

### C. Turung did not have an English translation of the Chinese Office Action such that he had no duty to disclose what he did not have.

The Court should enter summary judgment when "the accused infringer [cannot] prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Therasense*, 649 F.3d at 1290; *Life Techs., Inc. v. Clontech Lab'ys, Inc.*, 224 F.3d 1320, 1327 (Fed. Cir. 2000) (reversing judgment where inventors were not in possession of the allegedly withheld material information); *Rothman v. Target Corp.*, 556 F.3d 1310, 1327–28 (Fed. Cir. 2009) (reversing judgment where there was "nothing to disclose" because patentee did not have the allegedly withheld prior art).

Ecometal, without factual basis, incorrectly alleged that Turung had a full-English translation of a Chinese Office Action. (SUF, ¶7.) That allegation has always been false. Indeed, Ecometal obtained facts in discovery that contradict its unsupported allegation. ████████████ ████████████████████████████████████████████████████████████ (SUF, ¶¶4-5, 9-11.) Without any knowledge of the contents or possession of the full English-translation of the Chinese Office Action, Ecometal has no evidence of Turung's knowledge or possession required to evidence Turung's wrongful withholding. The Court should grant summary judgment.

### D. Turung also did not have a full-English translation Xiao such that he had no duty to disclose what he did not have.

Ecometal also cannot establish inequitable conduct against Turung on the full-English translation of Xiao because Turung did not have a full-English translation of Xiao, as alleged by

Ecometal. *Therasense*, 649 F.3d at 1290; *Life Techs.,* 224 F.3d at 1327; *Rothman*, 556 F.3d at 1327–28.

Again, Ecometal blindly alleged without supporting facts its false belief that Turung possessed a full-length, English translation of Xiao, and such a full English translation would have disclosed a dissolution rate table material to patentability. (SUF, ¶7.) That is false because ████ ███████████████████████████████████████████████████████████████████ as baselessly hypothesized by Ecometal. (SUF, ¶¶4-5, 9-11.)

In fact, Ecometal obtained facts in discovery that directly contradict its baseless allegation. ████████████████████████████████████████████████████████████████████ ██████ (SUF, ¶¶4-5, 9-11.) Dispositively, ███████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████ (SUF, ¶¶9-11.) Turung obtained: ████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ (SUF, ¶¶9-11.)

Turung's machine-translated, partial-English translation of Xiao did ***not*** translate into English the tables that Ecometal falsely alleged Turung had in this possession:



(SUF, ¶10).

The Court should grant summary judgment because Turung never had a full English translation of Xiao or a translation of the dissolution rate tables in Xiao.

### E.   Ecometal cannot prove "but-for" materiality.

The Court should separately grant summary judgment on inequitable conduct because Ecometal cannot show "but-for" materiality as a matter of law. "[C]laims of inequitable conduct that are based on such omissions require proof of but-for materiality." *Therasense*, 649 F.3d at 1293. A prior art reference is "but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.* at 1291–92. A reference is not but-for material, however, if it is merely cumulative. *See Dig. Control Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1319 (Fed. Cir. 2006). A reference is cumulative when it "teaches no more than what a reasonable examiner would consider to be taught by the prior art already before the PTO." *Regents of the Univ. of Calif. v. Eli Lilly & Co.*, 119 F.3d 1559, 1575 (Fed. Cir. 1997). The Court should enter judgment of no inequitable conduct when the allegedly withheld references are merely cumulative of information already provided to the USPTO. *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1371 (Fed. Cir. 2008).

Ecometal has not provided any evidence to prove that Turung's partial, machine-translation version of Xiao that Turung had contained any material information beyond what he had already provided to the USPTO. Dr. Medlin *never* opined on inequitable conduct at all. (SUF, ¶¶24, 23.) Specifically, Dr. Medlin did *not* opine on the partial, machine-translation Turung had in his possession at all, let alone whether that document disclosed anything "but-for" material that Turung did not already disclose to the USPTO. (SUF, ¶¶24, 23, 9-11.) The controlling law dictates that Dr. Medlin had to opine how that partial-English translation of Xiao included "but-for" material information, not otherwise disclosed by Turung, which would have caused the USPTO to

reject Terves' patents. *See Thereasense*, 649 F.3d at 1291–1292. Without that evidence, Terves cannot prove but-for materiality under any standard, let alone clear and convincing standard. *Id.* at 1293. The Court should enter summary judgment accordingly.

