IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terves LLC, | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-1611-DCN |
| | ) | |
| | ) | Judge Donald C. Nugent |
| v. | ) | |
| | ) | |
| Yueyang Aerospace New Materials Co. Ltd. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Terves' Motion to Strike**
**January 10, 2022 Declaration of Dr. Dana Medlin (ECF #147-2)**

In accordance with Fed. Civ. R. 37(c)(1), Terves moves to strike the prejudicial, unjustified, and untimely January 10, 2022 declaration of expert Dr. Dana Medlin (the "New Medlin Report"). Ecometal improperly filed the New Medlin Report as new expert opinion evidence with its reply in support of its motion for summary judgment (ECF #147-2).

**I.     Introduction**

The Stipulated Scheduling Order required expert reports by July 27, 2021, rebuttal reports by August 27, and expert discovery completed by October 18. (ECF #92.) Federal Rules of Civil Procedure 26 and 37 mandated that Ecometal disclose all expert opinions by those deadlines, and new opinions disclosed after those deadlines must be stricken if harmful and without substantial justification. *See* Fed. Civ. R. 37(c)(1) ("If a party fails to provide information … as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

{10095347:2 }

The New Medlin Report is both harmful and unjustified. Facing summary judgment of infringement and no invalidity based on a lack of evidence, Ecometal tries to cure its deficiencies for the first time in its reply with the New Medlin Report. Dr. Medlin in his New Medlin Report contradicts his prior reports and his sworn deposition testimony by incorporating for the first time over 300 pages of lawyer-written final invalidity contentions wholesale that were are not part of his reports. In doing so, Medlin then falsely makes the new omnibus and conclusory opinion that "all" patent claims are invalid. That new opinion contradicts Medlin's sworn reports and deposition testimony that only <u>some</u> of the patent claims are invalid, which is the basis for Terves' summary judgment motion.

The New Medlin Report harms Terves because: (1) Terves relied on Medlin's reports identifying specific claims invalid as complete; and (2) Medlin repeatedly testified in deposition that his July 27 and August 27 reports were "complete" and that he had no supplementing opinions, facts or information. Terves correctly moved for summary judgment on that basis.

If the New Medlin Report is allowed to stand, Ecometal will be rewarded for knowingly violating its own stipulated deadlines and the law. Medlin's sworn reports and deposition testimony would mean nothing, and Ecometal would avoid discovery on and challenges to these new opinions. Because the expert rebuttal deadline passed on August 27, Terves cannot offer rebuttal testimony from its expert. Because expert discovery ended October 18, Terves already deposed Medlin who testified that his reports already identified his "complete" opinions and he had nothing to supplement. Striking the New Medlin Report is appropriate.

To allow Ecometal to insert these new opinions in summary judgment reply six months after they were due now would require turning the clock back to the start of expert disclosures and ripping up the months of summary judgment briefs based on the evidentiary record that existed before this new reply opinion. This, in turn, would cost Terves to lose the legal rights and resources it expended—as it built its summary judgment position around the evidence Ecometal disclosed when expert discovery closed—and it would require pushing the April trial date, which is extremely prejudicial to Terves' legal rights. It is proper to strike the New Medlin Report and proceed with the deadlines and manner that the parties stipulated.

The New Medlin Report is also unjustified. Ecometal wrongly uses the New Medlin Report to reply to facts and evidence in Terves' summary judgment briefing that Medlin has had for over two years. The Sixth Circuit has admonished parties in Ecometal's shoes attempting to use new expert opinions in reply briefs to address matters that should have been raised by the expert disclosure deadline. Ecometal's reply identifies no valid justification for such new opinions contradicting the prior sworn reports and testimony from its same expert. The Court should grant this motion and strike the New Medlin Report.

## II.  Background

Under the Court's stipulated scheduling order, the parties stipulated, and the Court ordered the deadlines to: (1) serve expert disclosures and reports by July 27, 2021; (2) serve rebuttal reports by August 27, 2021; (3) complete expert discovery by October 18, 2021; and (4) file dispositive motions by November 18, 2021. (ECF #92.)

