UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Terves LLC, ) | |
| ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| v. ) | |
| ) | |
| Yueyang Aerospace New Materials Co. Ltd. ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**Terves' Response to Ecometal's**
**Supplemental Brief in Support of Summary Judgment**

In January 2022, Ecometal deposed Terves' patent attorney, Brian Turung, for a third time. The Court stated that Ecometal may file a "revised motion" for summary judgment if the "information obtained during such questioning significantly alters the substances of either party's motion." (ECF #142) Turung's testimony, however, matched what he provided in his first and second deposition, and thus did not alter the substance of Ecometal's motion, let alone significantly alter it.

So rather than revise its motion, Ecometal's supplement merely repeats an argument from prior Ecometal briefing. It argues again that, because Turung disclosed an international search report ("ISR") from a related PCT application[1] during prosecution of the '010 patent, his not disclosing a First Chinese Office Action (FCOA) during prosecution

---

[1] A PCT ("Patent Cooperation Treaty") patent application is an international patent application that can be used to apply for patent protection in certain foreign countries.

{10125490:2}

of the '653 and '740 patents proves intent-to-deceive.[2] (Suppl. 3-4.) That argument fails for the reasons that Terves provided in prior briefing. (*See* Terves' MSJ Opp. 13-14, ECF #143; Terves' MSJ Reply 14-19, ECF #148.)

Terves responds here to emphasize three reasons why it fails.

First, the Manual of Patent Examining Procedure ("MPEP") imposed no obligation upon Turung to disclose the FCOA. Instead, it only requires disclosure of material prior art cited in foreign office actions, which Turung did disclose when he cited Xiao to the USPTO. *See* MPEP 2001.06(a) (reproduced at ECF #148-1 at PageID #13752); (Terves' MSJ Br. 2, SUF 5, ECF #135-1 (proof that Turung disclosed Xiao in native Chinese and with translated abstract).) The "especially strong" language that Ecometal loves repeating (*see* Suppl. 2) instructs applicants to submit the "prior art or other information cited" in the foreign application; it does not require an applicant to obtain a translation of the foreign office action itself and disclose it. *See* MPEP 2001.06(a). Thus, as a matter of law, Turung did not withhold anything that he was required to disclose.

Second, Federal Circuit precedent establishes that, although prior art cited in foreign office actions may be material, the foreign office action itself is not (even under the lower pre-*Therasense* standard), such that its non-disclosure cannot prove inequitable

---

[2] Ecometal also unjustly criticizes Turung as not being "straightforward" about whether he disclosed the ISR. Although this is, at best, an ancillary issue because there are no inequitable conduct allegations directed to the ISR, Ecometal's characterization of the testimony is incorrect. Turung simply testified that he did not recall <u>from memory</u> whether he submitted the ISR. (Turung Tr. 321:8-15, 322:3-7, 324:1-10, 325:18-25, 326:10-14, att'd as Ex. A.) Such testimony makes sense—and is not evasive—because Ecometal was forcing Turung to testify from memory about whether he disclosed something seven years earlier. Ecometal appeared to be playing a "gotcha" memory quiz by purposely not showing Turung the actual filing within the prosecution history during that questioning, which likely would have refreshed his recollection on that point.

conduct. *See ATD Corp. v. Lydall, Inc.*, 159 F. 3d 534, 547 (Fed. Cir. 1998) ("it is the [prior art] reference itself, not the information generated in prosecuting foreign counterparts, that is material to prosecution in the United States. The details of foreign prosecution are not an additional category of material information"); (*see also* Terves' MSJ Opp. 13-14 ECF #143 (citing cases).) Because Ecometal must prove materiality <u>and</u> intent-to-deceive, its failure to prove but-for materiality alone defeats its defense as to the FCOA.

Third, intent to deceive cannot be the "single most reasonable inference" with regard to the FCOA because the MPEP gave Turung two options with respect to it: (a) "[s]ubmission of an English language abstract of a reference," or (b) "submitting an <u>English-language version</u> of the search report or action which indicates the degree of relevance found by the foreign office." MPEP 609.04(a)(III) (emphasis added) (filed as ECF #148-1 at PageID #13750). It's not surprising, nor deceptive, that Turung disclosed the ISR itself in the first instance because it was issued by the USPTO,[3] and thus was written in English. (*See* ECF #151-4.) Because it is undisputed that Turung did not have an "English-version" of the FCOA,[4] his not disclosing what he did not have—and choosing, instead, to satisfy his duty by disclosing a translated abstract of the Xiao reference cited in the FCOA—is reasonable, evidences an intent to disclose, and does not dispositively prove by clear and convincing evidence that intent to deceive was the single most reasonable inference.

---

[3] An applicant submitting a PCT application may choose to have the USPTO as the international searching authority, which happened here. *See* 35 U.S.C. § 362.

[4] (*See* Terves MSJ Br. 1 (SUF 4), 15, ECF #135-1.)

The Court should deny summary judgment to Ecometal, and grant it to Terves, on inequitable conduct based on Ecometal's failure to prove materiality, intent-to-deceive, or both.

                                              Respectfully submitted,

Dated: February 7, 2022

                                              <u>  s/ Matthew J. Cavanagh       </u>
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
*Counsel for Terves LLC*