UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Terves LLC, | ) | |
| | ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, | ) | |
| | ) | Judge Donald C. Nugent |
| v. | ) | |
| | ) | |
| Yueyang Aerospace New Materials Co. Ltd. et al. | ) ) ) | |
| Defendants. | ) | |

**Terves' Reply Brief in Support of**
**Motion to Strike Jan. 10, 2022 Declaration of Dr. Dana Medlin**

Terves moved to strike the Jan. 10, 2022 Declaration of Dr. Dana Medlin (the "New Medlin Declaration") because (a) it had new expert opinions that were not disclosed in Medlin's expert reports or during expert discovery, which ended on October 18, 2021; (b) Ecometal had no justification, let alone substantial justification, for submitting new expert opinion evidence with its reply brief in support of its own summary judgment motion; and (c) allowing Medlin to offer new opinions *ex post facto* would unfairly prejudice Terves because, among other things, Terves relied on Medlin's expert reports as complete when Terves developed and executed its summary judgment and trial strategy around those opinions. (*See* Mot. to Strike, ECF #150.)

Ecometal's opposition does not rebut any of these points, and the Court should strike the New Medlin Declaration accordingly. Below, Terves replies more specifically to Ecometal's arguments with respect to each new Medlin topic.

{10137711: }

**I. The Court should not allow Medlin to "incorporate by reference" Ecometal's invalidity contentions at this late stage.**

**A. Ecometal downplays Paragraph Two's prejudicial impact.**

Ecometal misstates what is in paragraph two of the New Medlin Declaration to downplay the prejudicial impact it would have on summary judgment, trial, and the case at large. According to Ecometal, "Dr. Medlin [is] merely stating that he assisted in preparing the invalidity contentions and considered them harmonious with and complementary to his opinion." (Ecometal Opp. 5-6, ECF #153.) He does much more than that: he "adopts" Ecometal's 325 pages of invalidity contentions, "incorporate[s] them by reference," and by doing so now expresses the new and sweeping "opinion that all claims asserted by Plaintiff are invalid either as anticipated (primarily by Xiao) or obvious considering Xiao and other art." (New Medlin Decl. ¶ 2, ECF #147-2.)

This is a significant and material change because, in his expert reports and at deposition, Medlin offered anticipation and obviousness opinions only against <u>some</u>, but not all, of the asserted claims. (Mot. to Strike 5, ECF #150 (citing to summary judgment briefing).) The effect of this single sentence is to issue a <u>new</u> 325-page opinion challenging the validity of claims that Medlin never before challenged. Worse yet, Medlin is doing so <u>after</u> summary judgment briefing is over, expert discovery closed, and trial preparations underway. Ecometal never shows substantial justification for this, nor does it show it would be harmless to Terves or the Court to allow these new opinions after Terves constructed its case in reliance upon Medlin's expert reports and deposition testimony.

Instead, Ecometal tries to convince the Court that there is nothing "new" in the Medlin declaration because the "building blocks" and "themes" for Medlin's new invalidity

opinions were in Medlin's original expert reports. (*See* Opp. 10-14.) Several realities contradict this argument.

### B. Medlin's expert reports did not challenge all asserted claims as invalid.

Medlin's expert report itself says he is offering anticipation and obviousness opinions only against certain identified claims, not against all of them. Terves refers to those as the "Unchallenged" and "Challenged" Claims. (*See* Mot. to Strike 5, ECF #150.) Under the heading "Specific Grounds for Invalidity of the '653 Patent," Medlin identifies, by number, each of the '653 patent claims that he challenges as anticipated or obvious:

> **VII. SPECIFIC GROUNDS FOR INVALIDITY OF THE '653 PATENT**
>
> 115. Below I provide my analysis of the foregoing prior art as compared to various claims of the '653 Patent. For the convenience of the Court, I have color-coded specific disclosures in the prior art to corresponding limitations or requirements of the claims of the '653 Patent.
>
> 116. In particular I have concluded there are three bases for invalidating the Asserted Claims of the '653 Patent. Ground I: Claims 1,[13] 4, 5, 11, 13, 29, 37, 41, 43, 45, 49, 69, 70, and 73 are anticipated by Xiao. Ground II: Claims 8, 25, 33, 55, and 74 are anticipated, or at least made obvious, by Xiao. And Ground III: Claims 7, 12, 13, and 71 are obvious over Xiao in view of Hassan.

