UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERVES LLC, | Case No. 1:19-CV-1611 |
| Plaintiff, | |
| v. | JUDGE DONALD C. NUGENT |
| YUEYANG AEROSPACE NEW MATERIALS CO., LTD., *et al.*, | |
| Defendants. | <u>MEMORANDUM OPINION AND ORDER</u> |

This matter is before the court on the Ecometal Defendants' Second Motion to Stay Pending Patent Reexamination. (ECF #154). Plaintiff filed an Opposition to the motion, and Defendants filed a Reply in further support of their request. (ECF #156, 158). Courts have inherent power to stay proceedings, particularly to allow USPTO review. *See, e.g., Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In making a determination on whether to stay proceedings pending a review by the USPTO, the Court should consider the totality of the circumstances, including but not limited to what stage the proceedings are in; whether a stay would simplify the issues and trial of the case; and, whether a stay would unduly prejudice the non-moving party. *See, e.g., Procter & Gamble Co. v. Team Techs., Inc.*, Case No. 1:12 CV 552, 2013 U.S. Dist. LEXIS 128949, at *4-5 (S.D. Ohio Sept. 10, 2013); PDS Elecs., Inc. v. Hi-Z Antennas, No. 5:10-CV-02806, 2011 WL 1097745 , at *1 (N.D. Ohio, Mar. 22, 2011). Although stays may be liberally granted for review when the factors favor the moving party, "a court must tread carefully in granting a stay," because "a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Since the Court's denial of Defendants prior motion for stay, the case has entered its final stages, with cross motions for summary judgment fully briefed, and a trial date set for April 25, 2022. As discussed in the prior Order, although a final decision by the USPTO could potentially reduce the scope of the claims asserted in connection with the '653 patent, and have some bearing on the validity of Ecometal's defenses, it would not resolve all of them, nor would it resolve the claims asserted under the '740 patent. Further, unlike in a IPR proceeding, there is no statutory estoppel barring the rearguing of validity in court, regardless of the reexamination results. Therefore, this factor is either neutral or weighs slightly in favor of denying the request for stay.

Finally, although the reexamination process has been advancing, there is no question that waiting for its completion would significantly delay the determination of this case. Further, following decision, any result is still subject to administrative appeal, and eventually appeal to the Federal Circuit. A delay of this length is inherently prejudicial when the accused infringer is a direct competitor of the accuser.

As outlined in the Court's prior Order denying a stay, the relevant factors weigh against granting a stay in these circumstances. Nothing in Defendants' renewed motion significantly alters the Court's analysis or the weight afforded to the factors outlined above. Defendants' motion is, therefore, DENIED. The case will proceed as previously scheduled. The Court will rule on the Summary Judgment motions, and trial, if needed, remains set for April 25, 2022. IT IS SO ORDERED.

Date: March 14, 2022

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE