UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Terves LLC, | ) |
|       Plaintiff, | ) Case No. 1:19-cv-1611-DCN |
| | ) |
| v. | ) Judge Donald C. Nugent |
| | ) |
| Yueyang Aerospace New Materials Co. Ltd. et al., | ) |
| | ) |
|       Defendants. | ) |

**Terves' Notice re *Ex Parte* Reexamination Confirming Patentability**

Terves notifies the Court that on March 28, 2022, the USPTO issued its *Notice of Intent to Issue Ex Parte Reexamination Certificate* in reexamination of the '653 patent, att'd as Ex. A.[1] Ecometal initiated that reexamination by submitting 152 pages of argument and a 144-page expert opinion by Dr. Dana Medlin, arguing that the Xiao prior art reference invalidates. (*See* ECF #100-1.) Ecometal also submitted what it accuses Terves of withholding during prosecution: a full English translation of Xiao, the First Chinese Office Action on Terves' related Chinese application, the existence of this litigation, and Ecometal's initial invalidity contentions in this case. (*See* Ex. B (excerpts of Lists of References Cited by Ecometal and Considered By Examiner).)

After reviewing Terves' response, supported by expert opinion by metallurgist Dr. Lee Swanger, (ECF #154-2 (response), 154-3 (Swanger Opinion)), the USPTO agreed with Terves that Xiao does not invalidate any claims of the '653 patent, and confirmed <u>all</u>

---

[1] Although that notice was sent to Terves' patent attorney on March 28, 2022, Terves' trial counsel did not learn of the notice until the evening of April 4, 2022.

{10238981: }

challenged claims as patentable over Xiao. (*See* Ex. A ("Xiao is the closest prior art and it fails to teach a magnesium alloy that includes in situ galvanically-active intermetallic phases or intermetallic particles to enable controlled dissolution of the magnesium alloy as claimed").) Because Terves won, there will be no appeal,[2] and the USPTO will issue its reexamination certificate within the next one to four weeks. This final decision by the USPTO ends reexamination and significantly impacts the pending summary judgment motions as follows.

First, the decision dispositively precludes Ecometal from proving by clear and convincing evidence that information about Xiao is "but-for material," as required to prove inequitable conduct.[3] Under *Therasense*, to prove but-for materiality, Ecometal must prove that "the PTO would not have allowed a claim had it been aware of the undisclosed prior art," namely Xiao. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (en banc). Here, however, Ecometal gave the USPTO the fully translated Xiao reference, invalidity contentions addressing Xiao, a translated Chinese Office Action

---

[2] In ex parte reexamination, third-party requesters, such as Ecometal, cannot appeal the USPTO's decision. *See Cooper Techs. Co v. Dudas*, 536 F.3d 1330, 1332 (Fed. Cir. 2008).

[3] Although the reexamination addressed only the '653 patent, and not the '740 patent, Ecometal's summary judgment briefing never distinguished between the claims of the two patents for purposes of inequitable conduct or invalidity and conflated them as one. (*See* Ecometal MSJ Opp. 8 ("Although the '740 patent is not currently the subject of reexamination, the invalid[at]ing arguments made in Defendants' Mot. for Summ. J. are analogous to arguments for the '653 patent."), ECF #144; *id.* 17-18 (inequitable conduct); Ecometal MSJ 4-9 (invalidity), 10-17 (inequitable conduct), ECF #134; Ecometal MSJ Reply 9-11, ECF #147.)
     And Ecometal never identified any limitations in the claims of the '740 patent that made it more susceptible to being invalidated by Xiao than the claims of the '653 patent. (*See id.*) Thus, Ecometal's failure to prove Xiao is but-for material as to the '653 patent, means it also fails to prove it for the '740 patent. Ecometal has the burden of proof on its defenses, it chose to conflate the two patents, and thus Ecometal's defenses fall together.

{10238981: }                                          2

addressing Xiao, and hundreds of pages of argument and expert opinion about Xiao. (*See* ECF #100-1; *see also* Ex. B.) Despite having more about Xiao than what Ecometal alleges was withheld by Terves, the Examiner found the claims patentable over Xiao.

Thus, Ecometal cannot possibly prove that the "PTO would not have allowed" the claims if it had full knowledge of Xiao. *See Audionics Sys., Inc. v. AAMP of Fla., Inc.*, No. 12-10763, 2015 WL 12712288, at *29 (C.D. Cal. July 10, 2015) (striking inequitable conduct defense because "allegedly withheld reference was, in fact, disclosed and considered by the PTO" and Examiner nonetheless allowed the claims); *Arctic Cat, Inc. v. Polaris Indus., Inc.*, No. 13-3579, 2014 WL 5325361, at *23 (D. Minn. Oct. 20, 2014) (prior art could not be but-for material, as a matter of law, "because the PTO allowed the claims even after it had been made aware of the" prior art); *see also U.S. Rubber Recycling, Inc. v. ECORE Int'l Inc.*, No. 09-09516, 2011 WL 13043496, at *3-4 (C.D. Cal. Apr. 11, 2011) (addressing *Walker Process* fraud, "the fact that the PTO *did* re-issue Defendant's patent *even* with the prior art precludes Plaintiff" from proving but-for causation, *i.e.*, that the PTO would not have issued the patent had it been aware of the prior art). Ironically, Ecometal's decision to petition for *ex parte* reexamination created conclusive, real-life proof that the USPTO would <u>not</u> reject the claims if it had more information about Xiao, and thus it cannot be but-for material.

Second, the USPTO's decision strengthens Terves' grounds for summary judgment of no invalidity on the "Unchallenged Claims."[4] This is at least because, without expert opinion on those Unchallenged Claims, Ecometal's summary judgment opposition relied

---

[4] Terves defined the "Unchallenged Claims" as those claims for which Ecometal's expert offered no invalidity opinion. (*See* MSJ Reply 3, ECF #148.)

on the initial non-final office action in reexamination as evidence of invalidity. (*See* Ecometal MSJ Opp. 7-8, ECF #144 (relying on initial reexamination rejections as invalidity evidence against both patents).) Now that the USPTO has superseded that first office action with a final affirmance of patentability over Xiao, Terves' grounds for summary judgment of no invalidity of the Unchallenged Claims are now stronger.

For these reasons, and those offered in prior briefing, the Court should grant summary judgment to Terves on inequitable conduct and on invalidity of the Unchallenged Claims.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 6, 2022 | s/ Matthew J. Cavanagh<br>David B. Cupar (OH 0071622)<br>Matthew J. Cavanagh (OH 0079522)<br>Andrew D. Gordon-Seifert (OH0092499)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 \| f 216.348.5474<br>dcupar@mcdonaldhopkins.com<br>mcavanagh@mcdonaldhopkins.com<br>agordon-seifert@mcdonaldhopkins.com<br><br>*Counsel for Terves LLC* |