UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Terves LLC, ) | |
| ) | Case No. 1:19-cv-1611-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| v. ) | |
| ) | |
| Yueyang Aerospace New Materials Co. Ltd. ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR OMNIBUS MOTION IN LIMINE**

Defendants Ecometal and Nick Yuan hereby submit this reply to Terves' Opposition to Ecometal's Omnibus Motion in Limine (Dkt. 189). Defendants request a conference or hearing before jury selection on April 22, 2022 to argue the merits of the six motions in limine included in the Omnibus Motion filed on April 15, 2022. Due to the severe misstatements of both law and fact in Terves' Opposition, Defendants address three specific issues in this Reply.

**I.      MMP's sales of infringing product are not relevant because MMP is not a party to this case.**

Defendants state the obvious that Terves is the Plaintiff in this case and Ecometal and Nick Yuan are the Defendants. Magnesium Machine, LLC ("MMP") is *not* a party to this case. Ecometal is a Canadian Corporation with no ownership interest in MMP. Mr. Yuan has no ownership interest in MMP. MMP is a customer of Ecometal that has purchased magnesium alloy billets from Ecometal.

Terves' attempts to impute MMP's sales to Ecometal by stating that "[t]he volume of Ecometal material sold by MMP, however, is relevant to Terves' lost profit damages because it shows the volume of sales that Terves' lost due to Ecometal's infringement." (Dkt. 189 at PageID #: 15537.) However, the patent statutes require "[u]pon finding for the claimant the court shall award the claimant … for the *use made of the invention by the infringer*, together with interest and costs as fixed by the court." 35 U.S.C. § 284 (emphasis added).

In its summary judgement order the Court ruled that the "accused Ecometal products infringe claims 2, 3, 9, 14, 15, 18-20, 23, 26, 27, 30, 31, 34, 35, 38, 39, 42, 46, 47, 50, 52-54, 56-61, 64, 66, 67, and 76 of the '653 Patent, and claims 3-5, 8-11, 13, 16, 17, 20-47, 51-69, 76-93, and 95-103 of the '740 Patent." The Court never made a ruling on the infringement of MMP's products. Why? Because MMP was not a party to this case and MMP's products are not a subject of this case. The evidence to support damages against Ecometal should be directed only to the alleged sales by Ecometal, not a third party.

Extending Terves' logic to the extreme, if Ecometal sold product to a third party that processes the magnesium billets, that party then sold to a fourth party that manufactures useable components, and then a fifth company profited from those components, Terves would assert that Ecometal is liable for all of those sales, including the ultimate profits. Terves claims it would be entitled to base damages on the ultimate fifth company's profits. Such interpretation creates an absurd result. The statute requires that any damages be based solely on Ecometal's sales.

Terves' brief shows how far it wishes to go to introduce unproven facts into its case. It states that "Ecometal seeks to bar evidence of "Unasserted Claims," which is an undefined term, but apparently relates to the fact that MMP *is also an infringer . . .*" (Dkt. 189 at PageID #: 15543) (emphasis added). Terves has deemed MMP an infringer without including MMP in this case and

without any order from this Court holding MMP liable for any act. Terves should not be permitted to litigate a case against any third party not properly subject to the jurisdiction of this Court.

**II.     The Court should bar any mention of other lawsuits involving non-parties.**

In opposing Defendants' motion in limine requesting the exclusion of cases involving non-parties, Terves again attempts to draw a non-party's actions into this lawsuit, which will only serve to overburden and likely confuse the jury with no probative value to the case at hand. Terves objects because it contends that a trade secret lawsuit by a non-party, a declaratory judgment action in Oklahoma by a non-party, an action to quash a subpoena in Oklahoma by a non-party, and a lawsuit between *two* non-parties - again in Oklahoma - are somehow relevant to a patent infringement lawsuit against a Canadian company and a Canadian permanent resident. Evidence of previous lawsuits involving a party, even where marginally relevant, is properly excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice or where it is likely to confuse the jury. *See Geiger v. Pfizer, Inc.*, 2009 WL 1026479, at *11 (S.D. Ohio Apr. 15, 2009). Terves here wants to bring evidence of previous lawsuits by a non-party. In addition, the ancillary cases that Terves wants to bring into evidence have nothing to do with the case at hand. For example, putting on evidence of an action to quash a subpoena has no probative value in this damages case against the Defendants.

**III.    Terves' has not disclosed *any* evidence regarding reasonable royalty.**

Terves failed to address the Defendants' main argument regarding any reasonable royalty: that is, Terves has failed to produce *any* evidence of a reasonable royalty rate. Terves' expert offered his opinion solely based on lost profits. In fact, Terves failed to provide ***any*** evidence or expert testimony supporting a claim to reasonable royalty. Based on *Apple v. Motorola*, 757 F.3d 1286 (Fed. Cir. 2014), it is possible for the Court to grant no reasonable royalty. But the issue raised by Defendants regarding reasonable royalty is that Terves failed to provide any lay or expert

3

evidence to support any such reasonable royalty rate. Despite claiming that "[t]here is plenty of evidence relevant to the *Georgia-Pacific* factors for deciding reasonable royalty damages" (Dkt # 189 at PageID #: 15547), Terves did not identify a single piece of evidence it produced.

