UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERVES LLC, ) | |
| ) | Case No.   1:19-CV-1611 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| YUEYANG AEROSPACE NEW ) | |
| MATERIALS CO., LTD., *et al.*, ) | |
| ) | MEMORANDUM OPINION |
| Defendants. ) | AND ORDER |
| ) | |

This matter is before the court on the Plaintiff, Terves LLC's Motion for Permanent Injunction. (ECF #211). The motion asks this Court to issues a permanent injunction enjoining Defendants from importing, making, using, selling, and/or offering to sell any of the infringing materials, or any material covered by the infringed claims, as well as any product manufactured from infringing material. Defendants filed an Opposition to the motion, and Plaintiff filed a Reply in support of its motion. (ECF # 216, 217). This issue is now ready for disposition.

The Patent Act provides that in cases of patent infringement a court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by the patent, on such terms as the court deems reasonable." 35 U.S.C. §283. A permanent injunction is warranted when the patentee can show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v.*

*MerchExchange, LLC*, 547 U.S. 388, 391 (2006). Though the irreparable injury was once presumed in patent cases where infringement had been established, the Federal Circuit has held that the eBay case cited above "jettisoned the presumption of irreparable harm." The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court. . .." *eBay*, 547 U.S. at 391.

A. Ecometal/Nick Yuan

    1. Irreparable Harm/Inadequate Remedy at Law

When determining whether the a permanent injunction is warranted in a patent case, the first two factors, irreparable harm and inadequate remedy at law, may be considered together. *See generally, Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327-29 (Fed. Cir. 2008). A harm is irreparable when there there is no fully adequate remedy at law. *See Daimler AG v. A-Z Wheels LLC*, 498 F.Supp. 3d 1282, 1293-94 (S.D. Cal. 2020). Although there is no longer a presumption that an injunction should issue whenever infringement is found, Courts still issue permanent injunctions in the great majority of cases where, as is the case here, the patent owner and the infringer are in direct competition. See, Seaman, C., *Permanent Injunctions in Patent Litigation After eBay: An Empirical Study*, 1010 Iowa L. Rev. 1949, 1990-91 (2016). Indeed, subsequent to the *eBay* opinion, the Federal Circuit has noted that "[c]ourts awarding permanent injunctions typically do so under circumstances where plaintiff practices its invention and is a direct market competitor," and that patent owners who sell their own product "may normally expect to regain the exclusivity that was lost with the infringement," *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305,1314 (quoting *Advanced Cardiovascular Sys. Medtronic Vascular, Inc.*, 579 F.Supp.2d 554, 558 (D. Del. 2008)).

The mere fact that Terves was awarded money damage for prior infringement does not mean that these damages were adequate to fully address the harm caused by Ecometal's infringement. In this case, both Terves and the Ecometal Defendants ("Ecometal") sell billets made up of the patented dissolvable cast magnesium. Terves also sells frac plugs and balls made of this patented material. These products directly compete with frac plugs and balls sold by Magnesium Machine LLC ("MMP"), made with the infringing material, which MMP obtains from Ecometal. Direct competition between a patent owner and an infringer creates a unique harm that cannot be fully addressed by recovery of lost profits. "Where two companies are in competition against one another, the patentee suffers the harm – often irreparable – of being forced to compete against products that incorporate and infringe its own patented inventions." *Douglas Dynamics, LLC v. Buyers Products Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013)(reversing denial of permanent injunction). Sales lost to infringing competitors can cause lost market share, loss of value gained by economies of scale and exclusivity, price erosion, and lost or diminished business relationships and reputation leading to lost references and repeat sales. This is particularly true when, as here, the market is small,[1] the infringer has developed relationships with the downstream customers and provides the patented product at a lower price and, the patented product is the core of the plaintiff's business. *See, e.g., TEK Global, S.R.L. v. Sealant Sys. Int'l Inc.*, 920 F.3d 777, 792 (Fed. Cir. 2019); *Metalcraft of Mayville Inc. v. The Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017); *Celcis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012).

---

[1] Terves has also presented evidence that would show that the market for its product "consists of only a few large customers," and therefore, "the loss of a single customer can have a devastating and irreparable impact on Terves." Ecometal, itself admits that four producers of fracking plugs a and balls, potential customers for Terves' billets, make up 72% of the entire market.

Ecometal argues that sales lost to an infringing product cannot irreparably harm a patentee if the demand for the product is not "tied to the intrinsic value of the patented feature," *Calico Brand, Inc. v. Ameritek Imps., Inc.*, 527 F.App'x 987, 996 (Fed. Cir. 2013), or if sales would be lost regardless of the infringing product. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1359-60 (Fed. Cir. 2013). However, Ecometal does not even attempt to tie this argument to its sale of the infringing dissolvable magnesium billets or balls. It focuses solely an alleged value in the specific design of fracking plugs sold not by Ecometal, but by MMP.

Ecometal's argument that neither Terves nor MMP is a top supplier of fracking plugs and balls has no relevance to whether Ecometal's sale of infringing material to such suppliers would be likely to cause Terves irreparable harm. First of all, the product Ecometal would be enjoined from selling is the dissolvable magnesium, or billets. Further, the fact that other infringers may remain in the marketplace, does not preclude a finding of irreparable harm should Ecometal continue to sell infringing products. *See, Robert Bosch LLC, Pylon Mfg. Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011). Ecometal's argument that the Court could force the parties into a licensing agreement fares no better. Terves has stated that it does not intend to license the product to Ecometal, and absent any desire to negotiate a licensing agreement, future sales by Ecometal would result in further infringement, further dilution of the market share, further expense in policing and enforcing Terves' patents, and further challenges to its customer relationships. Terves is not required to license its product. It is entitled to the benefit of exclusivity and exclusion, which is "a fundamental tenet of patent law." *Edwards Lifescience*, 699 F.3d at 1314 (quoting *Advanced Cardiovascular Sys. Medtronic Vascular, Inc.*, 579 F.Supp. 2d 554, 558 (D. Del. 2008)).

