UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERVES LLC, | ) | |
| | ) | Case No.    1:19-CV-1611 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| YUEYANG AEROSPACE NEW | ) | |
| MATERIALS CO., LTD., *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

This matter is before the court on the Plaintiff, Terves LLC's Motion to Enforce the Permanent Injunction. (ECF #222). Defendants filed an Opposition to the motion, and Plaintiff filed a Reply in support of its motion. (ECF # 223, 224). This issue is now ready for disposition.

Terves claims that Defendants Ecometal and Yuan made a sale of 100 tons of infringing material to Magnesium Machine LLC ("MMP") prior to the trial in this case. The judgment against the Defendants included damages Terves suffered as a result of the sale of this infringing material. Terves now seeks to prevent MMP, who is not a party to this action, from selling products it made using the purchased infringing material.

When issuing the injunction in this case, this Court held as follows:

> There is insufficient evidence in this case to establish that a permanent injunction is warranted prohibiting the sale of any product (e.g., frac plug, ball, or other tool) manufactured from the Infringing Materials purchased from Ecometal prior to the judgment in this case. The jury in this case considered evidence including the value of the infringing materials and the MMP products manufactured from these materials, and were able to take these into account in formulating their judgment and award. Further, MMP has not had an opportunity to address the causal nexus requirement and it has not been determined whether other non-accused components of MMP's products might be the primary driver of its sales and market position. *See, Calico Brand, Inc. V. Ameritek Imps., Inc.*, 527 F. App'x 987, 996 (Fed. Cir. 2013); *Apple Inc.*, 735 F.3d at 1324. However, any future purchase of the infringing materials from

Ecometal would constitute active participation in Ecometals' infringement, and is, therefore, subject to injunction.

Terves has not alleged that MMP has purchased any infringing materials post-judgment. That is the conduct prohibited by the permanent injunction. The conduct Terves cites as an alleged violation of the permanent injunction is conduct that this Court explicitly considered and excluded from the scope of the injunction. The Order in this case does not enjoin MMP from selling products made from infringing product it purchased prior to the trial in this case, therefore, even if it is selling such products it has not violated the injunction.

Terves alleges no violations of the injunction by the actual Defendants in this case. Rather, it claims that they have not yet paid the judgment in this case.[1] A Motion to Enforce Permanent Injunction is not a proper means to seek collection of a judgment. There are rules that Terves can utilize, if appropriate, to aid in the collection of judgment. Indeed, Terves has filed a Notice of Application for an order from the Ontario Superior Court of Justice to enforce the judgment against Ecometal and Mr. Yuan. (ECF #223, Ex. C). This motion is not a proper means of pursuing that end.

For the reasons set forth above, Terves' Motion to Enforce the Permanent Injunction (ECF #222) is DENIED. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date: November 9, 2022

---

[1] Despite Terves repeated attempts to conflate the legal liabilities of the Defendants and MMP, MMP is not a party to this action and is not liable for the judgment in this case.