IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERVES, LLC, ) | CASE NO. 1:19 CV 1611 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| YUEYANG AEROSPACE NEW ) | |
| MATERIALS CO., LTD., *et al.*, ) | |
| ) | |
| Defendants. ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| ) | |

This matter is before the Court on Plaintiff's Motion to Amend Protective Order. (ECF #229). Defendants filed an opposition to the motion, and Plaintiff filed a Reply in support of its request. (ECF # 233, 237). Plaintiff, Terves, LLC ("Terves") asks this Court for permission to use the infringement report of its technical expert, Dr. Lee Swanger, in a separate lawsuit it has filed in the Western District of Oklahoma. The report cites to documents that are currently designated as "Attorneys Eyes Only" or "Confidential" in the Protective Order that was entered in this case. (ECF #21).

## **LEGAL STANDARDS**

Courts have held that a party who seeks to modify a protective order bears the burden of establishing good cause for the modification. *See, e.g., Info-Hold, Inc. V. Muzak Holdings LLC*, No. 1:11-cv-283, 2012 WL 3061024, *3 (S.D. Ohio July 26, 2012). In determining whether there is good cause to order a modification, a court may consider, among other factors, whether the parties agreed to the original order, and whether the issue triggering the request for modification was foreseeable at the time the original order was drafted and adopted. *See, Premier Dealer Svcs., Inc., v. Allegiance Administrators, LLC*, No. 2:18-cv-735, 2021 WL 266327, at *2 (S.D. Ohio Jan. 27, 2021); *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, No. C-3-06-366, 2007 WL 756697, at *5 (S.D. Ohio Mar. 8, 2007).

Terves challenges the relevance of these cases but provides no independent legal support for its request.[1] The Protective Order itself, however, does give the Court the power to modify its terms, either sua sponte or upon request of a party. The Order dictates that any documents designated "Confidential" may "not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof." (ECF #21). Further, the parties are prohibited from disclosing to "any third-person or entity" any documents designated as

---

[1] Terves' only citation is to Fed. R. Civ. P. 1, which instructs that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Terves cites to no other Federal Rule that is applicable here and should be so construed. Further, even if Fed. R. Civ. P. 1 did create an independent general directive applicable to protective orders, Terves' request for modification has no bearing on the determination of the action and proceedings that are within this Court's jurisdiction. Therefore, Fed. R. Civ. P. 1 provides no authority for determining whether modification is appropriate.

"Attorneys Eyes Only, " except under limited circumstances. One of those circumstances is if others are authorized to see the materials "by written consent of the producing party," or "upon order of the Court, " and on "such conditions as may be agreed or ordered." (ECF #21; PageID 226-227). The Protective Order also provides that "[n]othing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial." (ECF #21, PageID 229). The protections remain in force after the entry of final judgment "[u]nless otherwise agreed or ordered." (ECF #21, PageID 229). Section 14 of the Protective Order also explicitly states that "[t]his Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter." (ECF #230). Though the terms of the Order make clear that the Court may order modifications, it provides no guidance on when modification might be appropriate.

## ANALYSIS

Defendants Ecometal, Inc. and Nick Yuan (collectively "Ecometal") agreed, in this case, to provide samples of their accused AJM products to Terves and its experts for testing. This agreement was conditioned on the imposition of a protective order that would limit disclosure of Terves' test results and related documents. After the Protective Order was issued, Ecometal asked Magnesium Machine LLC ("MMP") to send Terves samples of the accused from material from MMP's inventory. Terves had those materials tested and their expert, Dr. Swanger, created an infringement report that was designated as "Attorneys Eyes Only," and its disclosure and use was specifically limited to this litigation only.

This Court determined, based in part on Dr. Swanger's report, that certain of Ecometal's

AJM products infringed Terves' patent. Judgment was entered against Ecometal for past infringing sales of these products in the amount of $707,207, plus prejudgment interest, costs and fees. The Court issued a permanent injunction against Ecometal prohibiting the importation of, making of, use of, sale of, or offer to sell any of the Infringing Materials as defined in the Court's Order, or any of the materials covered by the Infringing Claims. The Court also enjoined MMP from purchasing any infringing product or from otherwise participating or acting in concert with the Ecometal Defendants to violate the terms of the injunction. (ECF #219).

Terves has now filed suit against MMP, Ecometal's former exclusive customer, to prevent further downstream sales of products made from the previously purchased infringing materials, as well as to prevent any future purchases of infringing materials. The Complaint alleges that MMP is selling infringing materials that it obtained prior to the issuance of the judgment in this case; and that MMP is continuing to purchase and sell infringing materials obtained from Ecometal subsequent to the judgment in this case, in violation of the injunctions issued by this Court. (ECF #237-2). Terves seeks modification of the Protective Order to allow it to use Dr. Swanger's expert report in its case against MMP. Terves argues that the samples provided in this case came from MMP's inventory and that disclosure in the Oklahoma case would not, therefore, significantly increase the scope of disclosure. The fact that MMP was in possession of the samples, however, does not mean that they were privy to the product make-up or the analysis performed by the experts in this case.

It is undisputed that the parties did agree to the Protective Order and all of its terms and restrictions. Further, MMP's involvement in the downstream sale of the infringing products was known from the start and could have been taken into account when the stipulated Order was

drafted. Ecometal also argues against Terves' use of the report in the new case, by claiming that it would not have agreed to produce the samples had the Protective Order not been adopted with all of the included protections and restrictions. This argument is not fully credible. This being a patent case, if the parties had not agreed to the Stipulated Protective Order it is likely that the Court would have nonetheless ordered Ecometal to provide the samples under some version of a protected order that this Court found sufficient.

Although both sides have factors that weigh in favor of their position, the burden of persuasion rests with the party seeking modification. Terves has not clearly demonstrated to this Court why the Dr. Swanger report is necessary to their prosecution of the Oklahoma case, especially considering the public availability of this Court's Summary Judgment determination of infringement. (ECF #178). That opinion specifically identifies which products provided by Ecometal to MMP, were found to infringe on which claims of the relevant Terves' Patents. Neither has Terves shown that Ecometal's privacy interest in the analysis and composition of its products, particularly the non-infringing elements of the provided materials would remain fully protected by merely filing the report under seal in the Oklahoma litigation.

For all of the above reasons, Plaintiff's Motion to Amend Protective Order is DENIED. (ECF #229). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 15, 2023