**F.      Ecometal cannot prove specific intent to deceive.**

The Court should enter summary judgment on inequitable conduct for a third reason: no evidence of intent to deceive. Without clear and convincing facts proving that "the applicant . . . made a deliberate decision to withhold" a known *and* material reference, Ecometal cannot prove specific intent to deceive. *Therasense*, 649 F.3d at 1290; *1st Media, LLC v. Elec. Arts, Inc.*, 694 F.3d 1367, 1372 (Fed. Cir. 2012) ("A failure of proof on any element precludes a finding of inequitable conduct."); *Optium Corp. v. Emcore Corp.*, 603 F.3d 1313 (Fed. Cir. 2010) (affirming summary judgment of no inequitable conduct; accused infringer failed to produce any evidence to show intent).

The controlling *Therasense* case mandates that specific intent required at summary judgment ***cannot*** be inferred. *Therasense*, 649 F.3d 1290–1292. Turung disclosed all material information he had about Xiao to the USPTO, including Xiao in native Chinese that included the dissolution tables that had enough English symbols and numbers to be understood by English readers and especially the Examiner. (SUF, ¶¶5, 9-11.) Dr. Swanger agreed, confirming nothing material exists in the partial machine-translation of Xiao Turung had. (SUF, ¶10.) And Dr. Medlin did not address that partial machine-translation of Xiao, let alone how it was material in any way beyond what Turung already disclosed to the USPTO. (SUF, ¶24, 23.) This obviates any intent to deceive—rather, it evidences an intent to disclose. *See Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1327 (Fed. Cir. 2000) ("An applicant [cannot] be guilty of inequitable conduct if the reference was cited to the examiner."); *Larson Mfg. Co. of S.D. v. Aluminart Prods. Ltd.*, 559 F.3d 1317, 1340 (Fed. Cir. 2009) ("[N]on disclosure, by itself, cannot satisfy the deceptive intent

element.") The Court should grant summary judgment on inequitable conduct for this additional reason.

## IV.     The Court should grant summary judgment of patent infringement.

The Court should grant summary judgment of infringement when there is no genuine issue of material fact that the accused products are covered by the asserted patent. *See Panduit Corp. v. Dennison Mfg. Co.*, 836 F.2d 1329, 1331 (Fed. Cir. 1987); *Comair Rotron, Inc. v. Matsushita Elec. Corp. of Am.*, 31 F.3d 1177 (Fed. Cir. 1994) (affirming summary judgment of infringement).

When Terves meets its burden of proving infringement and that burden goes unrebutted, summary judgment of infringement is appropriate. *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.,* 265 F.3d 1294, 1311 (Fed. Cir. 2001) (affirming summary judgment of infringement); *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1344–49 (Fed. Cir. 2001) (affirming summary judgment of infringement; accused infringer's only rebuttal was conclusory).



(SUF, ¶11.) Terves' expert

(SUF, ¶12.) Therefore, Terves has established patent infringement.

(SUF, ¶¶14-19.)

In that paragraph,

(SUF, ¶18.)

Summary judgment of infringement is appropriate here because Dr. Medlin withheld from his report the fact that he performed the same testing Dr. Swanger did to obtain the same results so that Dr. Medlin's secret testing contradicts his report. (SUF, ¶¶14-19.) Dr. Medlin's unsupported opinion contradicted by his own testing does *not* create a genuine issue of material fact. *Abbott Lab'ys v. TorPharm, Inc.*, 300 F.3d 1367, 1375 (Fed. Cir. 2002) (affirming summary

judgment because accused infringer's speculation, coupled with ignorance concerning infringement demonstrated by actual patentee testing, does not rise to genuine dispute). In fact, that testing was so close to Dr. Swanger's infringement testing that Dr. Medlin, with input from Ecometal's lawyers, decided not to conduct any additional testing so as not to create more "near identical" results. (SUF, ¶¶14-19.) ███████████████████████████████████ ████████████████████████████████████████ establishes that Dr. Medlin's non-infringement report does not create a genuine issue of material fact.

Further, Dr. Medlin admitted that his isolated testing gripe *did not rebut infringement*. (SUF, ¶13.) Dr. Medlin admitted that he did not: (1) have a non-infringement opinion; (2) identify any missing claim limitations in the AJM Products; (3) conduct any testing that rebutted infringement; or (4) rely on or refer to his testing of the AJM Products. (SUF, ¶¶14-19.) Because Ecometal does not dispute that the AJM Products include each and every limitation of the Terves Patents, summary judgment is appropriate. There is no genuine dispute of any material fact as to infringement, and thus Terves is entitled to summary judgment of infringement as a matter of law.

## **CONCLUSION**

For these reasons, the Court should grant summary judgment as requested herein.

Respectfully submitted,

Dated:  November 18, 2021

   _s/_    David B. Cupar   
David B. Cupar (OH 0071622)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com

## **LOCAL RULE 7.1(f) CERTIFICATION**

I hereby certify that this case is on the standard track and that this memorandum adheres to the page limitations set forth in Local Rule 7.1(f).

  s/    David B. Cupar
David B. Cupar (OH 0071622)