On July 27, Ecometal served an invalidity report by Dr. Medlin. (*See, e.g.*, ECF #136-20 ("Medlin invalidity report").)[1] On August 27, 2021, Ecometal served a non-infringement rebuttal report by Medlin ("Medlin rebuttal report"). (ECF #136-14.)

On September 16, 2021, Ecometal requested leave to serve a "supplemental expert report" on non-infringement "based on new information obtained late in discovery." (ECF #128.) The Court granted the request and set a deadline of September 30, 2021 for Ecometal's supplemental report on non-infringement. (*Id.*) Despite its request, Ecometal did *not* produce a supplemental expert report by that deadline.

At his October 15, 2021 deposition, Medlin repeatedly testified that the Medlin invalidity and rebuttal reports, and the opinions expressed within them, were "complete." (ECF #136-14, 31:23-25, 32:17-24, 36:11-24, 37:19-38, 39:5-15, 105:25-108:18.) He confirmed that he never supplemented his report. (*Id.* at 32:25-33:3, 38:24-39:4, 39:16-21.) He testified that his report listed all of the materials he relied on for the opinions in his reports and that he produced all of the responsive materials in response to a subpoena issued by Terves. (ECF #144-5 at 39:25-41:22 (stating he provided all bases for his opinions).) Finally, he testified that he reviewed Ecometal's invalidity contentions in June, 2021, *prior* to the July 27 expert disclosure and report deadline. (*Id.* at 101:9-103:2.) Expert discovery closed on October 18, 2021.

---

[1] Terves moved to strike portions of that report because, contrary to the local patent rules, Dr. Medlin introduced new invalidity theories and prior art *not* disclosed in Ecometal's final invalidity contentions. (ECF #112.) On September 8, 2021, the Court denied that motion "at this time" but stated "if any portions extend beyond the proper scope of this litigation, the Court will sort those out at a later date." (ECF #127.) Ironically, the New Medlin Report now seeks to "incorporate by reference" the final invalidity contentions Medlin eschewed in his July 27 invalidity report.

With expert discovery closed, the parties filed their summary judgment motions on November 18, 2021, (ECF #133, 135, 136, 137), their oppositions on December 20, 2021 (ECF #143, 144), and their replies on January 10, 2022. (ECF #147, 148.)

Terves relied on the Medlin expert reports and his deposition testimony to show that Medlin opined that only <u>some</u>, but not all, patent claims were invalid, and Terves moved for summary judgment on the "Unchallenged Claims." (*See, e.g.*, Terves' Opening MSJ Br., ECF #135-1 at 6-7 (*Id*. at 8-9 (Statements of Undisputed Material Facts identify the claims Dr. Medlin provided no opinion for); 9-13 (Terves is entitled to judgment as a matter of law because Ecometal failed to produce any evidence to support invalidity defenses); Terves' Opp., ECF #143 at 1-2 (identifying which opinions Medlin provided in his reports).)

Dr. Medlin's invalidity report did not offer any opinions on: (1) patentability; (2) enablement; (3) indefiniteness; or (4) written description, so Terves moved for summary judgment on those defenses. (ECF #135-1 at 10.) Significantly, Terves <u>only</u> moved for summary judgment on the grounds that Medlin's invalidity and rebuttal reports did <u>not</u> address as a matter of law. (*See*, Terves' MSJ Brief, ECF #145-1 at 10.)

In its opposition, Ecometal did <u>not</u> contest the undisputed fact that Medlin did not provide any such opinions. (ECF #144 at 6-7.) Instead, Ecometal argued Medlin's "expert opinion [is] not required" to support invalidity and its invalidity contentions alone were sufficient to support its defense. (*Id*.) Terves, however, pointed out that invalidity contentions are *not* evidence as a matter of law. (ECF #143 at 2 (*citing, e.g., Aevoe Corp v. AE Tech Co. Ltd.*, 40 F. Supp. 3d 1351, 1362-63 (D. Nev. 2014) (invalidity contentions with claim charts "are merely statements of counsel and 'arguments of counsel are not evidence

and do not create issues of material fact'").) Because Ecometal could not rely on the contentions as evidence and Medlin did not opine on those issues, granting summary judgment to Terves is appropriate. (*Id.*)