(Medlin Invalidity Report at 48, ECF #152-3, PageID #13919 (emphasis added).) Medlin then proceeds with his anticipation and obviousness analyses, and introduces each analysis subsection by identifying the specific claim numbers for which he is offering an anticipation or obviousness opinion:

> A. '653 Ground I: Claims 1, 4, 5, 11, 13, 29, 37, 41, 43, 45, 49, 69, 70, 71, and 73 are Anticipated by Xiao
>
> 117. It is my opinion that Xiao anticipates Claims 1, 4, 5, 11, 12, 13, 29, 33, 37, 41, 43, 45, 49, 69, 70, 71, and 73 of the '653 Patent.

(ECF #152-3 at PageID #13919.)

> B. 653 Ground II: Claims 8, 25, 33, 55, and 74 are anticipated, or at least made obvious, by Xiao.

(ECF #152-3 at PageID #13978.)

> C. '653 Ground III: Claims 7, 12, 13, and 71 are Obvious over Xiao in view of Hassan

(ECF #152-3 at PageID #14007.)

> D. '653 Ground IV: Claims 1, 4, 5, 11, 13, 29, 37, 41, 43, 45, 49, 69, 70, 71, and 73 are anticipated or at least made obvious by Fripp ('118)

(ECF #152-3 at PageID #14033.)

Medlin does the same for the '740 patent:

> VIII. SPECIFIC GROUNDS FORT INVALIDITY OF THE '740 PATENT
>
> A. '740 Ground I: Claims 2, 19, and 94 are anticipated by Xiao or at least made obvious by Xiao.

(ECF #152-3 at PageID #14041.)

> B. '740 Ground II: Claims 2, 19, and 94 are anticipated by Fripp ('035) or at least made obvious by Fripp ('035).

(ECF #152-3 at PageID #14054.)

The subsections under each header then provide the invalidity analysis in which Medlin explains how and why he believes certain prior art discloses each limitation of those Challenged Claims. Medlin provides no such analysis for the Unchallenged Claims, he does not identify the Unchallenged Claims in the headers of any section, and he provides no opinion of anticipation or obviousness against those Unchallenged Claims. The report speaks for itself on this point, no matter how hard Ecometal tries to reassemble the reports' "building blocks" and "themes." (Opp. at 12.) For Ecometal to claim Medlin offered anticipation and obviousness opinions against all asserted claims, when he only provided opinions against certain claims that he identified by number, is simply false.

### C. Ecometal's interpretation of Medlin's introductory paragraphs is incorrect.

Ecometal says that paragraphs 5-11 of Medlin's expert report show that Medlin had given an "omnibus assertion" of invalidity for all asserted claims. (Opp. 11-12.) Regardless of what those introductory paragraphs state in conclusory and vague fashion, Medlin's report does not actually offer any invalidity analysis for the Unchallenged Claims. (*See supra* pp. 3-4.) Merely stating "everything is invalid," although it's unlikely that's what Medlin meant, does not prove invalidity by clear and convincing evidence. Moreover, Medlin qualified his introductory paragraphs by tying them to his detailed analysis provided later in the report. (*See* Medlin Report ¶ 7 ("As detailed below, …"), ¶ 8 ("… as I discuss further in the following paragraphs… "), ¶ 83 ("the Asserted Claims are invalid for the reasons set forth below"), ECF #152-3.) The analysis "detailed below" in Medlin's report only addresses the Challenged Claims and provides no analysis of the Unchallenged Claims. Thus, those introduction paragraphs are no help to Ecometal and do not prove invalidity of the Unchallenged Claims.

Indeed, Ecometal knew this because its opening summary judgment brief did <u>not</u> cite to those introductory paragraphs of the Medlin report. Instead, Ecometal pinpoint cited only to those paragraphs where Medlin provided detailed analysis of the Challenged Claims (*i.e.*, where there is no Medlin analysis of the Unchallenged Claims), namely "¶117-421, 454-495." (*See* Ecometal MSJ Br. 3, ECF #134.) Here is a screenshot from Ecometal's summary judgment brief to prove this point:

> 4. ANTICIPATION FACTS
>
> UMF 20. Xiao Daihong is prior art to the Terves Patent Family. Exhibits 1 – 4 and 7.
>
> UMF 21. The example compositions identified in Xiao Diahong would infringe on each of the asserted claims so, conversely, each of the asserted claims is anticipated by Xiao. Exhibit 20, Swanger trans. 179:8-196:14; Exhibit 21, Defendants' invalidity charts (showing how each of the asserted claims are anticipated by Xiao or are obvious in view of Xiao combined with other art); and Exhibit 22, Medlin's July 27, 2021 report ¶117-421, 454-495. The analysis includes the following propositions:

(Ecometal MSJ Br. 3, ECF #134 (emphasis added).) Paragraphs 117-421 and 454-495 say nothing about the Unchallenged Claims, let alone prove they are invalid by clear and convincing evidence. For the Unchallenged Claims, Ecometal's summary judgment motion did <u>not</u> rely on Medlin's expert opinion. Instead, as highlighted in red in the screenshot above, Ecometal relied upon "Defendants' invalidity charts" (which are not summary judgment evidence) and Dr. Swanger's deposition testimony (which does not prove anticipation). The Court should reject Ecometal's attempt to rewrite its motion.