To the contrary, when Terves was asked about its damage calculations in written discovery, it said nothing about reasonable royalties.

> Interrogatory 12. Describe in detail all bases for Plaintiff's damages claims against Nick Yuan and Ecometal, including, but not limited to, identifying each legal theory under which damages are sought and explaining the calculations supporting all damages that you claim.
>
> ANSWER: Terves seeks injunctive relief and in accordance with Fed. R. Civ. P. 33(d), see Terves' Preliminary Injunction Motion. Terves also seeks monetary damages although it is premature for Terves to provide all bases for its monetary damages because defendants have not yet provided all responsive documents, and discovery (including depositions) is ongoing. Terves will supplement its response in accordance with the Local Patent Rules the the [sic] Court's Order regarding expert discovery.[1]

*See* Terves' May 1, 2020 interrogatory responses (Terves never supplemented).

Moreover, during Andrew Sherman's deposition—and despite a lengthy exchange regarding reasonable royalties—when was asked whether he had "any idea what you think Ecometals owes" to Terves, the following exchange occurred:

> Q: My personal belief, based on rough amount of lost business and profits is into eight figures.
>
> Q: How far?
>
> A: Was that a question?
>
> Q: Yes. How far into eight figures? That's a big range.
>
> MR. CUPAR: Objection.
>
> THE WITNESS: My ***guess*** is they've ***cost us*** 10 to 30 million.

---

[1] L. Pat. R. 5.3 provides that there is a presumption against supplementation of expert reports: "Amendments or supplementation of expert reports after the deadlines provided herein are presumptively prejudicial…" See also the Court's order striking Dr. Medlin's proposed supplemental report. (Dkt. 178, p.19.)

4

Sherman July 6, 2021 dep. trans. at 271:14-23 (emphasis added). Not one word about a reasonable royalty. His testimony related only to Terves' lost profits, and it was only a "guess." Plaintiff did not cross examine him to raise his possible testimony about reasonable royalty.

The other lay witness identified by Plaintiff to testify about "harm suffered" in its trial brief, Brian Doud, has nothing in his background to suggest any meaningful knowledge about determination of a reasonable royalty. He is a young engineer whose day-to-day responsibilities for Terves relates to its operations manufacturing TervAlloy and its other products.[2]

*Unicom Monitoring, LLC v. Cencom, Inc.*, 2013 WL 1704300 (D.N.J. Apr. 19, 2013) enumerates the type of evidence that Terves apparently wishes to introduce at trial:

> In the seven years over which this litigation has unfolded, Unicom never established a reasonable royalty calculation, nor named a specific amount that it demanded in damages, until the Pretrial Management Conference with the Court, held a mere two weeks before trial was set to commence. As identified in the Pretrial Order, Unicom did not name any expert witness, and indeed only intends to present two fact witnesses, Matthew Szapucki and James Maggs. At oral argument, counsel for Unicom indicated that these witnesses would provide somewhat broader testimony, as would be necessary to support a reasonable royalty calculation: "My clients are going to talk about a hypothetical negotiation. They're going to talk about, you know, what happened in this case and what their policies and plans were in 2004 when the infringement began."

The only difference with this case is that Terves *still* has not mentioned the reasonable royalty rate it demands—even at the pre-trial stage and literally on the eve of trial. In *Unicom*, the court found that the plaintiff had "not established that a genuine issue of material fact exists that requires a factual determination." *Id*. at *8. This case has even less favorable facts for Terves than did *Unicom* for the plaintiff there.[3]

---

[2] *See* https://www.tervesinc.com/team-2/?msclkid=fd42296bc1a111ecbc515b7297041f14.
[3] Defendants also refer the Court to the case law discussing reasonable royalty in their Trial Brief (Dkt 192).

Terves has disclosed no evidence concerning reasonable royalties in this case or even mentioned what such a rate should be. Having failed to proffer any evidence supporting a reasonable royalty rate, Plaintiff should not be able to raise the issue in front of the jury.

| | |
|---|---|
| Dated: April 21, 2022 | Respectfully submitted, |

*/s/ John Q. Lewis*
John Q. Lewis (OH 0067235)
Rachel N. Byrnes (OH 0097736)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1111 Superior Avenue, Suite 530
Cleveland, OH 44114
Phone: 216-304-6153
John.Lewis@nelsonmullins.com
Rachel.Byrnes@nelsonmullins.com

Edward L. White (admitted *pro hac vice*)
LAW OFFICE OF EDWARD L. WHITE
829 East 33rd Street
Edmond, OK 73013
Phone: 405-810-8188
ed@edwhitelaw.com

Martin S. High (admitted *pro hac vice*)
LAW OFFICE OF MARTIN S. HIGH
PO Box 33190
Clemson, SC 29633-3190
Phone: 864-300-2444
marty@martyhigh.com

*Counsel for Defendants Ecometal Inc. and Nick Yuan*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ John Q. Lewis