- 4 -

Finally, Ecometal argues that there is no risk of future irreparable harm because Defendants' shipments of infringing products have ceased and there is no intent to ship infringing material in the future. In their eyes, absent evidence of future infringement, a permanent injunction is not warranted. However, the issuance of a permanent injunction is intended to prevent future infringement. It cannot, therefore, be reliant on plaintiff's ability to present "evidence of future infringement." Further, neither Terves nor the Court should be expected to rely solely on the Defendants' unilateral promise that infringement will cease.

2. <u>Balance of Hardships</u>

The balance of hardships weighs strongly in favor of an injunction. Ecometal will not be unfairly prejudiced by an injunction preventing them from illegally infringing materials. Nick Yuan has indicated that he does not intend to sell this product in the future and that he also sells other non-infringing products. Further, he has no employees and no capital investments at stake. He simply imports the material into his home, and delivers its out to a single other downstream customer. Any reputational harm that might arise from the issuance of a permanent injunction is negligible considering that there is already a jury finding of infringement and a monetary judgment against him in connection with the same product.

On the other hand for all of the reasons set forth in the section above, Terves would suffer not only monetary but other irreparable harm if the infringing product continues to make its way into the marketplace. There was testimony at trial that the loss of sales and customers attributable to the availablity of the infringing product caused hardship to Terves and its employees. Terves had to

furlough and layoff employees in 2019 and 2020 due to reduced demand, and the equipment and manufacturing investments it made to increase production have remained underutilized.

### 3. Public Interest

The Federal Circuit has held that the "public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633, 647 (Fed. Cir. 2015). There is no evidence in this case of any countervailing factors. Terves has demonstrated that it has the capacity to supply Ecometal's and/or MMP's customers with the patented product and its derivatives. There is no reason to believe that the market, or the general public would be adversely affected in any way.

### B. Magnesium Machine LLP

Ecometal argues that any injunction issued should not properly include MMP, because MMP is not a party to this action. "[A]n injunction ordinarily cannot be imposed on a non-party that has not had the opportunity to contest its liability." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1397 (Fed. Cir. 1996). The Federal Circuit has allowed injunctions to stand against non-parties if they are "in active concert or participation" with the infringers, which has been interpreted to mean "assisting the enjoined party in violating the injunction." Injunctions against non-parties should not be issued to prevent alleged infringing activity that is independent of the conduct alleged against the named defendant. "If [the plaintiff] wishes to obtain permanent injunctive relief against [a non-party] based on their independent activities, it cannot do so by seeking an injunction against them in a case to which they are not parties; it must, instead, validly serve them and obtain an adjudication of infringement against them." *Additive Controls*, 96 F.3d at

1397. A court may, however, issue an injunction against a non-party to prohibit complicity with an enjoined infringer. *Id.*

There is evidence that MMP and Ecometal have an exclusivity agreement requiring Ecometal to sell the infringing product only to MMP, and allowing MMP to purchase this material only from Ecometal. The agreement also provides that MMP pay half of Ecometals defense fees in this case. MMP and Ecometal share the same attorneys, and Ecometal identified MMP as a "real party in interest" during the IPR proceedings at the U.S. Patent Office due to the nature of their exclusive relationship. Because of the nature of their relationship, MMP may be enjoined from participating or acting in concert with Ecometal to purchase or sell infringing product. It would not be appropriate, however, to enjoin MMP from any independent conduct, whether or not that conduct is alleged to constitute infringement.

There is insufficient evidence in this case to establish that a permanent injunction is warranted prohibiting the sale of any product (e.g., frac plug, ball, or other tool) manufactured from the Infringing Materials purchased from Ecometal prior to the judgment in this case. The jury in this case considered evidence including the value of the infringing materials and the MMP products manufactured from these materials, and were able to take these into account in formulating their judgment and award. Further, MMP has not had an opportunity to address the causal nexus requirement and it has not been determined whether other non-accused components of MMP's products might be the primary driver of its sales and market position. *See, Calico Brand, Inc. V. Ameritek Imps., Inc.*, 527 F. App'x 987, 996 (Fed. Cir. 2013); *Apple Inc.*, 735 F.3d at 1324. However, any future purchase of the infringing materials from Ecometal would constitute active participation in Ecometals' infringement, and is, therefore, subject to injunction.

For the reasons set forth above, the court hereby issues a permanent injunction against Ecometal Inc. and Nick Yuan, and their privies, assignees, officers, agents, attorneys, employees, representatives, principals, and associates, until the expiration of both the '653 and '740 Patents from: (1) importing, making, using, selling, and/or offering to sell any of the Infringing Materials, defined as AJM-006, AJM-010, AJM-012, AJM-016, AJM-017, AJM-018, and AJM-023, which the Court found infringing in its summary judgment ruling, whether or not those products maintain the same product numbers going forward; and, (2) importing, making, using, selling, and/or offering to sell any material that is covered by any of the Infringed Claims, defined as Claims 2, 3, 9, 14, 15, 18-20, 23, 26, 27, 30, 31, 34, 35, 38, 39, 42, 46, 47, 50, 52-54, 56-61, 64, 66, 67, and 76 of the '653 Patent and claims 3-5, 8-11, 13, 16, 17, 20-47, 51-69, 76-93, and 95-103 of the '740 Patent. Magnesium Machine LLC is also permanently enjoined from purchasing any infringing product, as defined above, from any of the Defendants, or from otherwise participating or acting in concert with Ecometal or Nick Yuan to violate the terms of this injunction.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date: July 20, 2022