After Terves fully briefed its motion and its opposition to Ecometal's motion, Ecometal for the first time in a reply served the New Medlin Report. The New Medlin Report identifies entirely new invalidity opinions that Medlin did not identify in his July 27 invalidity report or in his deposition. Specifically, in the New Medlin Report, Medlin contradicts his prior invalidity report and deposition testimony to now state that "all claims" in those patents are invalid. (ECF #147-2 New Medlin Report, ¶6.) Medlin's prior invalidity report, however, only identifies certain claims as invalid and he testified in his deposition that this opinion on only those certain claims was "complete."[2] (ECF #136-14, 31:23-25, 32:17-24, 36:11-24, 37:19-38, 39:5-15, 105:25-108:18.) Thus, the New Medlin Report wrongly expands his opinions to contradict his prior sworn opinions and testimony by "incorporating" other materials, such as Ecometal's invalidity contentions.

"Incorporating" Ecometal's invalidity contentions into Medlin's invalidity report is not a minor addition. Instead, such a sweeping incorporation with a sentence in his new declaration nearly doubles Medlin's already 358-page invalidity report by adding 325 pages of invalidity arguments as purported "evidence." (*See* ECF #144-6 (325-page invalidity contentions); #144-4 (358-page Medlin invalidity report).)

---

[2] In his July 27 invalidity report, Dr. Medlin did *not* provide invalidity opinions on (1) claims 2, 3, 9, 14-15, 18-20, 23, 27, 30-31, 34-35, 38-39, 42, 46-47, 50, 52, 54, 56-61, 64, 66-67, 76 of the '653 Patent; (2) claims 3-5, 8-11, 13, 16-17, 20-47, 51-69, 76-103 of the '740 Patent; or (3) the '010 Patent.

The alleged basis for this "incorporation" is the incorrect allegation that the New Medlin Report is "harmonious with and complementary to the [invalidity] Contentions." (ECF #147-2, New Medlin Report, ¶2-6.) This is untrue. For example, Ecometal's final invalidity contentions identify invalidity grounds such as patentability, indefiniteness, and written description. (ECF #144-6 at 3-4.) Medlin's invalidity report did not identify those grounds from the invalidity contentions. (ECF #146 at 8-9.) On flip side, Medlin's prior invalidity report identifies invalidity grounds and prior art *not* identified in Ecometal's invalidity contentions. (Medlin Report, ECF #112-1 at 4-5 (identifying theories not present in Ecometal's final invalidity contention but in Medlin's timely invalidity report).) That further shows Medlin's prior invalidity report is not "harmonious" with Ecometal's final invalidity contentions as Medlin now avows in his New Medlin Report.

The New Medlin Report provides new opinions that contradict: (1) his prior testimony that his report was complete and did not need supplementation; (2) his testimony that he had reviewed the invalidity contentions *prior* to serving his expert report; and (3) his report *did not* incorporate the final invalidity contentions but rather presented new, different invalidity grounds in his report different from the contentions. Medlin's decision not to challenge 114 patent claims in his July 27 invalidity report was no accident; if it was he would have either supplemented immediately or stated so at his deposition. He did not such thing. Thus, it is proper to rely on Medlin's own sworn July 27 invalidity report that did not challenge 114 patent claims as correct and final in this litigation.

Medlin also states in conclusory fashion that he "agree[s]" with the irrelevant November 19, 2021 office action during the re-examination proceedings for the '653 patent.

(*Id.* at ¶3.) As stated in Terves' reply, this action is a "non-final rejection," cannot prove invalidity, and is inadmissible. (ECF #148 at 7-8 (non-final rejections inadmissible because they are decided under different legal standards than district court and subject to change).) The Court should not allow Ecometal to backdoor that inadmissible evidence into this case through an improper expert report in reply.