The real reason Ecometal is now attempting to have Medlin offer opinions on the Unchallenged Claims is because Terves' opposition brief convinced Ecometal that it cannot rely on its invalidity contentions to prove invalidity of all claims. Terves cited caselaw establishing that the invalidity contentions are attorney arguments, are not admissible

{10137711: } 6

evidence, and cannot be considered for summary judgment purposes. (Terves' MSJ Opp. 2, ECF #143.) Ecometal's *ex post facto* realization that it failed to prove anticipation of the Unchallenged Claims, and thus will lose its motion, is not a substantial justification for offering new expert testimony with its reply brief. *See Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011) (rejecting attempt to rehabilitate opinions "after the weaknesses in the expert's prior testimony have been revealed."). The Court should hold Ecometal to the evidence it cited in support of its summary judgment motion as filed.

    **D.**    **Ecometal's opposition to Terves' summary judgment motion conceded that Medlin did not challenge the Unchallenged Claims.**

There is a second glaring problem with Ecometal's claim that Medlin's expert reports challenged all asserted claims as anticipated or obvious: Ecometal didn't raise that argument in opposition to Terves' summary judgment motion. Terves moved for summary judgment of no anticipation or obviousness because Medlin gave no invalidity opinions against the Unchallenged Claims in his expert report. (Terves' MSJ Br. 9 (SUF 26), 10-11, ECF #135-1.) In its opposition brief, Ecometal did <u>not</u> assert that Medlin had invalidity opinions against the Unchallenged Claims. (Ecometal MSJ Opp. 5-6, ECF #144.)[1] Instead, it argued that "Defendants' invalidity contentions," "Dr. Swanger's concession at deposition," and the Non-Final Office Action in the *ex parte* reexamination of the '653 patent proved invalidity of the Unchallenged Claims. (Ecometal MSJ Opp. 6-8.) Conceding that it lacked expert testimony on the Unchallenged Claims, Ecometal argued that "expert testimony is not

---

[1] As explained in Terves' MSJ reply brief, Ecometal cited an "internal conflict" in Terves' identification of claim numbers in the second part of Fact 26, but Ecometal did not dispute that Medlin offered no invalidity opinions on the claims identified as "Unchallenged Claims" by Terves. (*See* Terves MSJ Reply Br. 3-4, ECF #148.)

required." (*Id.* 7.) If Ecometal truly believed—as it now argues—that Medlin's report contained invalidity opinions against all asserted claims, including the Unchallenged Claims, then it certainly would have argued that in its opposition brief instead of claiming "expert testimony is not required."

### E. If Ecometal were correct, then it would not need a new declaration from Medlin.

There is a third important inconsistency with Ecometal's argument: if Ecometal truly believed Medlin's expert report offered invalidity opinions against the Unchallenged Claims, then why would it need a new declaration with its reply brief adopting and incorporating by reference Ecometal's 325-page invalidity contentions? If Ecometal believes the opinions are in Medlin's original reports, then (a) it would have argued in its opposition and reply briefs based on the original Medlin reports, (b) would have had no need to offer a new declaration, and (c) would now have withdrawn the declaration as unnecessary when Terves challenged it. Simply put, Ecometal offering a new declaration contradicts its claim that it didn't need to do so.

Lastly, Ecometal's criticism that Terves' lawyer should have questioned Medlin more at deposition about what he thought of Ecometal's invalidity contentions is unfounded. (Opp. at 3-4; 6-7.) On their face, Medlin's reports did not mention, let alone adopt, repeat, or incorporate Ecometal's invalidity contentions.[2] After Terves' lawyer established at deposition that Medlin knew about the contentions and had reviewed them, there was no need to ask him any more about them. Terves had established that (a) Medlin's reports

---

[2] The Court can confirm this fact by running a control-F search of ECF #152-3 and 152-2 for the word "contention."

were complete and contained the entirety of his opinions (as required by Fed. Civ. R. 26), and (b) Medlin knew about the contentions, reviewed them, and chose not to rely upon, cite to, adopt, or incorporate them in his report, such that they were not part of his opinions. Terves was correct to rely on Medlin's report as complete under the Federal Rules, the Court's Orders, and Medlin's own deposition testimony. The Court should reject Ecometal's attempt to blame Terves for its own rule and scheduling order violations.