Finally, Medlin adds a new point not in his prior invalidity report that he now professes is "painfully obvious" that he "had not considered" from Xiao: the term "magnesium alloy," can include metals not expressly identified in Xiao. (*Id.* at ¶4.) Medlin should have raised this by July 27 in his report and not for the first time in Ecometal's reply. The parties have identified the meaning of this term since prior to claim construction more than a year ago, and Medlin had every chance to identify what Xiao teaches a person of ordinary skill about a "magnesium alloy" by the stipulated July 27 date. Indeed, Medlin provided no indefiniteness opinion in his July 27 invalidity report. (ECF #143 at 17-18.) Medlin's new, expanding opinion on what Xiao teaches is improper and untimely.

### III. The Court should strike Dr. Medlin's improper and New Medlin Report

The Court should reject Ecometal's latest attempt to ambush both the Court and Terves with the untimely, not substantially justified, and extremely prejudicial New Medlin Report and strike it from the record.

District courts have broad discretion to exclude untimely disclosed expert witness testimony. *Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir. 2000) (affirming district court exclusion of untimely expert testimony where allowing it would be "contrary to all rules of fairness and proper procedure"). Under the Federal Rules of Civil Procedure, a party "must"

make expert disclosures, and their accompanying reports, "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Where a party fails to "provide information ... as required by Rule 26(a) or (e), the party is *not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial* unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

The Sixth Circuit has held that expert witness reports should be excluded when (1) untimely, (2) not harmless, and (3) not substantially justified. *See HLV, LLC v. Van Buren County*, 775 Fed.Appx. 204, 214 (6th Cir. 2019); *see also Uszak v. Yellow Transp., Inc.*, No. 1:06-CV-837, 2007 WL 171982, at *1 (N.D. Ohio Jan 18, 2007) (Boyko, J.) (striking belated expert report for failing to comply with Rule 26(a)(2)requirements). This is especially true where the expert attempts to rehabilitate their opinions "after the weaknesses in the expert's prior testimony have been revealed." *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011) (affirming exclusion of untimely expert report); *see also Trilogy Communications v. Times Fiber Communications*, 109 F.3d 739 (Fed.Cir. 1997) (upholding exclusion of untimely expert reports outside court's scheduling order). This prohibition applies to supplemental opinions. *Hayes Outdoor Media, LLC v. S. Tr. Ins. Co.*, No. 1:20-cv-01213, 2021 WL 5746001, at *2 (W.D. Tenn. Dec. 2, 2021) (excluding untimely supplemental expert testimony).

The New Medlin Report is untimely because Ecometal served it more than *six months* after the Court's expert disclosure deadline, three months after the expert discovery deadline, and two months after the dispositive motion deadline. The Court ordered that expert disclosures and reports were due July 27, 2021, and rebuttal reports were due August

27. (ECF #92.) On September 16, Ecometal requested that it be allowed to supplement its expert report "based on new information obtained late in discovery." (ECF #128.) The Court granted this request and gave Ecometal until September 30 to serve it. (*Id.*) But Ecometal produced no report by this deadline. Medlin testified that his reports were complete, had no new or additional opinions, and had no supplemental opinions. (Medlin Dep. 31:23-25, 32:17-24, 36:11-24, 37:19-38, 39:5-15, 105:25-108:18, ECF #136-14.) He also confirmed that he never supplemented his report. (*Id*. at 32:25-33:3, 38:24-39:4, 39:16-21.)

With expert discovery completed, Terves relied on Medlin's "complete" opinions to formulate its summary judgment strategy, to draft its motion, and to oppose Ecometal's summary judgment motion. (*See supra* pp. 3-6.) Ecometal's New Medlin Report is therefore well beyond the "time[] and [] sequence" ordered by the Court and as contemplated by Rule 26(a)(2).

The New Medlin Report severely harms Terves because it contradicts Medlin's earlier opinions and deposition testimony under oath, which is what Terves had shaped its summary judgment briefing and expert opinions around. Worse yet, Ecometal attempts to provide these new contradictory opinions for the first time in its summary judgment reply. This is prejudicial to Terves and the only remedy capable of addressing this prejudice is to strike and exclude Medlin's declaration. *See, e.g., Shinsedai Co. v. Nintendo Co., Ltd.*, No. 11cv2799, 2014 WL 11955595, at \*2 (S.D. Cal. June 10, 2014) (striking untimely "supplemental" expert report responding to arguments by other party).