## II. Medlin's new "magnesium alloy" opinion is improper.

Ecometal likewise fails to show Medlin's new opinion about "magnesium alloy" is substantially justified and harmless. This new opinion is tough to decipher, and, accordingly, it is the antithesis of "clear and convincing" evidence. As best Terves can tell, Medlin appears to be using the "magnesium alloy" claim limitation itself (rather than prior art) to try and invalidate the same patent claims that contain that limitation under an obviousness theory. He seems to say that if a PHOSITA were using the "magnesium alloy" claimed by the Terves' patents, he might use an alloy containing cobalt—an element not disclosed by Xiao. (*See* New Medlin Decl. ¶ 4, ECF #147-2.) While this admits that Xiao does not disclose all of the claim limitations (and thus cannot possibly anticipate all claims), it is a circular analysis that fails to prove invalidity.

Aside from that, this new opinion does not relate to, let alone support, the <u>anticipation</u> grounds on which Ecometal seeks summary judgment because it is an "obviousness" theory. (*See* New Medlin Decl. ¶ 4 ("so it would have been painfully obvious to one skilled in the art to use Co in the alloy").) Ecometal only moved for summary judgment on "anticipation," and did not seek summary judgment on obviousness. (*See*

{10137711: }                                                9

Ecometal MSJ Br. 3 ("Anticipation Facts"), 4 ("Xiao Anticipates the '653 and '740 Patent Claims Rendering Them Invalid"), 4-9 (arguing anticipation only, and not arguing obviousness), 20 ("Defendants ask the Court to … (2) find that the asserted claims of the '653 and '740 Patents [are] invalid due to (a) anticipation, (b) the inequitable conduct, and (c) indefiniteness"), ECF #134.) So whether the magnesium alloy limitation would have made it <u>obvious</u> to a PHOSITA to use an alloy containing cobalt is irrelevant to the anticipation defense on which Ecometal moved. There can be no substantial justification for allowing this new opinion when it does not even relate to the motion that the Ecometal reply brief aims to support.

Ecometal's pretending there was a eureka moment during Swanger's deposition in <u>October</u> (Opp. 15-16, ECF #152) that had never occurred to either expert is not true. Regardless, it is no justification for presenting that opinion now in <u>January</u>, months after expert discovery closed. Moreover, Swanger did not testify that a magnesium alloy containing cobalt would have been obvious to a PHOSITA. His testimony simply doesn't say what Ecometal claims it says. Instead, Swanger answered questions about how incomplete hypotheticals might compare to claim 1 of the '653 patent. (*See* Terves Opp. to Ecotmetal MSJ 3-4, ECF #143.) Terves' opposition to summary judgment explains how Swanger's testimony did not admit anticipation, but rather establish non-anticipation and creates a genuine issue of material fact precluding summary judgment to Ecometal. (*Id.*)

III. **The *ex parte* reexamination is irrelevant and inadmissible.**

The New Medlin Declaration's statement that he "agrees with the rejections cited by the patent examiner" in the *ex parte* reexamination proceedings is improper. (New

Medlin Decl. ¶ 3.) Through this single sentence, Ecometal is trying to introduce the *ex parte* reexamination proceedings as evidence to this Court and to the jury at trial. This is improper. Terves' summary judgment reply brief explains, with supporting caselaw, why the non-final office action in that administrative proceeding is inadmissible as (a) irrelevant under Fed. R. Evid. 401 or (b) because its probative value is substantially outweighed by the risk of unfair prejudice or confusing or misleading the jury under Fed. R. Evid. 403. (*See* Terves MSJ Reply 7-8, ECF #148.) For those reasons, Medlin should not be allowed to testify now or at trial that he "agrees" with any irrelevant office actions.

## Conclusion

The Court should strike Medlin's New Declaration.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 10, 2022 |   s/ Matthew J. Cavanagh<br>David B. Cupar (OH 0071622)<br>Matthew J. Cavanagh (OH 0079522)<br>Andrew D. Gordon-Seifert (OH 0092499)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400   f 216.348.5474<br>dcupar@mcdonaldhopkins.com<br>mcavanagh@mcdonaldhopkins.com<br>agordon-seifert@mcdonaldhopkins.com<br><br>*Counsel for Terves LLC* |