*Shinsedai* illustrates why. There, as here, the court ordered a schedule for disclosure of expert opening and rebuttal reports. *Id*. at \*1. The plaintiff served a "supplemental" report

that sought to respond to criticisms of the opening report. *Id*. In striking the "reply" report as untimely, the Court noted that "[n]either the Amended Scheduling Order nor Rule 26(a)(2) provide for 'reply' expert reports. There are initial reports and rebuttal reports." *Id*. "If an expert can replace his initial opinions in response to criticisms in opposing expert rebuttal reports, the consequence is additional burden and cost for the parties and a docket that cannot be managed. This cannot be allowed." *Id*. at *2. Allowing Ecometal's New Medlin Report defeats the entire purpose of the Court's expert disclosure, expert discovery, and summary judgment deadlines.

Terves relied on Medlin's sworn deposition testimony and sworn prior invalidity and rebuttal reports in summary judgment briefing, which is now completed. This is textbook prejudice warranting exclusion. *Pride*, 218 F.3d at 579 (to allow a party to submit untimely testimony and reopen proceedings would be "contrary to all rules of fairness and proper procedure"); *Uszak*, 2007 WL 171982, at *1 (prejudice could not "be undone" because moving party had already provided its reports in a timely fashion and had to rely on the information before it when it did).

Ruling otherwise makes the entire Medlin invalidity report, Medlin rebuttal report, and his sworn deposition a waste of time and resources. Like court orders, sworn reports and testimony have both meaning and consequences that the law requires Ecometal to abide by. Any remedy other than striking the New Medlin Report would require the parties and the Court to go back to square one and re-start expert discovery with new reports, new depositions on the additional 325 pages of alleged opinions, new summary judgment motions and briefing on claims for which Medlin had previously provided no opinion, and

to push back the fast approaching trial date to accommodate this intense and expensive process. Therefore, the only fair remedy is to strike it and hold Ecometal to its litigation decisions.

The New Medlin Report also has no substantial justification. The New Medlin Report states in conclusory fashion that Medlin wanted to "clarify[y] several points" from Terves' opposition brief and to add a point about Xiao, a reference he has had for years, that he "had not considered" before. (ECF #147-2.) But the law does not recognize this as a justification for a reply expert report, let alone a "substantial" justification. *See, e.g.*, *Pluck*, 640 F.3d at 681 (rejecting attempt to rehabilitate opinions "after the weaknesses in the expert's prior testimony have been revealed.").

After years of litigation and already pouring substantial resources into expert discovery and summary judgment motions, Ecometal changes its invalidity position with the New Medlin Report for the first time in a summary judgment reply brief. The only reason for Ecometal's bogus tactic is because Terves' opposition correctly identified Ecometal could not rely on its invalidity contentions as evidence without further expert testimony. (*See, e.g.*, Terves' Opp. to Ecometal's MSJ, ECF #143 at 2 (string citing cases granting summary judgment where a party merely relies on their invalidity contentions).) Medlin flatly chose different invalidity opinions than those in the final invalidity contentions, and Ecometal at that time tried to sandbag new, different invalidity theories in Medlin's July 27 report not found in its final invalidity contentions. (*See* ECF #112-1 (showing the new invalidity opinions introduced by Medlin's July 27 report).) And now,

after summary judgment briefing, it attempts yet again to sandbag Terves with new invalidity opinions. The Court should not let this stand.

Ecometal's rationalizations for this New Medlin Report fails to overcome the immense prejudice to Terves and the Court. Because Dr. Medlin's New Medlin Report is untimely, highly prejudicial, and without justification, the Court should strike it and exclude all references to the opinions contained therein.

### IV. Conclusion

For these reasons, the Court should grant Terves' motion, strike the January 10, 2022 New Medlin Report (ECF #147-2), and bar Ecometal from relying on the opinions expressed therein.

Respectfully submitted,

Dated: January 20, 2022

 s/ Matthew Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
Andrew D. Gordon-Seifert (OH 0092499)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
agordon-seifert@mcdonaldhopkins.com

*Counsel for Terves LLC*

## L.R. 7.1(f) Certification

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 15 pages.

 s/ Matthew J. Cavanagh
*Counsel for Terves LLC*
